**UNITED STATES DIST RICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VINCENZO PECCARINO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GRAB HOLDINGS LIMITED, ANTHONY TAN, and PETER OEY, <br><br> Defendants. | Civil Action No. 1:22-cv-02189 <br><br> <u>CLASS ACTION</u> |
| SI FAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> GRAB HOLDINGS LIMITED, ANTHONY TAN, and PETER OEY, <br><br> Defendants. | Civil Action No. 1:22-cv-03277 <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF ARMAN AND RUJUN KNIGHT FOR APPOINTMENT AS LEAD PLAINTIFF,
APPROVAL OF THEIR SELECTION OF LEAD COUNSEL, AND
<u>CONSOLIDATION OF RELATED ACTIONS</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................... 1

FACTUAL BACKGROUND........................................................................................................ 2

ARGUMENT ............................................................................................................................... 4

    A.    Mr. and Mrs. Knight Are the Most Adequate Plaintiff.................................................... 5

        1.    Mr. and Mrs. Knight Believe They Have the Largest Financial Interest in the Relief Sought by the Class.................................................................................5

        2.    Mr. and Mrs. Knight Otherwise Satisfy the Requirements of Rule 23....................6

    B.    Mr. and Mrs. Knight Selected Well-Qualified Lead Counsel to Represent the Class..... 9

    C.    Consolidation of All Related Actions Is Warranted ...................................................... 10

CONCLUSION.......................................................................................................................... 10

i

# TABLE OF AUTHORITIES

## Cases

*Atanasio v. Tenaris S.A.*,
  331 F.R.D. 21 (E.D.N.Y. 2019) ............................................................................................ 8

*Batter v. Hecla Mining Co.*,
  No. 19-CV-05719 (ALC), 2020 WL 1444934 (S.D.N.Y. Mar. 25, 2020) ............................ 2, 8

*Chilton v. Chiumento Grp.*,
  365 F. App'x 298 (2d Cir. 2010) ........................................................................................ 5

*City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*,
  20-cv-9132 (AJN), 2021 WL 396343 (S.D.N.Y. Feb. 4, 2021) ............................................ 5

*Dura Pharmaceuticals, Inc. v. Broudo*,
  544 U.S. 336 (2005) ......................................................................................................... 2, 5

*Hom v. Vale, S.A.*,
  No. 1:15-CV-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ................................ 1

*In re McDermott Int'l, Inc. Sec. Litig.*,
  No. 08 CIV. 9943 (DC), 2009 WL 579502 (S.D.N.Y. Mar. 6, 2009) .................................. 8

*Johnson v. Celotex Corp.*,
  899 F.2d 1281 (2d Cir. 1990) ............................................................................................ 10

*Kaplan v. Gelfond*,
  240 F.R.D. 88, 91 (S.D.N.Y. 2007) .................................................................................... 10

*Lax v. First Merchants Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461035 (N.D. Ill. Aug. 11, 1997) .............................................. 6

*Sallustro v. CannaVest Corp.*,
  93 F. Supp. 3d 265 (S.D.N.Y. 2015) .................................................................................. 6

*Stitt v. On Deck Capital, Inc.*,
  No. 15 Civ. 6126 (AT), 2016 WL 889535 (S.D.N.Y. Feb. 17, 2016) .................................. 6, 7

## Statutes

15 U.S.C. § 78u .................................................................................................................. passim

17 C.F.R. § 240.10b-5 ........................................................................................................ 1

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................ 2, 6, 7

Fed. R. Civ. P. 42 .................................................................................................................. 10

Arman Aghaei Knight and Rujun Zheng Knight respectfully submit this memorandum of law in support of their motion: (1) to be appointed Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (2) for approval of their selection of Gibbs Law Group LLP as Lead Counsel for the Class; (3) for consolidation of all related securities class actions; and (4) for any such further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above-captioned securities class actions allege that Grab Holdings Limited ("Grab" or the "Company") and certain of its senior officers (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Specifically, the actions allege that from August 2, 2021, through March 3, 2022 (the "Class Period"), Defendants misrepresented and concealed that Grab's driver supply base had declined and that, as a result, Grab's financial performance would be adversely impacted as the Company "invest[ed] heavily" in financial incentives to lure drivers back.[1]

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class

---

[1] While the actions assert different class periods, "courts in this district have found it appropriate to rely on the more inclusive class [period] for determining lead plaintiff because it encompasses more potential class members." *Hom v. Vale, S.A.*, No. 1:15-CV-9539-GHW, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016).

representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). For the reasons set forth below, Mr. and Mrs. Knight are the "most adequate plaintiff" by virtue of, among other things, the $125,072.76 in losses they incurred on their investments in Grab securities during the Class Period, as assessed under the U.S. Supreme Court's ruling in *Dura v. Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).

Mr. and Mrs. Knight also satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the Class, and they will fairly and adequately represent the Class. Indeed, as set forth in the Declaration of Arman Aghaei Knight and Rujun Zheng Knight, Mr. and Mrs. Knight fully understand the Lead Plaintiff's obligations to the Class under the PSLRA and are willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee vigorous prosecution of this action. *See* Declaration of Javier Bleichmar ("Bleichmar Decl."), Ex. A. Mr. and Mrs. Knight have been married for a decade and are highly motivated to oversee counsel and ensure that the Class achieves the best possible result. *Id.* at ¶¶2, 6-8; *see also Batter v. Hecla Mining Co.*, No. 19-CV-05719 (ALC), 2020 WL 1444934, at *8 (S.D.N.Y. Mar. 25, 2020) (appointing group comprised of a father and two daughters and finding that because "they are not a group of 'unrelated investors' [they] therefore do not have to proffer evidence of cohesiveness"). Further, Mr. and Mrs. Knight have selected Gibbs Law Group, a law firm with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel for the Class. Accordingly, Mr. and Mrs. Knight respectfully request that the Court appoint them Lead Plaintiff and otherwise grant their motion.

## FACTUAL BACKGROUND

As alleged, Grab is the operator of a super-app—a self-contained commerce and communication online platform that provides users with food and package deliveries,

2

transportation services like ride sharing, and digital financial services such as lending, insurance, wealth management and telemedicine—in Southeast Asia.  ¶18.[2]

On August 2, 2021, the first day of the Class Period, Grab announced the Company's Q1 2021 results.  ¶21.  In a press release issued that day, Grab stated that "we continue to deliver strong growth, despite the ongoing impact of COVID-19 . . . and took strides towards profitability."  ¶21.  On November 12, 2021, Grab filed an amended Form F-4 reporting Grab's financial results for the third quarter 2021.  ¶23.  In the Form F-4, Grab stated that that "[d]uring the initial stages of growth, we offered significant incentives and promotions to attract platform consumers as well as incentives to attract driver- and merchant-partners, and conducted advertising activities to enhance our brand awareness."  However, "[g]oing forward, with increasing scale and synergies on our platform, we expect to enjoy economies of scale, which we expect will allow us to more efficiently and cost effectively acquire new platform consumers and engage existing consumers."  ¶26.  Grab further stated that another "Key Factor[]" for its business was its "ability to continue to reduce driver- and merchant-partner consumer incentives."   ¶27 (emphasis removed).

These statements were materially false and misleading. In truth, as alleged, Grab had experienced an erosion in its driver supply base at the time these statements were made and planned to—if not having done so already—increase (rather than reduce) driver and consumer initiatives. This erosion in the driver supply base dented the Company's revenue and earnings growth.  ¶30.

On March 3, 2022, Grab announced a $1.1 billion loss for Q4 2021, and disclosed that its revenue for the quarter had declined 44% year-over-year. ¶31.  During a conference call held that

---

[2] All citations to ¶__ refer to the complaint filed by Si Fan, *Fan v. Grab Holdings Limited*, No. 1:22-cv-03277 (S.D.N.Y.), ECF No. 1.

day, Grab Chief Executive Officer Anthony Tan revealed that a leading cause for Grab's decline in revenue was that its "driver supply base moderated down amid lower mobility demand in the third quarter" and, as a result, Grab was forced to "invest heavily" in driver initiatives in order to "pull drivers back." ¶¶30-32. Grab Chief Financial Officer, Peter Oey, further revealed that it would take one or two quarters "to get that equilibrium between drivers and riders, between supply and demand" under control. ¶33.

On this news, the price of Grab stock fell $1.95 per share, or approximately 37%, from $5.23 per share on March 2, 2022, to $3.28 per share at the close of trading on March 3, 2022, on unusually heavy trading volume. ¶34.

## ARGUMENT

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On March 16, 2022, Plaintiff Vincenzo Peccarino filed the first complaint in this action. ECF No. 1 at ¶1. On the same day, counsel for Peccarino published a notice on *Business Wire*, which alerted investors to the pendency of the action and set the deadline to move to be appointed Lead Plaintiff on May 16, 2022. *See* Bleichmar Decl. Ex. B.

On April 21, 2022, Plaintiff Si Fan filed a substantially similar complaint against the Defendants in this District which expanded the beginning of the Class Period from November 12, 2021, to August 2, 2021. *Fan v. Grab Holdings Limited*, No. 1:22-cv-03277 (S.D.N.Y.) ("*Fan*"), ECF No. 1 at ¶1. Also on April 21, 2022, counsel for Fan published a notice on *GlobeNewswire* alerting investors to the expanded Class Period, and reminding them of the deadline on May 16, 2022, to seek to serve as Lead Plaintiff. *See* Bleichmar Decl. Ex. C.

4

Accordingly, Mr. and Mrs. Knight satisfy the PSLRA's 60-day requirement through the filing of this motion.

## A.     Mr. and Mrs. Knight Are the Most Adequate Plaintiff

Mr. and Mrs. Knight respectfully submit that they are entitled to be appointed Lead Plaintiff because they are the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Chilton v. Chiumento Grp.*, 365 F. App'x 298, 299 (2d Cir. 2010) (discussing qualifications for Lead Plaintiff presumption).

### 1.     Mr. and Mrs. Knight Believe They Have the Largest Financial Interest in the Relief Sought by the Class

Mr. and Mrs. Knight believe that they have the largest financial interest in the relief sought by the class and thus should be appointed Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Mr. and Mrs. Knight incurred a recoverable loss of $125,072.76 from their investments in Grab securities during the Class Period as assessed under the Supreme Court's ruling in *Dura*. "Though *Dura* concerned a motion to dismiss a securities class action, courts [in this District] nonetheless apply *Dura* when considering the financial interest for the purposes of appointing a lead plaintiff." *City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, 20-cv-9132 (AJN), 2021 WL 396343, at *3 (S.D.N.Y. Feb. 4, 2021) (collecting cases). This is because "courts should consider only those losses that will actually be recoverable in the class action . . . and make determinations of largest financial interest only based on the facts alleged in the complaint." *Id.* (quotations omitted).

5

Courts in this district also often rely on the "last in, first out" or "LIFO" method to determine the movant with the largest financial interest, while a small minority consider the "first in, first out" or "FIFO" method. *See Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 270 & n.5 (S.D.N.Y. 2015). Under both the LIFO and FIFO methodologies Mr. and Mrs. Knight also incurred a loss of $125,072.76 on their investments in Grab securities.[3]

To the best of Mr. and Mrs. Knight's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in this litigation.[4] Accordingly, Mr. and Mrs. Knight believe that they have the largest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**2.      Mr. and Mrs. Knight Otherwise Satisfy the Requirements of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, Mr. and Mrs. Knight otherwise satisfy the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, the movant must make "a preliminary showing" that it satisfies the adequacy and typicality requirements of Rule 23. *Stitt v. On Deck Capital, Inc.*, No. 15 Civ. 6126 (AT), 2016 WL 889535, at *2 (S.D.N.Y. Feb. 17, 2016) (citation omitted). Here, Mr. and Mrs. Knight unquestionably satisfy both requirements.

---

[3] In addition to losses, courts often consider various other metrics, typically referred to as "*Lax* factors," to further analyze a movant's financial interest when warranted. *See Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997) (identifying (1) total number of shares purchased; (2) number of net shares purchased; (3) total net funds expended; and (4) approximate losses suffered, as four factors for courts to consider when determining the largest financial interest).

[4] Mr. and Mrs. Knight's PSLRA-required Certifications are attached as Exhibit D to the Bleichmar Decl. Charts setting forth calculations of Mr. and Mrs. Knight's financial interest are attached as Exhibit E to the Bleichmar Decl. Mr. and Mrs. Knight's PSLRA certifications and loss calculations provide all the trading information necessary to calculate their financial interest under all possible metrics and does not presuppose that there is only one valid methodology.

Mr. and Mrs. Knight's claims are typical of the claims of other purchasers of Grab securities. Typicality is satisfied when each Class member's claims "arise from the same course of events, and the other class members make similar legal arguments to prove liability." *Id.* Here, Mr. and Mrs. Knight's and all other Class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical. Like all other Class members, Mr. and Mrs. Knight: (1) purchased Grab securities during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were damaged as a result. *Id.* at *3 (typicality satisfied when movant "claims that [defendant] issued false and misleading statements that caused the company's shares to trade at an artificially inflated price [and] claims arise from the same course of conduct affecting each member of the proposed class"). As such, Mr. and Mrs. Knight are typical Class representatives.

Mr. and Mrs. Knight likewise satisfy the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In order for the interests of the Class to be fairly and adequately represented, a Lead Plaintiff must not have interests that are antagonistic to the Class that it seeks to represent, must have a sufficient interest in the outcome of the case to ensure vigorous advocacy, and must retain counsel that is capable and qualified to vigorously represent the interests of the Class. *See On Deck Capital*, 2016 WL 889535, at *2. Mr. and Mrs. Knight satisfy these elements because their substantial financial stake in the litigation provides the ability and incentive to vigorously represent the Class's claims. Mr. and Mrs. Knight's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Mr. and Mrs. Knight and other Class members.

7

Indeed, Mr. and Mrs. Knight are well-aware of the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel and submitted a sworn declaration as to their willingness and ability to fulfill those duties. *See* Bleichmar Decl., Ex. A. Mr. and Mrs. Knight also provided information concerning their *bona fides* to the Court demonstrating that they are more than capable of overseeing this action. *Id.* at ¶¶3-5. Mr. and Mrs. Knight are both experienced investors, who have actively invested in the stock market for more than a decade, and both have experience overseeing employees during the course of their careers. *Id.*

Moreover, Mr. and Mrs. Knight established that they are a cohesive, closely related group of investors with a longstanding preexisting relationship—a married couple for roughly a decade—that is able to function separate and apart from their lawyers to ensure the litigation is prosecuted in the best interests of the Class. *Id* at ¶2.

The PSLRA expressly states that a "group of persons" is eligible to serve as Lead Plaintiff, 15 U.S.C. § 78u-4(a)(3)(B)(iii), and courts in the Second Circuit have appointed as Lead Plaintiff small groups of investors that share a preexisting relationship and have a substantial financial stake in the litigation, such as Mr. and Mrs. Knight. *See Hecla Mining Co.*, 2020 WL 1444934, at *8 (appointing group comprised of a father and two daughters and finding that because "they are not a group of 'unrelated investors' [they] therefore do not have to proffer evidence of cohesiveness"); *In re McDermott Int'l, Inc. Sec. Litig.*, No. 08 CIV. 9943 (DC), 2009 WL 579502, at *4 (S.D.N.Y. Mar. 6, 2009) (appointing group comprised of married couple and son because "[a]s family members, they may be properly considered a 'group of persons' permitted by the PSLRA to be appointed lead plaintiff"); *see also Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 24 n. 2 (E.D.N.Y. 2019) (explaining that a married couple is an appropriate group under the PSLRA).

8

Further, Mr. and Mrs. Knight have demonstrated their adequacy through their selection of Gibbs Law Group as Lead Counsel to represent the Class in this action. As discussed more fully below, Gibbs Law Group is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

**B.       Mr. and Mrs. Knight Selected Well-Qualified Lead Counsel to Represent the Class**

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Gibbs Law Group is highly experienced in prosecuting complex litigation generally and securities and other financial litigation in particular. The firm and its lawyers have developed a reputation for excellence among courts nationwide and have achieved highly favorable resolutions in securities and other financial fraud class actions. *See* Gibbs Law Group Firm Resume, attached as Ex. E to the Bleichmar Decl. (listing the firm's relevant experience including in *In re Peregrine Fin. Group Customer Litig.*, No. 12-cv-5546 (N.D. Ill.) (resolutions delivered more than $75 million to investors); *In re Chase Bank USA, N.A. "Check Loan" Contract Litigation*, No. 09-2032 (N.D. Cal). (recovered $100 million); *Roth v. Aon Corp.*, No. 04-cv-06835 (N.D. Ill.) ($30 million); and *Deora v. NantHealth*, No. 2:17-cv-1825 (C.D. Cal.) ($16.5 million)).

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Mr. and Mrs. Knight's selection of Gibbs Law Group as Lead Counsel for the Class.

### C.    Consolidation of All Related Actions Is Warranted

There are two related actions pending in this District against Defendants:

| Case | Civil No. | Date Filed |
|---|---|---|
| *Peccarino v. Grab Holdings Limited* | 1:22-cv-02189 | March 16, 2022 |
| *Fan v. Grab Holdings Limited* | 1:22-cv-3277 | April 21, 2022 |

These actions present substantially similar factual and legal issues because they each allege claims under Sections 10(b) and 20(a) of the Exchange Act, against identical defendants, relating to substantially similar periods of time, and are premised on similar types of misstatements regarding Grab's driver supply shortage and increased driver incentives.

Rule 42(a) permits a district court to consolidate actions before the court "when actions involve[e] a common question of law or fact."  District courts "have broad discretion to determine whether to consolidate actions, and in making this determination, [] are to consider whether judicial economy favors consolidation."  *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)).  While *Peccarino* starts the class period on a different day than *Fan,* this difference does not render consolidation inappropriate because such "differences do not outweigh the interests of judicial economy served by consolidation."  *Id.* ("Despite the different start dates for the class period, we believe that consolidation is appropriate here.  At the outset, we note that all the movants support consolidation and that no party objects, a consideration which weighs heavily against the potential for prejudice.").

**CONCLUSION**

For the reasons discussed above, Mr. and Mrs. Knight respectfully request that the Court: (1) appoint them to serve as Lead Plaintiff; (2) approve their selection of Gibbs Law Group for the

10

Class; (3) consolidate all related securities class actions; and (4) grant any such further relief as the Court may deem just and proper.

Dated:  May 16, 2022

Respectfully Submitted,

*/s/ Javier Bleichmar*
Javier Bleichmar
**BLEICHMAR FONTI & AULD LLP**
7 Times Square, 27th Floor
New York, New York 10036
Telephone: (212) 789-1340
Facsimile: (212) 205-3960
jbleichmar@bfalaw.com

*Local Counsel for Proposed Lead Plaintiff Arman Aghaei Knight and Rujun Zheng Knight*

David Stein (*pro hac vice forthcoming*)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
ds@classlawgroup.com

*Counsel for Proposed Lead Plaintiff Arman Aghaei Knight and Rujun Zheng Knight and Proposed Lead Counsel for the Class*

11