**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VINCENZO PECCARINO, Individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>GRAB HOLDINGS LIMITED, ANTHONY TAN, and PETER OEY,<br><br>   Defendants. | Case No.: 1:22-cv-02189-VM<br><br>Hon. Victor Marrero |
| SI FAN, Individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>GRAB HOLDINGS LIMITED, ANTHONY TAN, and PETER OEY,<br><br>   Defendants. | Case No.: 1:22-cv-03277-VM<br><br>Hon. Victor Marrero |

**MEMORANDUM OF LAW IN SUPPORT OF SLG CLOUDBANK HOLDINGS, LLC'S MOTION FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

**Page**

I.      FACTUAL BACKGROUND................................................................................ 2

II.     PROCEDURAL HISTORY................................................................................ 3

III.    ARGUMENT ...................................................................................................... 3

    A.      Appointing SLG as Lead Plaintiff Is Appropriate ............................................. 5

        1.    SLG Filed a Timely Motion. ...................................................................... 6

        2.    SLG Has the Largest Financial Interest in the Relief Sought. ................... 6

        3.    SLG Satisfies the Relevant Requirements of Rule 23................................. 7

            a.      SLG's Claims Are Typical................................................................. 8

            b.      SLG Is An Adequate Representative. ................................................ 8

    B.      Approving SLG's Choice of Counsel Is Appropriate........................................ 9

IV.     CONCLUSION ................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ............................................................................ 6, 7

*In re Cendant Corp.,*
264 F.3d 201 (3d Cir. 2001) ............................................................................................. 9

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ...................................................................................... 8

*In re Coinbase Global Securities Litigation,*
No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021) ..................................... 10

*Daniels Family 2001 v. Las Vegas Sands Corp.,*
2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) ....................................................... 10

*Deinnocentis v. Dropbox, Inc.,*
2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) ............................................... 10

*Ferrari v. Impath, Inc.,*
2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ................................................ 4

*Ferreira v. Funko, Inc.,*
No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515 (C.D. Cal. June 11,
2020) ................................................................................................................................ 1

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015) ........... 7, 8

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) ..................................................................................... 7

*In re Hebron Tech. Co. Sec. Litig.,*
C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480 (S.D.N.Y. Sep. 16, 2020) .......... 6

*Hom v. Vale, S.A.,*
2016 U.S. Dist. LEXIS 28863 (S.D.N.Y. Mar. 7, 2016) ................................................. 1

*Jiang v. BlueCity Holdings Limited, et al.,*
No. 1:21-cv-04044-CLP (E.D.N.Y. Dec. 22, 2021) ........................................................ 9

*Johnson v. Celotex Corp.,*
899 F.2d 1281 (2d Cir. 1990) .......................................................................................... 4

ii

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
No. 1:08-cv-7281-JFK, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) .................................. 8

*Malriat v. Quantumscape Corp.*,
2021 U.S. Dist. LEXIS 76914 (N.D. Cal. April 20, 2021) ..................................................... 10

*Martingano v. Am. Int'l Grp., Inc.,*
Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855 (E.D.N.Y. July 11, 2006)............. 4

*Snyder v. Baozun Inc.,*
2020 U.S. Dist. LEXIS 163967 (S.D.N.Y. Sept. 8, 2020)....................................................... 10

*Subramanian v. Watford, et. al.*,
2021 U.S. Dist. LEXIS 81823 (D. Colo. April 29, 2021)....................................................... 10

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011)................... 8

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) ........................................................................................... 4

*White Pine Invs. v. CVR Ref.,*
2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021)........................................................... 10

**Statutes**

15 U.S.C. § 78u-4 ...........................................................................................................*passim*

**Rules**

FED. R. CIV. P. 23................................................................................................... 1, 5, 7, 8

Fed. R. Civ. P. 42(a) ............................................................................................................ 4

SLG Cloudbank Holdings, LLC ("SLG") respectfully submits this memorandum of law in support of its motion ("Motion") to consolidate the above-captioned related actions (the "Actions"), appoint it as lead plaintiff, and approve its selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of persons and entities that purchased or otherwise acquired Grab Holdings Limited ("Grab" or the "Company") securities between August 2, 2021 and March 3, 2022, inclusive (the "Class" who purchased during the "Class Period")[1], concerning claims under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5), against Defendants Grab, Anthony Tan ("Tan"), and Peter Oey ("Oey"), (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. SLG believes that it is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the

---

[1] The action entitled *Peccarino v. Grab Holdings Limited, et. al.,* Case No. 1:22-cv-02189-VM (the "*Peccarino* Action") defines the Class Period as November 12, 2021 through March 3, 2022, inclusive. The action styled *Fan v. Grab Holdings Limited, et al.,* Case No. 1:22-cv-03277-VM (the "*Fan* Action") defines the Class Period as August 2, 2021 through March 3, 2022, inclusive. Without prejudice and for the purposes of this motion only, SLG's motion utilizes the Class Period defined in the *Fan* Action. *See e.g. Ferreira v. Funko, Inc.,* No. 2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *3 n.2 (C.D. Cal. June 11, 2020); *Hom v. Vale, S.A.,* 2016 U.S. Dist. LEXIS 28863, at *10 (S.D.N.Y. Mar. 7, 2016) ("[T]he Court finds that the use of the longer, more inclusive class period is proper . . . because the longer class period encompasses more potential class members and damages.").

substantial financial losses it suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, SLG satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the Class. In addition, SLG's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Actions.

## I.      FACTUAL BACKGROUND[2]

Grab offers a super-app that operates primarily across the deliveries, mobility, and digital financial services sectors in Southeast Asia. ¶ 2. The Company became a public entity via a business combination with Altimeter Growth Corp., a special purpose acquisition company on December 1, 2021. ¶ 3.

Between late 2019 and early 2020, a novel strain of the coronavirus disease, commonly referred to as COVID-19, became an ongoing global pandemic, with the outbreak first identified in Wuhan, China, in December 2019. *Fan* ¶ 4. The virus quickly spread to other countries, including the U.S., prompting state, federal, and private parties to enact various health and safety measures to halt the spread of the disease, which has since claimed millions of lives.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. ¶ 6. Specifically, Defendants failed to disclose to investors: (1) that Grab's driver supply declined during the third quarter; (2) that, as a result, Grab continued to invest

---

[2] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Peccarino* Complaint") filed in the *Peccarino* Action. Citations to "*Fan* ¶ __" are to paragraphs of the Class Action Complaint (the "*Fan* Complaint") filed in the *Fan* Action. Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Peccarino* and *Fan* Complaints. The facts set forth in the *Peccarino* and *Fan* Complaints are incorporated herein by reference.

heavily in driver and consumer incentives to "preemptively recalibrate driver supply"; (3) that, as a result, the Company's financial results would be adversely impacted, including, among other things, a significant decline in revenue; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

At 7:01 a.m. Eastern on March 3, 2022, the Company disclosed that its fourth quarter revenues had declined 44% from the previous quarter and reported a $1.1 billion loss for the quarter. ¶ 4. Grab's Chief Financial Officer attributed the poor financial results to "invest[ing] heavily" in driver incentives and stated that it would take one or two quarters "to get that equilibrium between drivers and riders, between supply and demand." *Id.*

In response to this news, Grab's stock price declined 37.3%, or $1.95, to close on March 3, 2022 at $3.28 per share, on unusually heavy trading volume. *Fan* ¶ 7.

## II.      PROCEDURAL HISTORY

Pending before this Court are the above-captioned Actions against the Defendants. Plaintiff Vincenzo Peccarino ("Peccarino") commenced the first-filed action on March 16, 2022. On that same day, counsel acting on Peccarino's behalf published a notice on *Business Wire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of SLG's Motion ("Apton Decl.").

On April 21, 2022, a substantially similar action was filed against Grab in this Court, the *Fan* Action which expanded the Class Period. SLG has requested consolidation of the *Peccarino* and *Fan* Actions.

## III.     ARGUMENT

The PSLRA provides that "[i]f more than one action on behalf of a class asserting

substantially the same claim or claims arising under this [sub-]chapter have been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id*.

Under the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). "[C]ourts have taken the view that considerations of judicial economy favor consolidation." *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990)). Consolidation is particularly appropriate in securities class action litigation. *See Martingano v. Am. Int'l Grp., Inc.,* Nos. 06-cv-1625-JG-JMA, 2006 U.S. Dist. LEXIS 47855, at *3-5 (E.D.N.Y. July 11, 2006) (citing *Ferrari v. Impath, Inc.,* 2004 U.S. Dist. LEXIS 13898, at *2 (S.D.N.Y. July 15, 2004)) ("In securities class action cases…courts have deemed consolidation particularly appropriate where the actions are based on the same public statements and reports, if there are common questions of law and fact and [if] the defendant will not be prejudiced…" (citation and quotations omitted)); Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements.

The Actions present similar factual and legal issues, as they all involve the same subject matter and are based on the same wrongful course of conduct. The Actions name substantially the same parties as defendants. Because they arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate. *See Celotex Corp.*, 899 F.2d at 1285.

### A.    Appointing SLG as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, SLG satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. SLG has, to the best of its knowledge, the largest financial interest in this litigation—having lost $ 1,473,605.97 as a result of its transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B

5

to Apton Decl. In addition, SLG is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, SLG respectfully submits that it should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.   SLG Filed a Timely Motion.

On March 16, 2022, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Peccarino published the Press Release on *Business Wire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Grab securities that they had 60 days from the publication of the March 16, 2022 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *In re Hebron Tech. Co. Sec. Litig.,* C.A. No. 1:20-cv-4450-PAE, 2020 US Dist LEXIS 169480, at *6 (S.D.N.Y. Sep. 16, 2020) (finding that a notice published on *Business Wire* satisfied Rule 23).

SLG timely filed its motion within the 60-day period following publication of the March 16, 2022 Press Release and submitted herewith a sworn certification attaching its transactions in Grab securities and attesting that it is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, SLG satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.   SLG Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, SLG believes that it has the largest financial interest among Class members who filed timely applications for

appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

SLG acquired Grab securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, SLG suffered an approximate loss of $1,473,605.97. *See* Apton Decl., Ex. B. SLG is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, SLG believes that it has the "largest financial interest in the relief sought by the Class." Thus, SLG satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.    SLG Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead

plaintiff stage of the litigation, SLG need only make a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. *Id*. at *6.

### a.   SLG's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

SLG's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, SLG alleges that Defendants' material misstatements and omissions concerning Grab's business, operations, and prospects violated the federal securities laws. SLG, like all members of the Class, purchased or otherwise acquired Grab securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at *12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, SLG's interests and claims are "typical" of the interests and claims of the Class.

### b.   SLG Is an Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). SLG has demonstrated its adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources

and expertise to efficiently prosecute the Actions, and SLG's financial losses ensure that it has sufficient incentive to ensure the vigorous advocacy of the Actions. *See* Apton Decl., Ex. B. SLG is not aware that any conflict exists between its claims and those asserted on behalf of the Class.

Moreover, SLG is an investment holding company that operates for the benefit of its members. SLG is based in Winter Park, Florida and has been in business since 2018. Further, SLG's manager, Melisa Stutz, is more than qualified to serve as SLG's representative, as she has a bachelor's degree in accounting and financial services and has experience overseeing attorneys in her capacity as manager for SLG. SLG also negotiated a competitive fee agreement with counsel for the benefit of the Class. Therefore, as demonstrated, SLG will prosecute the Actions vigorously on behalf of the Class. *See* Apton Decl., Ex. D, SLG Declaration. Accordingly, SLG meets the adequacy requirement of Rule 23.

### B.      Approving SLG's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, SLG has selected Levi & Korsinsky to pursue this litigation on its behalf and has retained the firm as the Class' Lead Counsel in the event it is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. E. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Jiang v. BlueCity Holdings Limited, et al.*, No.

9

1:21-cv-04044-CLP, Dkt. No. 16 (E.D.N.Y. Dec. 22, 2021); *In re Coinbase Global Securities Litigation,* No. 3:21-cv-05634-VC, Dkt. No. 87 (N.D. Cal. Nov. 5, 2021); *Subramanian v. Watford, et. al.*, 2021 U.S. Dist. LEXIS 81823, at *10 (D. Colo. April 29, 2021) (appointing Levi & Korsinsky noting they are "qualified, experienced, and able to vigorously conduct the proposed litigation."); *Malriat v. Quantumscape Corp.*, 2021 U.S. Dist. LEXIS 76914, at *21 (N.D. Cal. April 20, 2021); *Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S. Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Snyder v. Baozun Inc.,* 2020 U.S. Dist. LEXIS 163967, at *11 (S.D.N.Y. Sept. 8, 2020) appointing Levi & Korsinsky noting the firm has "obtained numerous favorable judgments for clients in these past representations". Thus, the Court may rest assured that by granting SLG's motion, the Class will receive the highest caliber of legal representation possible.

## IV.    CONCLUSION

For the foregoing reasons, SLG respectfully requests that the Court grant its Motion and enter an Order: (1) consolidating the Actions, (2) appointing SLG as Lead Plaintiff, (3) approving its selection of Levi & Korsinsky as Lead Counsel for the Class, and (4) granting such other relief as the Court may deem just and proper.

*[Signature on Following Page]*

Dated: May 16, 2022                          Respectfully Submitted,

                                             **LEVI & KORSINSKY, LLP**

                                             By: */s/ Adam M. Apton*
                                             Adam M. Apton (AS-8383)
                                             55 Broadway, 10th Floor
                                             New York, NY 10006
                                             Tel: (212) 363-7500
                                             Fax: (212) 363-7171
                                             Email: aapton@zlk.com

                                             *Lead Counsel for SLG Cloudbank Holdings,*
                                             *LLC and [Proposed] Lead Counsel for the*
                                             *Class*

11