**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| VINCENZO PECCARINO, Individually and On Behalf of All Others Similarly Situated, <br><br>            Plaintiff, <br><br>     v. <br><br> GRAB HOLDINGS LIMITED, ANTHONY TAN, and PETER OEY, <br><br>            Defendants. | Case No. 1:22-cv-02189-VM |
| SI FAN, Individually and On Behalf of All Others Similarly Situated, <br><br>            Plaintiff, <br><br>     v. <br><br> GRAB HOLDINGS LIMITED, ANTHONY TAN, and PETER OEY, <br><br>            Defendants. | Case No. 1:22-cv-03277-VM |

**MEMORANDUM OF LAW IN SUPPORT OF 121 SUPPORT, INC.'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

121 Support, Inc. ("121 Support")[1] respectfully submits this memorandum of law in support of its motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing 121 Support as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving 121 Support's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of all persons or entities that purchased or otherwise acquired Grab Holdings Limited ("Grab" or the "Company") securities between November 12, 2021 and March 3, 2022, both dates inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the most adequate plaintiff—*i.e.* the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. The PSLRA also provides a presumption that the movant with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff."

121 Support believes that it is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on its financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, 121 Support satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as its claims are typical of other class members' claims and it is committed to fairly

---

[1] Christopher Johns is the CEO, sole director, and sole shareholder of 121 Support. Mr. Johns resides in Los Angeles, California. He is the Founder and CEO of SupportSave and graduated in 2008 from the Asian Institute of Management. Mr. Johns has been managing his own investments for more than 10 years.

and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, 121 Support respectfully submits that it is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, 121 Support's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND[2]

Grab offers a superapp that operates primarily across the deliveries, mobility, and digital financial services sectors in Southeast Asia.

The complaint filed in this action alleges that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies by failing to disclose: (1) that Grab's driver supply declined during the third quarter; (2) that, as a result, Grab continued to invest heavily in driver and consumer incentives to "preemptively recalibrate driver supply"; (3) that, as a result, the Company's financial results would be adversely impacted, including, among other things, a significant decline in revenue; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On March 3, 2022, at 7:01 a.m. Eastern, Grab disclosed that its fourth quarter revenues had declined 44% from the previous quarter and reported a $1.1 billion loss for the quarter. Grab's Chief Financial Officer attributed the poor financial results to "invest[ing] heavily" in driver incentives and stated that it would take one or two quarters "to get that equilibrium

---

[2] This section is adapted from the complaint in the first-filed action.

between drivers and riders, between supply and demand." During a conference call held in connection with its fourth quarter results, Defendant Anthony Tan stated "our driver supply base moderated down amid lower mobility demand in the third quarter" and that "we're investing to pull drivers back even as we continue to find ways to increase your productivity on our platform."

On this news, the Company's stock price fell $2.04, or 37.3%, to close at $3.28 per share on March 3, 2022, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the class members have suffered significant losses and damages.

## III.    PROCEDURAL BACKGROUND

On March 16, 2022, Plaintiff Vincenzo Peccarino commenced a securities class action against Grab and certain of its officers captioned *Peccarino v. Grab Holdings Limited et al*, Case No. 1:22-cv-02189 (the "*Peccarino* Action"). It was brought pursuant to the Exchange Act on behalf of acquirers of Grab securities between November 12, 2021 and March 3, 2022 (the Class Period).

On April 21, 2022, Plaintiff Si Fan filed a related lawsuit, captioned *Fan v. Grab Holdings Limited, et al*, Case No. 1:22-cv-03277 (the "*Fan* Action," and with the *Peccarino* Action, the "Related Actions"). It is brought pursuant to the Exchange Act on behalf of acquirers of Grab securities between ***August 2, 2021*** and March 3, 2022.

The *Peccarino* Action class period begins with the announcement of Grab's third quarter 2021 results. This is because the theory of the fraud in this case relates to Grab's non-disclosure that Grab's driver supply declined during the third quarter which was having negative impacts on Grab's business. The *Fan* Action class period begins with the disclosure of Grab's first quarter

3

2021 financial results. Given the fraud alleged in the complaints relates to the third quarter, 121

Support submits that November 12, 2021 is the proper class period start date.

## IV.    ARGUMENT

### A.    The Related Actions Should be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions

involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d

Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve

the same subject matter and present the same legal issues. Each action alleges violations of the

Exchange Act, each presents the same or similar theories for recovery, and each is based on the

same allegedly wrongful course of conduct. Because these actions arise from the same facts and

circumstances and involve the same subject matter, consolidation of these cases under Federal

Rule of Civil Procedure 42(a) is appropriate. *See Pipefitters Local No. 636 Defined Ben Plan v.

Bank of America Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011) (Consolidation is appropriate "if

the cases present sufficiently common questions of fact and law, and the differences do not

outweigh the interests of judicial economy served by consolidation.").

### B.    121 Support Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought

under the federal securities laws. The PSLRA directs courts to consider any motion to serve as

lead plaintiff filed by class members in response to a published notice of class action by the later

of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the

Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA

provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most

capable of adequately representing the interests of the class—is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, 121 Support satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. 121 Support has, to the best of its knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, 121 Support is not aware of any unique defenses Defendants could raise against it that would render it inadequate to represent the class. Accordingly, 121 Support respectfully submits that it should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.     121 Support Filed a Timely Motion

121 Support has made a timely motion in response to a PSLRA early notice. On March 16, 2022, notice was published in connection with this action. *See* Declaration of Gregory B. Linkh ("Linkh Decl.") Ex. A. Therefore, 121 Support had sixty days (*i.e.*, until May 16, 2022) to file a motion to be appointed as lead plaintiff. As a purchaser of Grab securities during the Class Period 121 Support is a member of the proposed class and has hereby timely filed a motion for

5

appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in its PSLRA certification, 121 Support attests that it has reviewed the complaint, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, 121 Support satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    121 Support Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, 121 Support believes that it has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

121 Support purchased Grab securities during the Class Period, and as a result, suffered financial harm. *See* Linkh Decl., Ex. C (evidencing a loss of $421,733.71). To the best of its knowledge, 121 Support is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, 121 Support believes it has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3.    121 Support Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23

of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc.* 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at \*5 (S.D.N.Y. Nov. 24, 2008).

### a)    121 Support's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at \*4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

121 Support's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, 121 Support alleges that Defendants' material misstatements and omissions concerning Grab's business, operations, and financial prospects violated the federal securities laws. 121 Support, like all members of the class, purchased Grab securities in reliance on Defendants' alleged misstatements and omissions and was damaged thereby.

7

Accordingly, 121 Support's interests and claims are "typical" of the interests and claims of the class.

### b)    121 Support Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

121 Support has demonstrated its adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and its financial losses ensure that it has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. 121 Support is also not aware of any conflict between its claims and those asserted on behalf of the class. As such, there 121 Support is adequate to represent the class.

### C.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, 121 Support has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on its behalf and will retain the firm as the class's lead counsel in the event it is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## V.    CONCLUSION

For the foregoing reasons, 121 Support, Inc. respectfully requests that the Court grant its Motion and enter an Order (1) consolidating the Related Actions; (2) appointing 121 Support as Lead Plaintiff; (3) approving its selection of Glancy Prongay & Murray LLP as Lead Counsel for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: May 16, 2022                              **GLANCY PRONGAY & MURRAY LLP**

By:   _/s/ Gregory B. Linkh_
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for 121 Support, Inc. and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*

9

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On May 16, 2022, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Southern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 16, 2022, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh