UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| VINCENZO PECCARINO, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>         vs.<br><br>GRAB HOLDINGS LIMITED, ANTHONY TAN, and PETER OEY,<br><br>                              Defendants. | Civil Action No. 1:22-cv-02189-VM<br><br>CLASS ACTION |
| SI FAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>         vs.<br><br>GRAB HOLDINGS LIMITED, ANTHONY TAN, and PETER OEY,<br><br>                              Defendants. | Civil Action No. 1:22-cv-03277-VM<br><br>CLASS ACTION |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF
RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4856-7231-4400.v1

## I.    INTRODUCTION

The above-captioned cases are putative securities class actions on behalf of purchasers of Grab Holdings Limited ("Grab" or the "Company") securities against defendants for purported violations of the Securities Exchange Act of 1934 (the "1934 Act").[1]  Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve nearly identical legal and factual issues.

Additionally, the PSLRA states that the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Sanjay Mirchandani respectfully submits that he is the presumptively most adequate plaintiff in this case because he has filed a timely motion in response to a notice, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Mr. Mirchandani's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Grab offers a mobile application that operates primarily across the deliveries, mobility, and digital financial services sectors in Southeast Asia.  On December 1, 2021, Grab became a public

---

[1]    The Related Actions are *Peccarino v. Grab Holdings Ltd.*, No. 1:22-cv-02189 and *Fan v. Grab Holdings Ltd.*, No. 1:22-cv-03277.

4856-7231-4400.v1

entity via a business combination with Altimeter Growth Corp., a special purpose acquisition company (SPAC).  By way of background, SPACs are often referred to as "blank check companies" because they have no business or operations at the time of formation.  Instead, SPAC sponsors use proceeds from public offerings for the purpose of effectuating a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses.

The complaints allege that defendants made false and misleading statements and failed to disclose that:

- Grab had overstated its post-business combination business and financial prospects;

- Notwithstanding the ongoing COVID-19 pandemic, Grab's financial projections failed to take into account the pandemic's broad consequences, which included increased driver supply demand;

- Grab's driver supply declined during the third quarter;

- As a result, Grab continued to invest heavily in driver and consumer incentives to preemptively recalibrate driver supply;

- Thus, Grab's financial results would be adversely impacted, including, among other things, a significant decline in revenue; and

- Consequently, defendants' positive statements about Grab's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

*See* ECF 1 at ¶6; *Fan*, ECF 1 at ¶5.

On March 3, 2022, Grab disclosed that its fourth quarter revenues had declined 44% from the previous quarter and reported a $1.1 billion loss for the quarter. Grab's Chief Financial Officer, defendant Peter Oey, attributed the poor financial results to "invest[ing] heavily" in driver incentives and stated that it would take one or two quarters "to get that equilibrium between drivers and riders, between supply and demand."  ECF 1 at ¶¶28-29; *Fan*, ECF 1 at ¶¶32-33.  On this news, the price of Grab's stock price suffered a decline of over 35%, damaging investors.  As a result of defendants'

- 2 -

wrongful acts and omissions, Mr. Mirchandani and other Grab investors have suffered substantial losses.

## III.    ARGUMENT

### A.    This Court Should Consolidate the Related Actions

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions.  Fed. R. Civ. P. 42(a).

The Related Actions present virtually identical factual and legal issues, alleging the same violations of the 1934 Act against the same defendants during overlapping relevant periods.[2] Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to the different cases.  Thus, consolidation is appropriate here.

### B.    Mr. Mirchandani Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on March 16, 2022.  *See* Declaration of David A.

---

[2]    The *Peccarino* complaint alleges a class period between November 12, 2021 and March 3, 2022 while the *Fan* complaint alleges a class period between August 2, 2021 and March 3, 2022. The differences between the respective class periods will be resolved upon the filing of a consolidated complaint.

Rosenfeld in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel, Ex. A ("Rosenfeld Decl.").

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).   Mr. Mirchandani meets these requirements and should be appointed Lead Plaintiff.

### 1.    Mr. Mirchandani's Motion Is Timely

The March 16, 2022, statutory notice published in the first-filed *Peccarino* Action advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within 60 days from the date of the notice, or May 15, 2022.  *See* Rosenfeld Decl., Ex. A.  May 15, 2022 was a Sunday and pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is May 16, 2022.  Because Mr. Mirchandani's motion has been filed by the statutory deadline, he is eligible for appointment as lead plaintiff.

### 2.    Mr. Mirchandani Has a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by his Certification and loss chart, Mr. Mirchandani purchased significant amounts of Grab securities between August 2, 2021 and March 3, 2022, and suffered approximately $250,460 in losses as a result of defendants' alleged violations of the 1934 Act.  *See* Rosenfeld

4856-7231-4400.v1

Decl., Exs. B, C.  Accordingly, Mr. Mirchandani possesses a significant financial interest in the relief sought by the class.

**3.    Mr. Mirchandani Is Typical and Adequate of the Purported Class**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this early stage of the litigation, only typicality and adequacy are pertinent.  *See Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015).

"A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted).  "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id.* (citation omitted).

Mr. Mirchandani satisfies the typicality requirement because, just like all other class members, he: (1) purchased Grab securities between August 2, 2021 and March 3, 2022; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby.  Mr. Mirchandani has also amply demonstrated his adequacy by submitting a Declaration detailing his background and qualifications to assume the responsibilities of class representative. *See* Rosenfeld Decl., Exs. B, D.  Mr. Mirchandani's Declaration – which sets forth his residence, his degrees in Economics & Finance and Business Administration, professional background, investment experience, and familiarity with selecting and overseeing counsel – establishes his *prima facie* adequacy showing and enables the Court and absent class members to independently assess Mr. Mirchandani's ability to satisfy Rule 23's prerequisites.  *See* Rosenfeld Decl., Ex. D.  Finally, as

- 5 -

4856-7231-4400.v1

explained below, Mr. Mirchandani has selected experienced and qualified counsel, further evidencing his ability to fairly and competently represent the interests of the putative class.

### C. The Court Should Approve Mr. Mirchandani's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Mr. Mirchandani has selected Robbins Geller to serve as lead counsel in this case.[3]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (Hellerstein, J.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous.").

In the last two years alone, Robbins Geller attorneys have recovered more than $3 billion for investors in securities class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) ($1.21 billion recovery); *Am. Realty*, No. 1:15-mc-00040-AKH ($1.02 billion recovery); and *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350

---

[3]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

4856-7231-4400.v1

million recovery).  Robbins Geller attorneys have also obtained the largest securities fraud class action recovery in the Fifth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[4]

As such, Mr. Mirchandani's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

The Related Actions are substantially similar and should be consolidated.  To the extent that Mr. Mirchandani is the only lead plaintiff movant that satisfies all of the PSLRA's requirements for appointment as lead plaintiff, Mr. Mirchandani respectfully requests that the Court grant his motion.

DATED:  May 16, 2022                           Respectfully submitted,

                                               ROBBINS GELLER RUDMAN
                                                 & DOWD LLP
                                               SAMUEL H. RUDMAN
                                               DAVID A. ROSENFELD

                                               *s/ David A. Rosenfeld*
                                               DAVID A. ROSENFELD

---

[4]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4856-7231-4400.v1

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 8 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 16, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Email:  drosenfeld@rgrdlaw.com

4856-7231-4400.v1

# Mailing Information for a Case 1:22-cv-02189-VM Peccarino v. Grab Holdings Limited et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam M. Apton**
  aapton@zlk.com,jtash@zlk.com,hakulp@zlk.com

- **Javier Bleichmar**
  jbleichmar@bfalaw.com

- **Jeffrey S. Geier**
  jgeier@skadden.com

- **Phillip C. Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Gregory Bradley Linkh**
  glinkh@glancylaw.com,info@glancylaw.com,greg-linkh-2000@ecf.pacerpro.com

- **Susan Leslie Saltzstein**
  ssaltzst@skadden.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)