UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE GRAB HOLDINGS LIMITED
SECURITIES LITIGATION

Case No. 1:22-cv-02189-JLR

**JOINT REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## TABLE OF CONTENTS

<u>Page</u>

TABLE OF CONTENTS................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................ ii

I. PRELIMINARY STATEMENT ................................................................................1

II. ARGUMENT ..........................................................................................................1

    A.      Applicable Pleading Standard.........................................................................1

    B.      The Section 11 Claim Fails.............................................................................2

    C.      The Section 14(a) Claim Fails .......................................................................7

    D.      The Section 10(b) Claim Fails .......................................................................8

    E.      The Control Person Claims (Counts II and V) Fail .....................................10

III. CONCLUSION.....................................................................................................10

# TABLE OF AUTHORITIES

## CASES

*Abramson v. Newlink Genetics Corp.*,
    965 F.3d 165 (2d Cir. 2020)................................................................................10

*Alpha Capital Anstalt v. Intellipharmaceutics International Inc.*,
    No. 19cv9270 (DLC), 2020 WL 3318029 (S.D.N.Y. June 18, 2020) ............................5, 6

*In re AOL Time Warner, Inc. Securities Litigation*,
    503 F. Supp. 2d 666 (S.D.N.Y. 2007)................................................................10

*In re Apple Inc. Securities Litigation*,
    No. 19-cv-02033-YGR, 2020 WL 6482014 (N.D. Cal. Nov. 4, 2020) ............................4

*Asay v. Pinduoduo Inc.*,
    No. 18-cv-7625 (PKC), 2020 WL 1530745 (S.D.N.Y. Mar. 30, 2020), *aff'd*, No.
    20-1423, 2021 WL 3871269 (2d Cir. Aug. 31, 2021) ........................................7

*Asay v. Pinduoduo Inc.*,
    No. 20-1423, 2021 WL 3871269 (2d Cir. Aug. 31, 2021) ..................................4

*In re AT&T/DirecTV Now Securities Litigation*,
    480 F. Supp. 3d 507 (S.D.N.Y. 2020), *aff'd sub nom. Steamfitters Local 449
    Pension Plan v. AT&T Inc.*, No. 21-2698-cv, 2022 WL 17587853 (2d Cir. Dec.
    13, 2022) ................................................................................................4

*In re Bank of America Corp. Securities, Derivative, & ERISA Litigation*,
    757 F. Supp. 2d 260 (S.D.N.Y. 2010)..............................................................2, 7

*In re BioScrip, Inc. Securities Litigation*,
    95 F. Supp. 3d 711 (S.D.N.Y. 2015)..................................................................5

*In re Blue Apron Holdings, Inc. Securities Litigation*,
    17-CV-4846 (WFK), 2020 WL 1950783 (E.D.N.Y. Apr. 22, 2020)..................................3

*Bricklayers & Masons Local Union No. 5 Ohio Pension Fund v. Transocean Ltd.*,
    866 F. Supp. 2d 223 (S.D.N.Y. 2012)..................................................................8

*In re Chicago Bridge & Iron Co. N.V. Securities Litigation*,
    No. 17 Civ. 1580 (LGS), 2018 WL 2382600 (S.D.N.Y. May 24, 2018)............................9

*In re CitiGroup Inc. Bond Litigation*,
    723 F. Supp. 2d 568 (S.D.N.Y. 2010)..................................................................2

*City of Omaha Police & Fire Retirement System v. Evoqua Water Technologies Corp.*,
    450 F. Supp. 3d 379 (S.D.N.Y. 2020)..................................................................5

*City of Pontiac General Employees' Retirement System v. Lockheed Martin Corp.*,
   875 F. Supp. 2d 359 (S.D.N.Y. 2012)................................................................9

*City of Providence v. Aeropostale, Inc.*
   11 Civ. 7132 (CM)(THK), 2013 WL 1197755 (S.D.N.Y. Mar. 25, 2013) ....................3, 4

*City of Warren Police & Fire Retirement System v. Foot Locker, Inc.*,
   412 F. Supp. 3d 206 (E.D.N.Y. 2019) ......................................................................8

*In re CPI Card Group Inc. Securities Litigation*,
   No. 16-cv-4531 (LAK), 2017 WL 4941597 (S.D.N.Y. Oct. 30, 2017)..............................7

*Employees' Retirement System of Government of the V.I. v. Blanford*,
   794 F.3d 297 (2d Cir. 2015)......................................................................................9

*Erickson v. Jernigan Capital, Inc.*,
   No. 1:20-cv-9575 (MKV), 2022 WL 3028627 (S.D.N.Y. Aug. 1, 2022) .........................2

*In re Facebook, Inc. IPO Securities & Derivative Litigation*,
   986 F. Supp. 2d 487 (S.D.N.Y. 2013)................................................................4, 6, 7

*In re Facebook, Inc., IPO Securities & Derivative Litigation*,
   986 F. Supp. 2d 524 (S.D.N.Y. 2014)......................................................................6

*In re Flag Telecom Holdings, Ltd. Securities Litigation*,
   618 F. Supp. 2d 311 (S.D.N.Y. 2009)......................................................................2

*Fresno County Employees' Retirement Ass'n v. comScore, Inc.*,
   268 F. Supp. 3d 526 (S.D.N.Y. 2017)......................................................................2

*Freudenberg v. E*Trade Financial Corp.*,
   712 F. Supp. 2d 171 (S.D.N.Y. 2010)......................................................................5

*In re Fuwei Films Securities Litigation*,
   634 F. Supp. 2d 419 (S.D.N.Y. 2009)......................................................................6

*Galestan v. OneMain Holdings, Inc.*,
   348 F. Supp. 3d 282 (S.D.N.Y. 2018)....................................................................5, 9

*Gray v. Wesco Aircraft Holdings, Inc.*,
   454 F. Supp. 3d 366 (S.D.N.Y. 2020), *aff'd*, 847 F. App'x 35 (2d Cir. 2021)...................3

*Herman & MacLean v. Huddleston*,
   459 U.S. 375 (1983)................................................................................................2

*Indiana Public Retirement System v. SAIC, Inc.*,
   818 F.3d 85 (2d Cir. 2016)......................................................................................7

*In re JP Morgan Chase Securities Litigation*,
    363 F. Supp. 2d 595 (S.D.N.Y. 2005)................................................................8

*Karimi v. Deutsche Bank Aktiengesellschaft*,
    No. 22-cv-2854 (JSR), 2022 WL 2114628 (S.D.N.Y. June 13, 2022) ................5

*Lematta v. Casper Sleep, Inc.*,
    No. 20-CV-2744 (MKB), 2022 WL 4637795 (E.D.N.Y. Sept. 30, 2022)..........7

*Lentell v. Merrill Lynch & Co.*,
    396 F.3d 161 (2d Cir. 2005)..............................................................................10

*Litwin v. Blackstone Group, L.P.*,
    634 F.3d 706 (2d Cir. 2011)................................................................................6

*Local No. 38 International Brotherhood of Electrical Workers Pension Fund v. American
    Express Co.*,
    724 F. Supp. 2d 447, 462 (S.D.N.Y. 2010), aff'd, 430 F. App'x 63 (2d Cir. 2011)............9

*Meyer v. Jinkosolar Holdings Co.*,
    761 F.3d 245 (2d Cir. 2014)................................................................................5

*Moab Partners, L.P. v. Macquarie Infrastructure Corp.*,
    No. 21-2524, 2022 WL 17815767 (2d Cir. Dec. 20, 2022)................................7

*In re Netshoes Securities Litigation*,
    68 Misc. 3d 788 (Sup. Ct., N.Y. Cnty. 2020) ....................................................7

*Noto v. 22nd Century Group, Inc.*,
    35 F.4th 95 (2d Cir. 2022) ..................................................................................9

*Oklahoma Firefighters Pension & Retirement System v. Lexmark International, Inc.*,
    367 F.Supp.3d 16 (S.D.N.Y 2019) ....................................................................7

*Oklahoma Firefighters Pension & Ret. Sys. v. Xerox Corp.*, 300 F. Supp. 3d 551, 570
    (S.D.N.Y. 2018), aff'd sub nom. Arkansas Public Employees Retirement System v.
    Xerox Corp.*, 771 F. App'x 51 (2d Cir. 2019)..................................................9

*Panther Partners Inc. v. Ikanos Communications, Inc.*,
    681 F.3d 114 (2d Cir. 2012)............................................................................2, 7

*Panther Partners Inc. v. Jianpu Technology Inc.*,
    No. 18 Civ. 9848 (PGG), 2020 WL 5757628 (S.D.N.Y. Sept. 27, 2020) ..........5

*In re Petrobras Securities Litigation*,
    116 F. Supp. 3d 368 (S.D.N.Y. 2015)................................................................9

*Plumbers & Pipefitters National Pension Fund v. Davis*,
    No. 1:16-cv-3591-GHW, 2020 WL 1877821 (S.D.N.Y. Apr. 14, 2020) ..........................5

*In re Refco, Inc. Securities Litigation*,
    503 F. Supp. 2d 611 (S.D.N.Y. 2007)...................................................................................2

*Rombach v. Chang*,
    355 F.3d 164 (2d Cir. 2004).................................................................................................1

*In re Salix Pharmaceuticals, Ltd.*,
    No. 14-CV-8925 (KMW), 2016 WL 1629341 (S.D.N.Y. Apr. 22, 2016) .........................3

*Sandoz v. Waterdrop Inc.*,
    No. 21cv7683 (DLC), 2023 WL 1767526 (S.D.N.Y. Feb. 3, 2023) ..................................1

*Silvercreek Management, Inc. v. Citigroup, Inc.*,
    248 F. Supp. 3d 428 (S.D.N.Y. 2017).................................................................................2

*Stadnick v. Vivint Solar, Inc.*,
    861 F.3d 31 (2d Cir. 2017)...............................................................................................6, 7

*Stratte-McClure v. Morgan Stanley*,
    776 F.3d 94 (2d Cir. 2015)...................................................................................................7

*Strougo v. Barclays PLC*,
    105 F. Supp. 3d 330 (S.D.N.Y. 2015).................................................................................9

*In re Turquoise Hill Resources Ltd. Securities Litigation*,
    No. 20-cv-08585 (LJL), 2022 WL 4085677 (S.D.N.Y. Sept. 2, 2022) ..............................9

*Underwood v. Coinbase Global, Inc.*,
    No. 21 Civ. 8353 (PAE), 2023 WL 1431965 (S.D.N.Y. Feb. 1, 2023)............................10

*Wallace v. IntraLinks*,
    No. 11 CV 8861 (TPG), 2013 WL 1907685 (S.D.N.Y. May 8, 2013)...............................2

*Washington State Investment Board v. Odebrecht S.A.*,
    461 F. Supp. 3d 46 (S.D.N.Y. 2020)...................................................................................9

*In re Willis Towers Watson Plc Proxy Litigation*,
    439 F. Supp. 3d 704 (E.D. Va. 2020) .................................................................................8

*Zirkin v. Quanta Capital Holdings Ltd.*,
    No. 07 Civ. 851(RPP), 2009 WL 185940 (S.D.N.Y. Jan. 23, 2009)..................................2

## RULES

Fed. R. Evid. 201 ........................................................................................................................6

# I. PRELIMINARY STATEMENT

Determined to disregard the actual disclosures in the P/R Statement, the Opposition Brief ("Opposition" or "Opp.") (ECF No. 92) variously accuses Defendants[1] of advancing "strawman" arguments (Opp. at 2), seeking "improper findings of fact" (*id.*), and "minc[ing] words" (*id.* at 9). But Plaintiffs' unwillingness to grapple with Grab's actual disclosures makes abundantly clear why the Complaint should be dismissed: No pleading standard (be it Rule 8(a) or 9(b)) allows a plaintiff to ignore or rewrite a company's actual disclosures to conjure a claim, as Plaintiffs attempt here. *See Sandoz v. Waterdrop Inc.*, No. 21cv7683 (DLC), 2023 WL 1767526, at *7 (S.D.N.Y. Feb. 3, 2023). Read without Plaintiffs' distortions, there is no misrepresentation or omission, and each of Plaintiffs' claims fails as a matter of law.

Plaintiffs' claims suffer from myriad additional defects, including that: (i) many cited statements are protected forward-looking statements or are immaterial puffery; (ii) the Section 14(a) claim is not sufficiently pled; and (iii) the Section 10(b) claim falls far short of pleading, with particularity, a misrepresentation, scienter, or loss causation. Because no amendment can change the actual contents of the P/R Statement, dismissal should be with prejudice.

# II. ARGUMENT

## A.    <u>Applicable Pleading Standard</u>

Plaintiffs' claims all "sound in fraud," and thus are subject to Rule 9(b). (*See* Br. at 10.) Each of the claims relies on the same conduct and factual allegations, including allegations of motive. (*See* AC ¶¶ 32–33); *see Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004).[2]

---

[1]    Capitalized terms have the meanings ascribed to them in the Memorandum of Law ("Brief" or "Br.") (ECF No. 90). All citations and internal quotations marks are omitted, and all emphases in quotations are added, unless otherwise indicated.

[2]    Plaintiffs' cases are inapposite as those complaints (i) structurally and substantively

*(cont'd)*

Regardless, the claims fail under any standard.  *See, e.g.*, *Zirkin v. Quanta Cap. Holdings Ltd.*, No. 07 Civ. 851(RPP), 2009 WL 185940, at *10 (S.D.N.Y. Jan. 23, 2009).

## B.    <u>The Section 11 Claim Fails</u>

Plaintiffs point to three alleged misrepresentations as the basis for their claims.  (*See* Opp. at 5 ("(1) Grab had sufficient drivers, (2) Grab was then reducing incentive payments, and (3) Grab's profit margins were improving and sustainable").)  As explained in the Brief (Br. at 11–21) and below, the actual disclosures compel dismissal.

<u>Incentives.</u>    Read in context, there was nothing misleading about the P/R Statement, and Plaintiffs' suggestion otherwise requires redrafting Grab's actual disclosures.  The P/R Statement disclosed that notwithstanding Grab's long-term goal to reduce incentives "as Grab's business matures" (AC ¶ 80) and "achieve[s] greater scale," (*id.* ¶ 70), incentives had and may continue to fluctuate and increase as necessary (*id.* ¶¶ 70, 78) in response to "driver-partner supply constraints" (*id.* ¶ 72) and "competitive factors," (P/R Stmt at 56, 58), particularly as Grab continued to manage through COVID-19 (*id.* at 64).  Similarly, its historic incentive data confirmed that incentives had both decreased (*e.g.*, in 2020) and increased (*e.g.*, in Q3 2021) in recent periods—hardly surprising in view of the uncertain pandemic.  (P/R Stmt. at 338–40.)

The Opposition splices words and phrases out of context to fabricate a false narrative that

---

distinguished negligence from fraud claims, *see Wallace v. IntraLinks*, No. 11 CV 8861 (TPG), 2013 WL 1907685, at *12 (S.D.N.Y. May 8, 2013); *In re CitiGroup Inc. Bond Litig.*, 723 F. Supp. 2d 568, 587 (S.D.N.Y. 2010); *In re Refco, Inc. Sec. Litig.*, 503 F. Supp. 2d 611, 632 (S.D.N.Y. 2007); *Silvercreek Mgmt., Inc. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 448 (S.D.N.Y. 2017); (ii) did not allege knowing falsity and simply tracked Section 11's statutory language, *see Fresno Cnty. Emps' Ret. Ass'n v. comScore, Inc.*, 268 F. Supp. 3d 526, 559 (S.D.N.Y. 2017); *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 757 F. Supp. 2d 260, 321 (S.D.N.Y. 2010); or (iii) did not sound in fraud, *see Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114 (2d Cir. 2012); *Herman & MacLean v. Huddleston*, 459 U.S. 375 (1983); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 618 F. Supp. 2d 311 (S.D.N.Y. 2009); *Erickson v. Jernigan Cap., Inc.*, No. 1:20-cv-9575 (MKV), 2022 WL 3028627, at *2 (S.D.N.Y. Aug. 1, 2022).

Defendants "misconstrued then-current facts." (Opp. at 17.)  Plaintiffs claim, for example, that the P/R Statement "indicate[d] that elevated incentives were *only* 'offered' . . . 'during the initial stages of growth.'" (*Id*. at 15 (quoting AC ¶ 74); *see id*. at 10.)  But it said the exact opposite. (*See* AC ¶ 78 (disclosing that incentives would continue to be used).)  They also accuse Grab of saying "that incentive payments were *then* declining," (Opp. at 1; *see also id*. at 16 ("reductions were ongoing")), but disregard the disclosure that partner and consumer incentives ***increased***— by 42% and 106%, respectively—in the ***most recently completed*** quarter.[3]  (P/R Stmt at 338.) Moreover, that incentives were "expected to continue to decline *over time as Grab's business matures*" (AC ¶ 80) and "achieve[s] greater scale" (*id.* ¶ 70) does not mean they would decline each quarter, as evidenced by the Q3 increase in incentives.  Moreover, such forward-looking statements are protected by the PSLRA's safe harbor provision and the bespeaks caution doctrine.  (Br. at 14–15);[4] *see also Gray v. Wesco Aircraft Holdings, Inc*., 454 F. Supp. 3d 366, 385 (S.D.N.Y. 2020) (inclusion of historical facts in forward-looking statements does not nullify the protection afforded by the bespeaks caution doctrine), *aff'd*, 847 F. App'x 35 (2d Cir. 2021).

Plaintiffs' assertion that the disclosures "warn[ed] only that a risk may impact [Grab's] business when that risk ha[d] already materialized" fares no better.  (Opp. at 16.)  In addition to

---

[3]    Plaintiffs' only response—relegated to a footnote—is the garbled and nonsensical assertion that "the P/RS directed investors to consider that [Q3 2021 incentive] data falsely as part of an overall trend of reducing incentives and further reductions."  (Opp. at 12 n.8.)

[4]    Plaintiffs' citation to a *proposed* rule confirms that the *existing* safe harbor exemption does not apply to de-SPAC transactions.  (Opp. at 15–16.)  *City of Providence v. Aeropostale, Inc*. is inapposite, as the defendant said in that case that its projections "reflect[] the impact" of presently known facts, and thus was "not solely forward-looking."  No. 11 Civ. 7132 (CM)(THK), 2013 WL 1197755, at *4, *13 (S.D.N.Y. Mar. 25, 2013).  Plaintiffs' other cases merely stand for the proposition that "[c]autionary words about future risk cannot insulate from liability the failure to disclose that the risk has transpired."  *In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK), 2020 WL 1950783, at *9 (E.D.N.Y. Apr. 22, 2020); *see In re Salix Pharms., Ltd.*, No. 14-CV-8925 (KMW), 2016 WL 1629341, at *11 (S.D.N.Y. Apr. 22, 2016).  Here, in contrast, Grab disclosed recent increases in incentives.  (P/R Stmt at 338.)

disclosing Q3 incentives quantitatively, the P/R Statement said that "Grab **has paid** significant amounts of incentives."  (AC ¶ 78.)  *See Asay v. Pinduoduo Inc.*, No. 20-1423, 2021 WL 3871269, at *3 (2d Cir. Aug. 31, 2021) (disclosure that company "ha[s] been and may continue to be subject" to risks sufficient to warn of materialized risks).[5]

**Driver Supply.**  Plaintiffs fail to plead that Grab experienced a driver shortage *at the time the P/R Statement was issued*.  (Br. at 12–14.)  The April 28, 2022 disclosure they seek to brand an "admission" actually stated that in Q4 2021, Grab "*preemptively* invested to grow the supply of active drivers . . . to support strong recovery in mobility demand," confirming that the Q4 incentive increases were made in anticipation of a *future* increase in demand as the pandemic abated, not in reaction to a preexisting driver shortage or consumer complaints.[6]  (Br. Ex. D at 9.) The disclosure that it "saw a decrease in the *number* of driver-partners" in Q3 similarly does not constitute an "admission" of a preexisting driver *shortage*, (*id.*), as COVID-19 restrictions reduced not only the numbers of drivers on the road, but also demand for rides (P/R Stmt at 63). Because Plaintiffs do not plead the existence of a shortage, they cannot establish a "duty" to disclose it, let alone that it was then "harm[ing] [Grab's] business."  (Opp. at 9–10.)  Plaintiffs' authorities are in accord.  *See In re Apple Inc. Sec. Litig.*, No. 19-cv-02033-YGR, 2020 WL 6482014, at *10 (N.D. Cal. Nov. 4, 2020) (no admission where discrepancy "could be caused by

---

[5]    Plaintiffs' cases are inapposite as they involved disclosures of hypothetical risks.  *See In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 487, 514 (S.D.N.Y. 2013) (disclosure that risks "*may* negatively affect . . . revenue") (emphasis in original); *Aeropostale*, 2013 WL 1197755, at *12 (disclosure that risks "could" happen).

[6]    Three anecdotal complaints from two cities, including two on reddit.com, do not show an "increase" in complaints from prior quarters.  (AC ¶ 65; Opp. at 9.)  *See In re AT&T/DirecTV Now Sec. Litig.*, 480 F. Supp. 3d 507, 527 n.19 (S.D.N.Y. 2020) (anecdotal anonymous accounts insufficient to show a widespread issue), *aff'd sub nom. Steamfitters Loc. 449 Pension Plan v. AT&T Inc.*, No. 21-2698-cv, 2022 WL 17587853 (2d Cir. Dec. 13, 2022).  Plaintiffs do not even allege these purported complaints were communicated to Grab.  (*See* AC ¶ 65.)

intervening factors, such as a shift in consumer demand, or . . . changes in internal evaluation").[7]

In any event, Defendants disclosed the relevant risk. Contrary to Plaintiffs' assertion that Grab warned only of a hypothetical risk that "it '*may*' experience 'driver-partner supply constraints,'" (Opp. 10), the disclosure said "*Grab **has experienced** and expects to continue to experience driver-partner supply constraints*" from time to time in certain areas (AC ¶ 72).

**Financial Prospects.**  Contrary to Plaintiffs' claim that Defendants misrepresented Grab's financial prospects, many of the challenged statements are supported by Grab's financial disclosures, which Plaintiffs admit are true (Opp. at 13 n.9).  For example, the statement that "consumer demand for deliveries has helped to cushion the impact of softer mobility demand," (AC ¶ 81), is confirmed by Q3 2021 data, where a 63% year-over-year increase in delivery GMV "offset a 30% year-over-year decline in mobility GMV."  (P/R Stmt at 338.)  The statement that "we continue to demonstrate strong trends in our path to profitability" is similarly supported by financial figures showing a year-over-year $75 million improvement in Total Segment Adjusted EBITDA and an $8 million improvement on Group Adjusted EBITDA.[8]  (AC ¶ 83.)

---

[7]    In contrast, Plaintiffs' cases involved allegations "that the problems exist[ed] . . . at the time."  *Meyer v. Jinkosolar Holdings Co*., 761 F.3d 245, 251 (2d Cir. 2014); *Alpha Cap. Anstalt v. Intellipharmaceutics Int'l Inc*., No. 19cv9270 (DLC), 2020 WL 3318029, at *1 (S.D.N.Y. June 18, 2020) (company knew of CFO's resignation); *Freudenberg v. E\*Trade Fin. Corp.*, 712 F. Supp. 2d 171, 183-84 (S.D.N.Y. 2010) (admission that statement relied on overstated data); *In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711, 743 (S.D.N.Y. 2015) (defendant aware of loss of major client); *Panther Partners Inc. v. Jianpu Tech. Inc.*, No. 18 Civ. 9848 (PGG), 2020 WL 5757628, at *2, *11 (S.D.N.Y. Sept. 27, 2020) (omission of regulations issued a year before the IPO); *Plumbers & Pipefitters Nat'l Pension Fund v. Davis*, No. 1:16-cv-3591-GHW, 2020 WL 1877821, at *8 (S.D.N.Y. Apr. 14, 2020) (defendant received repeated warnings of sales impact).

[8]    Courts routinely hold that statements such as this are puffery.  (*See* Br. at 15, 22.) Plaintiffs' cases do not hold otherwise.  *See City of Omaha Police & Fire Ret. Sys. v. Evoqua Water Techs. Corp.*, 450 F. Supp. 3d 379, 400 (S.D.N.Y. 2020) ("track record of . . . achieving profitable growth" is puffery); *Galestan v. OneMain Holdings, Inc*., 348 F. Supp. 3d 282, 303 (S.D.N.Y. 2018) (not puffery because specific references to success of program were made with knowledge of productivity issues); *Karimi v. Deutsche Bank Aktiengesellschaft*, No. 22-cv-2854

*(cont'd)*

Plaintiffs fail to allege that any of the other statements regarding financial prospects were false. They allege no facts to show that drivers left Grab for its competitors or were not "loyal to the platform." (Opp. at 12.) Nor do Plaintiffs allege any facts to support their bare assertion that the correlation between consumer spending and services "had already broken." (*Id*. at 15.) And contrary to their claims, Defendants did not state that the Q3 decline in revenue was "solely caused by lockdowns" in Vietnam. (*See* Br. at 16 n.12.)[9] The statement that Grab would "***continue*** to execute sustainable and improving margins" is forward-looking and protected by the PSLRA's safe harbor and the bespeaks caution doctrine. (*Id*.; *see* § II.B, *supra*.)

**No Omission.** Similarly unavailing is Plaintiffs' alternative theory that Defendants failed to disclose incentives for Q4 2021. This claim is based on improper hindsight pleading, as Q4 was only halfway through at the time of the IPO. Moreover, Plaintiffs' cases recognize that there is no general duty to disclose interim financial results. *Facebook*, 986 F. Supp. 2d at 513; *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 538 (S.D.N.Y. 2014). Rather, a duty to disclose intra-quarter results arises only if Plaintiffs allege facts indicating that Q4 results would have "significantly alter[ed] the total mix of information made available," which they fail to do. *Stadnick v. Vivint Solar, Inc.*, 861 F.3d 31, 38 (2d Cir. 2017). Once again, the Opposition ignores that the P/R Statement disclosed incentive data from the most recently completed quarter, which showed partner and consumer incentives had increased

---

(JSR), 2022 WL 2114628, at *6 (S.D.N.Y. June 13, 2022) (specific descriptions of compliance processes are not puffery). Plaintiffs' other cases do not discuss puffery at all. *See Litwin v. Blackstone Grp., L.P.*, 634 F.3d 706 (2d Cir. 2011); *Alpha*, 2020 WL 3318029; *In re Fuwei Films Sec. Litig.*, 634 F. Supp. 2d 419 (S.D.N.Y. 2009); *Facebook*, 986 F. Supp. 2d 487.

[9]    Plaintiffs' suggestion that there is a "factual dispute" because of Defendants' citation to World Health Organization announcements (Opp. at 13) is a red herring. Defendants' arguments do not hinge on these announcements. In any event, their existence "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" and can be judicially noticed. Fed. R. Evid. 201. Plaintiffs' cases do not suggest otherwise. (Opp. at 13).

by 42% and 106%, respectively, in Q3 2021.  (P/R Stmt at 338.)  Even if the Q4 data at the time

of the P/R Statement reflected elevated incentives (and Plaintiffs allege no facts for this

hypothesis), there is no duty to disclose intra-quarter data that would merely have reflected

results "consistent" with previously disclosed results.  *Stadnick*, 861 F.3d at 38; *Asay v.

Pinduoduo Inc.*, No. 18-cv-7625 (PKC), 2020 WL 1530745, at *9–10 (S.D.N.Y. Mar. 30, 2020),

*aff'd*, No. 20-1423, 2021 WL 3871269 (2d Cir. Aug. 31, 2021).[10]

       Nor can Plaintiffs establish a duty to disclose under Item 303.  Their cases confirm that

"actual knowledge" is required.  *See, e.g.*, *Ind. Pub. Ret. Sys. v. SAIC, Inc.*, 818 F.3d 85, 95 (2d

Cir. 2016); *see also Moab Partners, L.P. v. Macquarie Infrastructure Corp.*, No. 21-2524, 2022

WL 17815767, at *2 (2d Cir. Dec. 20, 2022).  Plaintiffs do not allege that any intra-quarter

incentive data were available before the P/R Statement was issued, let alone that Defendants

knew of a "trend" of increasing incentives.  Vague references to tracking data (AC ¶ 106) fall

short of the allegations required by Plaintiffs' own citations.  *Lexmark*, 367 F. Supp. 3d at 35.[11]

## C.    <u>The Section 14(a) Claim Fails</u>

       Plaintiffs' Section 14(a) claim suffers from the same flaws as their Section 11 claim —

namely, the absence of a material misstatement or omission and failure to satisfy applicable

---

[10]     In contrast, Plaintiffs' cases involved data that differed radically from prior financials, and thus altered the "total mix" of information.  *See Facebook*, 986 F. Supp. 2d at 512 (changes in projections); *Bank of Am.*, 757 F. Supp. 2d at 305–06 (highest monthly loss in history).

[11]     *Lematta v. Casper Sleep, Inc.*, No. 20-CV-2744 (MKB), 2022 WL 4637795, at *14 (E.D.N.Y. Sept. 30, 2022) (knowledge alleged based on employees' interactions with senior executives); *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 107 (2d Cir. 2015) (defendants discussed downward trend a year prior); *In re Netshoes Sec. Litig.*, 68 Misc. 3d 788, 792 (Sup. Ct., N.Y. Cnty. 2020) (sworn declaration that defendant directly negotiated contract terms); *In re CPI Card Grp. Inc. Sec. Litig.*, No. 16-cv-4531 (LAK), 2017 WL 4941597, at *4 (S.D.N.Y. Oct. 30, 2017) (admitted "good visibility" one month into quarter); *Panther Partners*, 681 F.3d at 121 (issue discussed by the board prior to offering).

pleading requirements.  The Opposition criticizes the Brief's brevity as to the Section 14(a) claim (Opp. at 20), but the commonality of the failings among Plaintiffs' claims requires little duplication to demonstrate.  Moreover, contrary to Plaintiffs' argument (*id.* at 20), the Section 14(a) claim also fails because Plaintiffs have not pled scienter with particularity as to each of the Altimeter Individuals.  *See In re JP Morgan Chase Sec. Litig.*, 363 F. Supp. 2d 595, 636 (S.D.N.Y. 2005) (dismissing Section 14(a) claim where plaintiffs failed to plead strong inference of scienter). Plaintiffs merely plead generic allegations concerning board membership and consent to be listed as directors.  Even putting aside Plaintiffs' failure to address, much less distinguish, the authorities in the Brief, Plaintiffs' own cases confirm that Rule 9(b) applies where Section 14(a) claims sound in fraud.  *See Bricklayers & Masons Loc. Union No. 5 Ohio Pension Fund v. Transocean Ltd.*, 866 F. Supp. 2d 223, 239 (S.D.N.Y. 2012); *In re Willis Towers Watson Plc Proxy Litig.*, 439 F. Supp. 3d 704, 714 (E.D. Va. 2020).

## D.    The Section 10(b) Claim Fails

**No Misstatement or Omission.**  For similar reasons as those explained above, Plaintiffs also fail to plead that the two statements cited in support of their Section 10(b) claim were false or misleading.  Statements that "mobility margins are strong," and that "[w]e've also made very good strides on improving our economics" were made in the context of financial figures (which Plaintiffs do not allege were false), showing that Grab's margins for deliveries and mobility were, in fact, improving as of Q3 2021.  (P/R Stmt at 339–40 (Segment Adjusted EBITDA margins for deliveries and mobility increased).)  Moreover, these statements are indistinguishable from statements deemed puffery in the cases cited in the Opposition.  *See City of Warren Police & Fire Ret. Sys. v. Foot Locker, Inc.*, 412 F. Supp. 3d 206, 221 (E.D.N.Y. 2019) ("strong leadership position"); *Okla. Firefighters Pension & Ret. Sys. v. Xerox Corp.*, 300 F. Supp. 3d 551, 570 (S.D.N.Y. 2018) ("'moving forward well'"), *aff'd sub nom. Ark. Pub.*

8

*Emps. Ret. Sys. v. Xerox Corp.*, 771 F. App'x 51 (2d Cir. 2019). As set forth above (§ II.B *supra*), Plaintiffs' claim of an omission based on incentive spending (Opp. at 22) fails.[12]

**No Scienter.** To plead "a 'strong inference' of scienter," Plaintiffs must allege specific contradictory information available to the Section 10(b) Defendants. (Br. at 23-24.) Plaintiffs' own citations confirm that vague assertions about "tracking information" and "data on incentives" (Opp. at 23) are insufficient. *See In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 20-cv-08585 (LJL), 2022 WL 4085677, at *46 (S.D.N.Y. Sept. 2, 2022) (no "specific" contradictory information); *Loc. No. 38 Int'l Bhd. of Elec. Workers Pension Fund v. Am. Express Co.*, 724 F. Supp. 2d 447, 462 (S.D.N.Y. 2010) (that information "would have been" reviewed insufficient), *aff'd*, 430 F. App'x 63 (2d Cir. 2011).[13] Plaintiffs also concede that the "core operations doctrine" cannot independently establish scienter. (Opp. at 24.)

Nor is there any inconsistency in Defendants' arguments. (*See* Opp. at 24-25.) That the pandemic led to declines in drivers in Q3 and that Grab subsequently decided to preemptively invest in increasing driver supply in Q4 in anticipation of a recovery from the pandemic shows,

---

[12]    None of Plaintiffs' cases holds that any statement made in response to an analyst is not puffery. *See Wash. State Inv. Bd. v. Odebrecht S.A.*, 461 F. Supp. 3d 46, 74 (S.D.N.Y. 2020) ("*specific* risks regarding international competition are not puffery"); *In re Petrobras Sec. Litig.*, 116 F. Supp. 3d 368, 381 (S.D.N.Y. 2015) (statements "made *repeatedly* in an effort to reassure" investors material in context). Because Grab disclosed the allegedly omitted risks, including recent increases in incentives, (P/R Stmt at 338), Plaintiffs' citations (Opp. at 22) noting a duty to make "accurate and complete" disclosures are inapposite. *See, e.g.*, *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 106 (2d Cir. 2022) (failure to disclose known investigation).

[13]    *See also Galestan*, 348 F. Supp. 3d at 300 (specific reports); *In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, No. 17 Civ. 1580 (LGS), 2018 WL 2382600, at *9 (S.D.N.Y. May 24, 2018) (same); *Emps.' Ret. Sys. of Gov't of the V.I. v. Blanford*, 794 F.3d 297, 308 (2d Cir. 2015) (specific efforts to deceive auditors); *City of Pontiac Gen. Emps.' Ret. Sys. v. Lockheed Martin Corp.*, 875 F. Supp. 2d 359, 369 (S.D.N.Y. 2012) (executives told objectives "could not be achieved"); *Strougo v. Barclays PLC*, 105 F. Supp. 3d 330, 351 (S.D.N.Y. 2015) (fraud "common knowledge within the [banking] group").

not inconsistency, but everyday adaptations to changing conditions.  Plaintiffs seek to impose a level of prescience that is not and cannot be required by the securities laws.  (*See* Opp. at 24 ("The suggestion that Defendants were somehow caught off-guard by an expected spike in a pandemic they had been navigating for over two years is tenuous at best.").)

**No Loss Causation.**  Because Grab's Q4 2021 results (AC ¶ 102) did not reveal the falsity of any prior statements, the Complaint fails to plead loss causation.  *See, e.g.*, *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 175 n.4 (2d Cir. 2005).[14]

## E.    The Control Person Claims (Counts II and V) Fail

Because Plaintiffs failed to plead a primary violation or culpable participation, their Section 15 and Section 20(a) control person claims also fail.  *See, e.g.*, *Underwood v. Coinbase Glob., Inc.*, No. 21 Civ. 8353 (PAE), 2023 WL 1431965, at *10-12 (S.D.N.Y. Feb. 1, 2023).

## III.  CONCLUSION

Because nothing can alter the Company's accurate and complete disclosures on the topics at issue, amendment would be futile.  The Complaint should be dismissed with prejudice.

Dated: New York, New York
       February 27, 2023

/s/ Susan L. Saltzstein                          /s/ David Hennes

Susan L. Saltzstein                   David Hennes
Jeffrey S. Geier                      Amy Jane Longo
SKADDEN, ARPS, SLATE, MEAGHER         ROPES & GRAY LLP
   & FLOM LLP                         1211 Avenue of the Americas
One Manhattan West                    New York, New York 10036-8704
New York, New York 10001              Telephone: (212) 596-9000
Telephone: (212) 735-3000             Facsimile: (212) 596-9090
Facsimile: (212) 735-2000             David.Hennes@ropesgray.com
Susan.Saltzstein@skadden.com          *Attorneys for the Altimeter Individuals*
*Attorneys for Grab and the Grab Individuals*

---

[14]    Contrary to Plaintiffs' assertion, (Opp. at 25), "*Dura* did not disturb Second Circuit [holding in *Lentell*] regarding loss causation."  *In re AOL Time Warner, Inc. Sec. Litig.*, 503 F. Supp. 2d 666, 677 n.9 (S.D.N.Y. 2007).  Plaintiffs' citation to *Abramson v. Newlink Genetics Corp.* is unavailing.  965 F.3d 165, 180 (2d Cir. 2020) (note did not disclose falsity).