**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE GRAB HOLDINGS LIMITED

SECURITIES LITIGATION

Case No. 1:22-cv-02189-JLR

**DEFENDANTS BRAD GERSTNER, HAB SIAM, RICHARD N. BARTON, AISHETU FATIMA DOZIE, AND DEV ITTYCHERIA'S ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants Brad Gerstner, Hab Siam, Richard N. Barton, Aishetu Fatima Dozie, and Dev Ittycheria (collectively, the "Altimeter Defendants"), by their undersigned counsel, hereby answer the Amended Class Action Complaint for Violations of the Federal Securities Laws, dated August 22, 2022 (the "Amended Complaint," ECF No. 58).

In responding to the allegations of the Amended Complaint, the Altimeter Defendants: (i) incorporate into each such response a denial of all allegations in the Amended Complaint (including those outside of the knowledge or information of the Altimeter Defendants) to the extent that they assert or suggest that the November 19, 2021 Proxy/Registration Statement ("Proxy/Registration Statement") was false or misleading in any respect, or to the extent that they assert any factual allegations that are inconsistent with or contrary to the Proxy/Registration Statement, to which the Altimeter Defendants respectfully refer the Court for a complete and accurate statement of its contents; (ii) deny any averments in the headings and subheadings of the Amended Complaint; and (iii) in all events intend to respond only as to allegations directed at each of them individually, and none of the responses should be deemed to be responding to allegations that are directed solely to other defendants.

The Altimeter Defendants respond to each paragraph and the specific allegations in the Amended Complaint as follows:

1.      The Altimeter Defendants deny the allegations in Paragraph 1 of the Amended Complaint, except admit that Plaintiffs purport to bring this federal securities action on behalf of putative classes of holders of Grab shares or securities.  No response is required to Plaintiffs' definition of "Defective Proxy/Registration Statement."[*]

---

[*] Unless otherwise defined herein, terms used in this Answer shall have the meanings ascribed to them in the Amended Complaint.  The Altimeter Defendants adopt these definitions solely for convenience, and do not concede their accuracy.

2.    The Altimeter Defendants deny the allegations in Paragraph 2 of the Amended Complaint, except admit that (i) Grab went public on December 2, 2021 via a transaction with Altimeter Growth Corp. ("AGC"), a special purpose acquisition company ("SPAC"), and (ii) Grab made certain filings with the SEC, and respectfully refer the Court to those filings for a complete and accurate account of their contents.

3.    The Altimeter Defendants deny the allegations in Paragraph 3 of the Amended Complaint, except admit that (i) as set forth in the Proxy/Registration Statement, public AGC shareholders could elect to redeem their shares, and (ii) the quoted language appears in the Proxy/Registration Statement.  The Altimeter Defendants respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

4.    The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Amended Complaint concerning Grab's current business operations, except admit that as set forth in the Proxy/Registration Statement, Grab was founded in 2012 and at the time of the de-SPAC transaction, operated in Cambodia, Indonesia, Malaysia, Myanmar, the Philippines, Singapore, Thailand, and Vietnam, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate description of Grab's business operations at the time of the de-SPAC transaction.

5.    The Altimeter Defendants deny the allegations in Paragraph 5 of the Amended Complaint, except admit that the quoted language appears in the Proxy/Registration Statement and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

6.    The Altimeter Defendants deny knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in Paragraph 6 of the Amended Complaint concerning Grab's current business operations, except admit that a version of the cited graphic appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate description of Grab's business operations at the time of the de-SPAC transaction.

7.      The Altimeter Defendants deny the allegations in Paragraph 7 of the Amended Complaint, except admit that the quoted language appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

8.      The Altimeter Defendants deny the allegations in Paragraph 8 of the Amended Complaint, except admit that (i) AGC investors approved the de-SPAC transaction with Grab, and (ii) the de-SPAC transaction closed on or about December 1, 2021, effectuating Grab's public offering.

9.      The Altimeter Defendants deny the allegations in Paragraph 9 of the Amended Complaint.

10.     The allegations in Paragraph 10 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and as such, no response is required, and Plaintiffs' claim that certain Defendants violated Section 10(b) of the Securities Exchange Act has been dismissed pursuant to the Court's March 12, 2024 Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss the Amended Complaint (the "March 12 Order," ECF No. 103).  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 10 of the Amended Complaint.

11.     The allegations in Paragraph 11 of the Amended Complaint state legal conclusions

to which no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 11 of the Amended Complaint, except admit that Plaintiffs purport to assert the claims described in this Paragraph, and respectfully refer the Court to the cited authorities for a complete and accurate account of their contents.  The Altimeter Defendants reserve all of their defenses, rights, and arguments with respect to those claims.

12.    The allegations in Paragraph 12 of the Amended Complaint state legal conclusions to which no response is required.

13.    The allegations in Paragraph 13 of the Amended Complaint state legal conclusions to which no response is required.

14.    The allegations in Paragraph 14 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 14 of the Amended Complaint.

15.    The allegations in Paragraph 15 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants and state legal conclusions, and as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 15 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Lead Plaintiffs Si Fan, Amit Batra, and SLG Cloudbank Holdings' purchases or acquisitions of Grab shares or securities.

16.    The allegations in Paragraph 16 of the Amended Complaint state allegations against parties and entities other than the Altimeter Defendants, and as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Amended

Complaint, except admit that (i) Grab has traded on the NASDAQ exchange under the symbol "GRAB" since on or about December 2, 2021; (ii) Grab went public via a de-SPAC transaction with AGC; and (iii) AGC previously existed as a blank-check SPAC and its Class A ordinary shares traded on the NASDAQ exchange under the symbol "AGC."

17. The Altimeter Defendants admit that Defendant Brad Gerstner held the titles attributed to him in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents, including all signatories thereto.

18. The Altimeter Defendants admit that Defendant Hab Siam held the titles attributed to him in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents, including all signatories thereto.

19. The Altimeter Defendants admit that Defendant Richard N. Barton held the titles attributed to him in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents, including all signatories thereto.

20. The Altimeter Defendants admit that Defendant Aishetu Fatima Dozie held the titles attributed to her in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents, including all signatories thereto.

21. The Altimeter Defendants admit that Defendant Dev Ittycheria held the titles attributed to him in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents, including all

signatories thereto.

22.    The allegations in Paragraph 22 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Amended Complaint, except admit that (i) Defendant Anthony Tan held the titles attributed to him in the Proxy/Registration Statement, and (ii) Grab made certain filings with the SEC, including Forms 425 dated September 14, 2021, and November 12, 2021.  The Altimeter Defendants respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents, including all signatories thereto, and to the referenced Forms 425 for a complete and accurate account of their contents.

23.    The allegations in Paragraph 23 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Amended Complaint, except admit that (i) Defendant Peter Oey held the titles attributed to him in the Proxy/Registration Statement, and (ii) Grab made certain filings with the SEC, including a Form 425 dated September 14, 2021.  The Altimeter Defendants respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents, including all signatories thereto, and to the referenced Form 425 for a complete and accurate account of its contents.

24.    The allegations in Paragraph 24 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and as such, no response is required.  To

the extent a response is required, the Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Amended Complaint, except admit that Defendant Tan Hooi Ling held the titles attributed to her in the Proxy/Registration Statement. The Altimeter Defendants respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents, including all signatories thereto.

25. The allegations in Paragraph 25 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and as such, no response is required. To the extent a response is required, the Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Amended Complaint, except admit that Defendant Maa Ming-Hokng held the titles attributed to him in the Proxy/Registration Statement. The Altimeter Defendants further state that pursuant to the Court's March 12 Order, all claims against Maa Ming-Hokng have been dismissed. The Altimeter Defendants respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents, including all signatories thereto.

26. The allegations in Paragraph 26 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and as such, no response is required. To the extent a response is required, the Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Amended Complaint, except admit that Defendant John Rogers held the titles attributed to him in the Proxy/Registration Statement. The Altimeter Defendants respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents, including all signatories thereto.

27.     The allegations in Paragraph 27 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Amended Complaint, except admit that Defendant Dara Khosrowshahi held the titles attributed to him in the Proxy/Registration Statement.  The Altimeter Defendants respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of their contents.

28.     The allegations in Paragraph 28 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28 of the Amended Complaint, except admit that Defendant Ng Shin Ein held the titles attributed to her in the Proxy/Registration Statement.  The Altimeter Defendants respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

29.     The allegations in Paragraph 29 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 of the Amended Complaint, except admit that Defendant Oliver Jay held the titles attributed to him in the Proxy/Registration Statement.  The Altimeter Defendants respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents, including all signatories thereto.

30.     The Altimeter Defendants deny the allegations in Paragraph 30 of the Amended

Complaint, except admit that (i) AGC was incorporated as a blank-check SPAC on August 25, 2020, in the Cayman Islands, and (ii) the referenced language appears in the Form 424(b)(4) dated September 30, 2020, and respectfully refer the Court to the Form 424(b)(4) referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

31.    The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Amended Complaint, except admit that the quoted language appears in the cited April 8, 2021 statement, and respectfully refer the Court to the statement referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

32.    The Altimeter Defendants deny the allegations in Paragraph 32 of the Amended Complaint to the extent they purport to state allegations concerning the Altimeter Defendants' incentives or motives, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph.

33.    The Altimeter Defendants deny the allegations in Paragraph 33 of the Amended Complaint to the extent they purport to state allegations concerning the Altimeter Defendants' incentives or motives, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this Paragraph.

34.    The Altimeter Defendants deny the allegations in Paragraph 34 of the Amended Complaint, except admit that the quoted language appears in the cited April 8, 2021 statement and May 26, 2021 testimony referenced and partially quoted in this Paragraph, and respectfully refer the Court to those materials for a complete and accurate account of their contents.

35.    The Altimeter Defendants deny the allegations in Paragraph 35 of the Amended Complaint, except admit that the quoted language appears in the AGC Form 424(b)(4) dated

September 30, 2020, and respectfully refer the Court to that Form 424(b)(4) for a complete and accurate account of its contents.

36.    The Altimeter Defendants admit the allegations in Paragraph 36 of the Amended Complaint.

37.    The Altimeter Defendants deny the allegations in Paragraph 37 of the Amended Complaint, except admit that as set forth in the Proxy/Registration Statement, (i) the merger required AGC shareholder votes of approval, and (ii) AGC shareholders could elect to redeem their shares, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

38.    The Altimeter Defendants deny the allegations in Paragraph 38 of the Amended Complaint, except admit that (i) the quoted language appears in the Proxy/Registration Statement, and (ii) as set forth in the Proxy/Registration Statement, the Altimeter Defendants, in consultation with their legal, financial, and other advisors, considered a number of criteria when evaluating a transaction with Grab, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

39.    The Altimeter Defendants deny the allegations in Paragraph 39 of the Amended Complaint, except admit that the quoted language appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

40.    The Altimeter Defendants deny the allegations in Paragraph 40 of the Amended Complaint, except admit that the quoted language appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

-11-

41.     The Altimeter Defendants deny the allegations in Paragraph 41 of the Amended Complaint, except admit that the quoted language appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

42.     The Altimeter Defendants deny the allegations in Paragraph 42 of the Amended Complaint, except admit that the quoted language appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

43.     The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Amended Complaint concerning Grab's current business operations, except admit that as set forth in the Proxy/Registration Statement, Grab was founded in 2012, and that, as set forth in the Proxy/Registration Statement, Grab acquired Uber's Southeast Asian business in or around March 2018, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate description of Grab's business operations at the time of the de-SPAC transaction.

44.     The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, including the cited graphic, in Paragraph 44 of the Amended Complaint, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

45.     The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 of the Amended Complaint concerning Grab's current mobility offerings, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate description of Grab's business

operations at the time of the de-SPAC transaction.

46.     The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 of the Amended Complaint concerning Grab's current delivery offerings, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate description of Grab's business operations at the time of the de-SPAC transaction.

47.     The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 of the Amended Complaint, except admit that the quoted language appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

48.     The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48 of the Amended Complaint concerning Grab's current business model, except admit that the referenced language appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate description of Grab's business operations at the time of the de-SPAC transaction, and for a complete and accurate account of its contents.

49.     The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 49 of the Amended Complaint, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate description of Grab's business operations at the time of the de-SPAC transaction.

50.     The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 of the Amended Complaint concerning Grab's current incentive and revenue structures, except admit that the cited graphic

appears in the Proxy/Registration Statement and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate description of Grab's business operations at the time of the de-SPAC transaction, and for a complete and accurate account of its contents.

51.    The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 of the Amended Complaint concerning Grab's current business operations, except admit that the quoted language appears in the Proxy/Registration Statement and that as set forth in the Proxy/Registration Statement, Grab reported negative revenues for the year ended December 31, 2019.  The Altimeter Defendants respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate description of Grab's business operations at the time of the de-SPAC transaction, and for a complete and accurate account of its contents.

52.    The Altimeter Defendants deny the allegations in Paragraph 52 of the Amended Complaint, except admit that a version of the cited graphic appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

53.    The Altimeter Defendants deny the allegations in Paragraph 53 of the Amended Complaint, except admit that a version of the referenced graphic appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

54.    The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 of the Amended Complaint concerning Grab's marketing efforts and respectfully refer the Court to the cited article for a

complete and accurate account of its contents.

55.    The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Amended Complaint concerning Grab's current incentives model and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate description of Grab's business operations at the time of the de-SPAC transaction.

56.    The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, including the cited graphic, in Paragraph 56 of the Amended Complaint.

57.    The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 of the Amended Complaint.

58.    The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, including the cited graphic, in Paragraph 58 of the Amended Complaint.

59.    The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 of the Amended Complaint, except admit that the graphic cited in Paragraph 58 purports to show that Grab offered a bonus of $1.00 for 1-3 trips, a bonus of $1.50 for 4-7 trips, and a bonus of $2.00 for 8 trips or more, subject to the various terms and requirements as set forth in the cited graphic.

60.    The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 of the Amended Complaint.

61.    The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, including the cited graphic, in Paragraph 61 of

the Amended Complaint.

62.     The Altimeter Defendants deny the allegations in Paragraph 62 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the referenced UBS analyst report, and respectfully refer the Court to that report for a complete and accurate account of its contents.

63.     The Altimeter Defendants deny the allegations, including the cited graphic, in Paragraph 63 of the Amended Complaint.  To the extent the allegations in Paragraph 63 purport to rely on Grab's Forms F-4 and certain earnings press releases, the Altimeter Defendants respectfully refer the Court to those materials for a complete and accurate account of their contents.

64.     The Altimeter Defendants deny the allegations, including the cited graphic, in Paragraph 64 of the Amended Complaint.  To the extent the allegations in Paragraph 64 purport to rely on Grab's Forms F-4 and certain earnings press releases, the Altimeter Defendants respectfully refer the Court to those materials for a complete and accurate account of their contents.

65.     The Altimeter Defendants deny the allegations in Paragraph 65 of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning purported customer complaints, and respectfully refer the Court to the referenced materials for a complete and accurate account of their contents.

66.     The Altimeter Defendants deny the allegations in Paragraph 66 of the Amended Complaint to the extent they purport to state allegations concerning "increased partner incentives," except deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 66 of the Amended Complaint, and respectfully refer the Court to the referenced website for a complete and accurate account of its contents.

67.     The Altimeter Defendants deny the allegations in Paragraph 67 of the Amended

Complaint to the extent they purport to state allegations concerning purported increased incentives, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, including the cited graphic, in Paragraph 67 of the Amended Complaint.

68.     The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68 of the Amended Complaint, and respectfully refer the Court to the referenced article for a complete and accurate account of its contents.

69.     The Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69 of the Amended Complaint, and respectfully refer the Court to the referenced article for a complete and accurate account of its contents.

70.     The Altimeter Defendants deny the allegations in Paragraph 70 of the Amended Complaint, except admit that the quoted language appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

71.     The Altimeter Defendants deny the allegations in Paragraph 71 of the Amended Complaint, except admit that the quoted language appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

72.     The Altimeter Defendants deny the allegations in Paragraph 72 of the Amended Complaint, except admit that the quoted language appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

73.    The Altimeter Defendants deny the allegations in Paragraph 73 of the Amended Complaint.

74.    Plaintiffs' claims premised on alleged misstatements concerning disclosures about Grab's past practices with respect to its "initial stages of growth" and its statement concerning general expectations with respect to future growth have been dismissed pursuant to the Court's March 12 Order, and as such, no response to those allegations is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 74 of the Amended Complaint, except admit that the quoted language appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

75.    Plaintiffs' claims premised on alleged misstatements concerning disclosures about Grab's past practices with respect to its "initial stages of growth" and its statement concerning general expectations with respect to future growth have been dismissed pursuant to the Court's March 12 Order, and as such, no response to those allegations is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 75 of the Amended Complaint.

76.    The Altimeter Defendants deny the allegations in Paragraph 76 of the Amended Complaint, except admit that the quoted language appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

77.    The Altimeter Defendants deny the allegations in Paragraph 77 of the Amended Complaint.

78.    The Altimeter Defendants deny the allegations in Paragraph 78 of the Amended

Complaint, except admit that the quoted language appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

79.    The Altimeter Defendants deny the allegations in Paragraph 79 of the Amended Complaint, except admit that the quoted language appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

80.    Plaintiffs' claims concerning the August 2, 2021 press release have been dismissed pursuant to the Court's March 12 Order, and as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 80 of the Amended Complaint, except admit that (i) Grab announced its Q1 2021 results on or about August 2, 2021; (ii) Grab made certain filings with the SEC, including at least three Forms 425 dated August 2, 2021; and (iii) the quoted language appears in the August 2, 2021 press release.  The Altimeter Defendants respectfully refer the Court to the Forms 425 and the press release referenced and partially quoted in this Paragraph for a complete and accurate account of their contents.

81.    The allegations in Paragraph 81 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims concerning the September 13, 2021 press release have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 81 of the Amended Complaint, except admit that (i) on or about September 13, 2021, Grab and certain of its executives, including Ken Lek, Anthony Tan, Ming Maa, and Peter Oey, held a conference call to discuss Grab's Q2 2021 results; (ii) Grab made certain filings with the SEC, including a Form 425 dated September 14, 2021, that includes a

transcript of this conference call; and (iii) the quoted language appears in the conference call transcript.  The Altimeter Defendants respectfully refer the Court to the conference call transcript referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

82.    The allegations in Paragraph 82 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims concerning the September 13, 2021 press release have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 82 of the Amended Complaint.

83.    The allegations in Paragraph 83 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims concerning the September 13, 2021 press release have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 83 of the Amended Complaint, except admit that the quoted language appears in the conference call transcript filed on the Form 425 dated September 14, 2021, and respectfully refer the Court to that transcript for a complete and accurate account of its contents.

84.    The allegations in Paragraph 84 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims concerning the September 13, 2021 press release have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 84 of the Amended Complaint.

85.    Plaintiffs' claims premised on alleged misstatements concerning Grab's November 2021 revenue disclosure and the COVID-19 lockdowns in Vietnam and across Southeast Asia, and

claims premised on alleged misstatements in the November 12, 2021 press release have been dismissed pursuant to the Court's March 12 Order; as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 85 of the Amended Complaint, except admit that (i) on or about November 11, 2021, Grab announced its Q3 2021 results; (ii) Grab made certain filings with the SEC, including a Form 425 dated November 12, 2021, that includes the November 11, 2021 press release; and (iii) the quoted language appears in the press release dated November 11, 2021 and filed on the Form 425 dated November 12, 2021. The Altimeter Defendants respectfully refer the Court to the November 11, 2021 press release for a complete and accurate account of its contents.

86.     Plaintiffs' claims premised on alleged misstatements concerning Grab's November 2021 revenue disclosure and the COVID-19 lockdowns in Vietnam and across Southeast Asia, and claims premised on alleged misstatements in the November 12, 2021 press release have been dismissed pursuant to the Court's March 12 Order, and as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 86 of the Amended Complaint.

87.     Plaintiffs' claims premised on alleged misstatements concerning Grab's November 2021 revenue disclosure and the COVID-19 lockdowns in Vietnam and across Southeast Asia have been dismissed pursuant to the Court's March 12 Order, and as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 87 of the Amended Complaint, except admit that (i) the final, operative Proxy/Registration Statement was filed on Form 424(b)(3) dated November 19, 2021, and (ii) the quoted language appears in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

88.     The allegations in Paragraph 88 of the Amended Complaint state legal conclusions to which no response is required, and Plaintiffs' claim that the Proxy/Registration Statement violated Item 303 has been dismissed pursuant to the Court's March 12 Order.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 88 of the Amended Complaint.

89.     The allegations in Paragraph 89 of the Amended Complaint state legal conclusions to which no response is required, and Plaintiffs' claim that the Proxy/Registration Statement violated Item 303 has been dismissed pursuant to the Court's March 12 Order.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 89 of the Amended Complaint.

90.     The allegations in Paragraph 90 of the Amended Complaint state legal conclusions to which no response is required, and Plaintiffs' claim that the Proxy/Registration Statement violated Item 303 has been dismissed pursuant to the Court's March 12 Order.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 90 of the Amended Complaint.

91.     The Altimeter Defendants deny the allegations in Paragraph 91 of the Amended Complaint, except admit that (i) AGC shareholders approved the de-SPAC transaction with Grab, and (ii) Grab issued a press release dated December 1, 2021, announcing the completion of the transaction, and the quoted language appears in the December 1, 2021 press release.  The Altimeter Defendants respectfully refer the Court to the press release referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

92.     The Altimeter Defendants deny the allegations in Paragraph 92 of the Amended Complaint, except admit that (i) as set forth in the Proxy/Registration Statement, AGC

shareholders could exercise their right to redeem Class A ordinary shares at a price of $10 per share, and (ii) a version of the cited graphic appears in the cited article.  The Altimeter Defendants respectfully refer the Court to the Proxy/Registration Statement and to the article cited in this Paragraph for a complete and accurate account of their contents.

93.    The Altimeter Defendants deny the allegations in Paragraph 93 of the Amended Complaint, except admit that (i) Grab issued a press release dated March 3, 2022 announcing its Q4 2021 and full-year 2021 results; (ii) Grab made certain filings with the SEC, including a Form 20-F dated April 28, 2022; and (iii) the quoted language appears in the Form 20-F dated April 28, 2022.  The Altimeter Defendants respectfully refer the Court to the materials referenced and partially quoted in this Paragraph for a complete and accurate account of their contents.

94.    The allegations in Paragraph 94 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 94 of the Amended Complaint.

95.    The allegations in Paragraph 95 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 95 of the Amended Complaint and respectfully refer the Court to the cited authorities for a complete and accurate account of their contents.

96.    The allegations in Paragraph 96 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants and state legal conclusions, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 96 of the Amended Complaint and respectfully refer the Court to the cited authorities for a complete and accurate account of their contents.

97.    The allegations in Paragraph 97 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants and state legal conclusions, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 97 of the Amended Complaint.

98.    The allegations in Paragraph 98 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 of the Amended Complaint.

99.    The allegations in Paragraph 99 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 99 of the Amended Complaint.

100.    The allegations in Paragraph 100 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 100 of the Amended Complaint, except admit that the quoted language appears in the article cited in this Paragraph and respectfully refer the Court to the article referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

101.    The allegations in Paragraph 101 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 101 of the Amended Complaint, except admit that the quoted language appears in the article cited in Paragraph 100 of the Amended Complaint, and respectfully refer the Court to the article referenced and partially quoted in Paragraphs 100 and 101 for a complete and accurate account of its contents.

102.    The allegations in Paragraph 102 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 102 of the Amended Complaint, except admit that Grab issued a press release dated March 3, 2022 announcing its Q4 2021 and full-year 2021 results, and that the quoted language appears in the March 3, 2022 press release.  The Altimeter Defendants respectfully refer the Court to the press release referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

103.    The allegations in Paragraph 103 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 103 of the Amended Complaint, except admit that on or about March 3, 2022, Grab held an earnings call concerning its Q4 2021 and full-year 2021 results, and that the quoted

language appears in the transcript of that call. The Altimeter Defendants respectfully refer the Court to the earnings call transcript referenced and partially quoted in this Paragraph for a complete and accurate account of its contents.

104.    The allegations in Paragraph 104 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 104 of the Amended Complaint, except admit that Grab's stock traded at $3.28 at some point on March 3, 2022.

105.    The allegations in Paragraph 105 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, state legal conclusions, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 105 of the Amended Complaint, except admit that (i) Grab made certain filings with the SEC, including a Form 20-F dated April 28, 2022, and (ii) the quoted language appears in the Form 20-F dated April 28, 2022. The Altimeter Defendants refer the Court to the documents referenced and partially quoted in this Paragraph for a complete and accurate account of their contents.

106.    The allegations in Paragraph 106 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 106 of the Amended Complaint, except admit that the quoted language appears in the

Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents.

107. The allegations in Paragraph 107 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 107 of the Amended Complaint.

108. The allegations in Paragraph 108 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 108 of the Amended Complaint.

109. The allegations in Paragraph 109 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 109 of the Amended Complaint.

110. The allegations in Paragraph 110 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 110 of the Amended Complaint.

111. The allegations in Paragraph 111 of the Amended Complaint state legal conclusions

to which no response is required.  To the extent the allegations in Paragraph 111 purport to state allegations concerning Plaintiffs' Section 10(b) claims, Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 111 of the Amended Complaint, except admit that Plaintiffs purport to describe the nature of this action and the putative classes that Plaintiffs purport to represent.

112.    The allegations in Paragraph 112 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 112 of the Amended Complaint, except admit that (i) Plaintiffs purport to bring this federal securities action on behalf of putative classes of holders of Grab shares or securities, and (ii) Grab securities trade on the NASDAQ.

113.    The allegations in Paragraph 113 of the Amended Complaint state legal conclusions to which no response is required.  To the extent the allegations in Paragraph 113 purport to state allegations concerning Plaintiffs' Section 10(b) claims, Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 113 of the Amended Complaint.

114.    The allegations in Paragraph 114 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 114 of the Amended Complaint, except admit that Plaintiffs purport to describe the basis for bringing this action as a putative class action.

115.    The allegations in Paragraph 115 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Altimeter Defendants

deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115 of the Amended Complaint, except admit that Plaintiffs purport to describe the basis for bringing this action as a putative class action.

116.    The allegations in Paragraph 116 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 116 of the Amended Complaint, except admit that Plaintiffs purport to describe the basis for bringing this action as a putative class action.

117.    The allegations in Paragraph 117 of the Amended Complaint state legal conclusions to which no response is required.  To the extent the allegations in Paragraph 117 purport to state allegations concerning Plaintiffs' Section 10(b) claims, Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 117 of the Amended Complaint.

118.    The allegations in Paragraph 118 of the Amended Complaint state legal conclusions to which no response is required.  To the extent the allegations in Paragraph 118 purport to state allegations concerning Plaintiffs' Section 10(b) claims, Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 118 of the Amended Complaint.

119.    The Altimeter Defendants repeat and reallege their responses to Paragraphs 1 through 95 and Paragraphs 111 through 116 set forth above as if fully set forth herein.

120.    The allegations in Paragraph 120 of the Amended Complaint state legal conclusions to which no response is required.  To the extent a response is required, the Altimeter Defendants

deny the allegations in Paragraph 120 of the Amended Complaint.

121. The allegations in Paragraph 121 state legal conclusions to which no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 121 of the Amended Complaint, except admit that Plaintiffs purport to assert the claim described in this Paragraph, and the Altimeter Defendants reserve all of their defenses, rights, and arguments with respect to that claim.

122. The Altimeter Defendants deny the allegations in the first sentence of Paragraph 122 of the Amended Complaint, except admit that Grab issued shares and securities via the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents. The second sentence of Paragraph 122 states legal conclusions to which no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in the second sentence of Paragraph 122 of the Amended Complaint.

123. The Altimeter Defendants deny the allegations in the first sentence of Paragraph 123 of the Amended Complaint, except admit that they held the titles attributed to them in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents, including all signatories thereto. The remaining allegations in Paragraph 123 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, the Altimeter Defendants deny the remaining allegations in Paragraph 123 of the Amended Complaint.

124. The allegations in Paragraph 124 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants and state legal conclusions; as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the

allegations in Paragraph 124 of the Amended Complaint, except admit that Defendants Tan, Ling, Ein, Rogers, Khosrowshahi, and Jay held the titles attributed to them in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents, including all signatories thereto.

125. The allegations in Paragraph 125 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants and state legal conclusions; as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 125 of the Amended Complaint.

126. The Altimeter Defendants deny the allegations in Paragraph 126 of the Amended Complaint.

127. The allegations in Paragraph 127 state legal conclusions to which no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 127 of the Amended Complaint, except admit that Plaintiffs filed the initial complaint in this action on March 16, 2022.

128. The Altimeter Defendants repeat and reallege their responses to Paragraphs 1 through 95, Paragraphs 111 through 116, and Paragraphs 119 through 127 set forth above as if fully set forth herein.

129. The allegations in Paragraph 129 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants and state legal conclusions; as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 129 of the Amended Complaint.

130. The allegations in Paragraph 130 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and as such, no response is required. To

the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 130 of the Amended Complaint.

131. The allegations in Paragraph 131 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 131 of the Amended Complaint.

132. The Altimeter Defendants repeat and reallege their responses to Paragraphs 1 through 95 and Paragraphs 111 through 116 set forth above as if fully set forth herein.

133. The allegations in Paragraph 133 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 133 of the Amended Complaint.

134. The allegations in Paragraph 134 of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 134 of the Amended Complaint and respectfully refer the Court to the cited authority for a complete and accurate account of its contents.

135. The Altimeter Defendants deny the allegations in Paragraph 135 of the Amended Complaint.

136. The Altimeter Defendants deny the allegations in Paragraph 136 of the Amended Complaint.

137. The Altimeter Defendants deny the allegations in Paragraph 137 of the Amended Complaint.

138. The Altimeter Defendants deny the allegations in Paragraph 138 of the Amended Complaint.

139.    The Altimeter Defendants deny the allegations in Paragraph 139 of the Amended Complaint.

140.    The Altimeter Defendants deny the allegations in Paragraph 140 of the Amended Complaint.

141.    The Altimeter Defendants repeat and reallege each and every response set forth above as if fully set forth herein.

142.    The allegations in Paragraph 142 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 142 of the Amended Complaint.

143.    The allegations in Paragraph 143 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 143 of the Amended Complaint.

144.    The allegations in Paragraph 144 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 144 of the Amended Complaint.

145.    The allegations in Paragraph 145 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section

10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 145 of the Amended Complaint.

146.    The allegations in Paragraph 146 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 order; as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 146 of the Amended Complaint.

147.    The allegations in Paragraph 147 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 147 of the Amended Complaint.

148.    The allegations in Paragraph 148 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 148 of the Amended Complaint.

149.    The Altimeter Defendants repeat and reallege every response set forth above as if fully set forth herein.

150.    The allegations in Paragraph 150 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is

-34-

required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 150 of the Amended Complaint.

151.    The allegations in Paragraph 151 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 order; as such, no response is needed. To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 151 of the Amended Complaint, except admit that Tan and Maa held the titles attributed to them in the Proxy/Registration Statement, and respectfully refer the Court to the Proxy/Registration Statement for a complete and accurate account of its contents, including all signatories thereto.

152.    The allegations in Paragraph 152 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 152 of the Amended Complaint.

153.    The allegations in Paragraph 153 of the Amended Complaint state allegations concerning parties other than the Altimeter Defendants, and Plaintiffs' claims premised on Section 10(b) have been dismissed pursuant to the Court's March 12 Order; as such, no response is required.  To the extent a response is required, the Altimeter Defendants deny the allegations in Paragraph 153 of the Amended Complaint.

## PRAYER FOR RELIEF

A.    The Altimeter Defendants deny that Plaintiffs or putative class members are entitled to any judgment, damages, or relief, and respectfully request that the Court dismiss all claims against the Altimeter Defendants with prejudice and order such further relief as the Court deems

just and proper.

B.      The Altimeter Defendants deny that Plaintiffs or putative class members are entitled to any judgment, damages, or relief, and respectfully request that the Court dismiss all claims against the Altimeter Defendants with prejudice and order such further relief as the Court deems just and proper.

C.      The Altimeter Defendants deny that Plaintiffs or putative class members are entitled to any judgment, damages, or relief, and respectfully request that the Court dismiss all claims against the Altimeter Defendants with prejudice and order such further relief as the Court deems just and proper.

D.      The Altimeter Defendants deny that Plaintiffs or putative class members are entitled to any judgment, damages, or relief, and respectfully request that the Court dismiss all claims against the Altimeter Defendants with prejudice and order such further relief as the Court deems just and proper.

E.      The Altimeter Defendants deny that Plaintiffs or putative class members are entitled to any judgment, damages, or relief, and respectfully request that the Court dismiss all claims against the Altimeter Defendants with prejudice and order such further relief as the Court deems just and proper.

**DEMAND FOR A TRIAL BY JURY**

The allegation in this Paragraph of the Amended Complaint states a legal conclusion to which no response is required.  To the extent a response is required, the Altimeter Defendants reserve the right to challenge this demand.

**<u>AFFIRMATIVE DEFENSES</u>**

Without assuming the burden of proof on any matters where that burden rests on Plaintiffs, the Altimeter Defendants assert the following affirmative and other defenses to the Amended

Complaint. Use of the term "Plaintiffs" in the defenses refers to the named Plaintiffs in this action and to any member of the putative plaintiff classes alleged in the Amended Complaint. The Altimeter Defendants reserve the right to raise any additional defenses, counterclaims, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, and will amend or modify their answer accordingly. The Altimeter Defendants further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery or other proceedings in this action.

## FIRST DEFENSE

### (Dismissed Claims)

By its March 12 Order, the Court dismissed Plaintiffs' claims based on: (1) statements concerning Grab's November 2021 revenue disclosure and the COVID-19 lockdowns in Vietnam and across Southeast Asia; (2) statements concerning disclosures about Grab's past practices with respect to its "initial stages of growth" and its statement concerning general expectations with respect to future growth; (3) statements made in an August 2, 2021 press release; (4) statements made on a September 13, 2021 conference call; (6) statements made in a November 12, 2021 press release; (7) alleged violations of Item 303; and (8) alleged violations of Section 10(b) and Rule 10b-5 promulgated thereunder. The Court also concluded that Plaintiffs failed to allege Section 15(a) or Section 20(a) derivative liability claims premised on statements that the Court concluded were non-actionable.

## SECOND DEFENSE

### (Failure to State a Cause of Action)

The claims asserted against the Altimeter Defendants fail to allege facts sufficient to state a claim upon which relief may be granted.

## THIRD DEFENSE

### (No Actionable or Material Misstatement or Omission)

Plaintiffs' claims are barred, in whole or in part, because when the Proxy/Registration Statement became effective, they did not contain an untrue statement of material fact or omission of material fact required to be stated or necessary to make any statements therein not misleading.

## FOURTH DEFENSE

### (Opinion)

Plaintiffs' claims are barred, in whole or in part, because the allegedly untrue statements of material fact and/or omissions are non-actionable statements of opinion.

## FIFTH DEFENSE

### (Bespeaks Caution)

Plaintiffs' claims are barred, in whole or in part, because the allegedly untrue statements of material fact and/or omissions were forward-looking statements and/or contained adequate cautionary language and risk disclosures.

## SIXTH DEFENSE

### (Due Diligence)

Plaintiffs' claims are barred, in whole or in part, because the Altimeter Defendants conducted a reasonable and diligent investigation and had reasonable grounds to believe, and did believe, that at the time the Proxy/Registration Statement became effective, the statements therein were true.

## SEVENTH DEFENSE

### (Reasonable Reliance)

Plaintiffs' claims are barred, in whole or in part, because, at all relevant times, the Altimeter Defendants relied in good faith on the work, opinion, information, representations, reports, and

advice of other persons and/or entities on which the Altimeter Defendants were entitled to rely.

## EIGHTH DEFENSE

### (Lack of Standing)

Plaintiffs' claims are barred, in whole or in part, because some or all of the putative class members do not have standing to bring the causes of action alleged in the Amended Complaint.

## NINTH DEFENSE

### (Knowledge)

Plaintiffs' claims of alleged misrepresentations and omissions, which are denied, are barred to the extent any allegedly misstated facts or omissions were known to Plaintiffs.

## TENTH DEFENSE

### (Assumption of Risk)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knew of the risks associated with investing in Grab securities, and thus assumed the risk that the value of Grab securities would decline if such risks materialized.

## ELEVENTH DEFENSE

### (Truth on the Market)

Plaintiffs' claims are barred, in whole or in part, because some or all of the matters now alleged to be the subject of false and/or misleading statements or omissions were publicly disclosed and available to Plaintiffs and to the marketplace at large and thus at all times reflected in the price of Grab's securities.

## TWELFTH DEFENSE

### (Negative Causation)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claimed damages are attributable to causes other than the alleged depreciation in value that Plaintiffs claim resulted from

the Proxy/Registration Statement supposedly containing untrue statements or omitting material facts required to be stated therein or necessary to make the statements therein not misleading.

## THIRTEENTH DEFENSE

### (Transaction Causation)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs would have made the purchases alleged in the Amended Complaint even with full knowledge of the purported untruths in, and facts allegedly misleadingly omitted from, the Proxy/Registration Statement.

## FOURTEENTH DEFENSE

### (Putative Class Not Certifiable)

Plaintiffs' claims are barred, in whole or in part, because the putative class is not certifiable under Fed. R. Civ. P. 23.

## FIFTEENTH DEFENSE

### (No Damages)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any damages.

## SIXTEENTH DEFENSE

### (Damages Speculative)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' damages, if any, are speculative and thus not recoverable.

## SEVENTEENTH DEFENSE

### (Action without Merit)

Plaintiffs' claims are barred, in whole or in part, because they are "without merit" within the meaning of the last sentence of Section 11(e) of the 1933 Act. The Altimeter Defendants also reserve the right to assert an affirmative claim against Plaintiffs on this basis.

## EIGHTEENTH DEFENSE

### (Failure to Mitigate)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Amended Complaint, and thereby are barred from recovering any damages that might reasonably have been avoided.

## NINETEENTH DEFENSE

### (Superseding or Intervening Events)

Plaintiffs' claims are barred, in whole or in part, because superseding or intervening events caused some or all of the alleged damages.

## TWENTIETH DEFENSE

### (Market Factors)

Plaintiffs' claims are barred, in whole or in part, because any increase or decrease in the value of Grab securities was and is, wholly or partially, the result of market conditions or other factors and not the result of any alleged wrongful conduct by the Altimeter Defendants.

## TWENTY-FIRST DEFENSE

### (Good Faith)

Plaintiffs' claims are barred, in whole or in part, because at all relevant times the Altimeter Defendants acted in good faith, including by acting in conformity with the law and rules and regulations of the U.S. Securities and Exchange Commission.

## TWENTY-SECOND DEFENSE

### (Reasonable Reliance on Experts)

Plaintiffs' claims are barred, in whole or in part, because with respect to portions of the Proxy/Registration Statement purported to be made on the authority of experts (other than the

Altimeter Defendants), or purporting to be a copy of or extract from a report or valuation of an expert (other than the Altimeter Defendants), the Altimeter Defendants had no reasonable grounds to believe and did not believe, at the time such part of the Proxy/Registration Statement became effective, the statements therein were untrue or that there was an omission to state a material fact required to be stated therein or necessary to make statements therein not misleading, or that such part of the Proxy/Registration Statement did not fairly represent the statement of the expert or was not a fair copy or extract from the expert's report or valuation as an expert.

## TWENTY-THIRD DEFENSE

### (Comparative Fault and/or Contributory Negligence)

Plaintiffs' claims are barred, in whole or in part, by the actions, omissions, and/or comparative fault and contributory negligence of Plaintiffs or other third parties, including the failure to undertake their own diligence.

## TWENTY-FOURTH DEFENSE

### (Equitable Doctrines)

Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, waiver, unclean hands, and other related equitable defenses.

## TWENTY-FIFTH DEFENSE

### (No Duty to Disclose the Alleged Omissions)

Plaintiffs' claims are barred, in whole or in part, because at all relevant times the Altimeter Defendants had no duty to disclose any information that the Amended Complaint alleges was omitted from the Proxy/Registration Statement to the extent that such information existed at the time the Proxy/Registration Statement was filed or became effective.

## TWENTY-SIXTH DEFENSE

### (General Statement of Optimism or Puffery)

Plaintiffs' claims are barred, in whole or in part, because some or all of the purported misstatements or omissions alleged in the Amended Complaint reflect or pertain to nonactionable statements of corporate optimism or puffery.

## TWENTY-SEVENTH DEFENSE

### (Incorporation by Reference)

The Altimeter Defendants adopt by reference any applicable defense pled by any other defendant not expressly set forth herein.

## TWENTY-EIGHTH DEFENSE

### (Contribution and Indemnification)

Plaintiffs' claims against the Altimeter Defendants are barred, in whole or in part, because the Altimeter Defendants are entitled to recover contribution and/or indemnity from others for any liability they incur.

WHEREFORE the Altimeter Defendants respectfully request judgment dismissing the Amended Complaint with prejudice and other, further, and different relief as the Court deems just and proper.

Dated: New York, New York
     May 9, 2024

*/s/ Amy Jane Longo*
David B. Hennes
Amy Jane Longo
Elana M. Stern
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, New York 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
David.Hennes@ropesgray.com
Amy.Longo@ropesgray.com
Elana.Stern@ropesgray.com

*Attorneys for the Altimeter Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2024, a copy of the foregoing was filed electronically via the Court's CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF system.

Dated: May 9, 2024                    **ROPES & GRAY LLP**


By:      */s/ Amy Jane Longo*
         Amy Jane Longo