**LEVI & KORSINSKY, LLP**
Shannon L. Hopkins
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel.: (203) 992-4523
Fax: (212) 363-7171

-and-

**POMERANTZ LLP**
Joshua B. Silverman
Brian P. O'Connell
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184

*Co-Lead Counsel for Co-Lead Plaintiffs and the Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT OF THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GRAB HOLDINGS LIMITED SECURITIES LITIGATION | Case No. 1:22-cv-02189-JLR<br>Hon. Jennifer L. Rochon<br><br>JURY TRIAL DEMANDED |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ISSUANCE OF A LETTER ROGATORY PURSUANT TO THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS DATED MARCH 18, 1970

Pursuant to Federal Rule of Civil Procedure 28(b) and 28 U.S.C. § 1781(b)(2), Plaintiffs respectfully move the Court to issue a letter of request pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters dated March 18, 1970 ("Hague

Convention") to obtain overseas documents of Morgan Stanley Asia (Singapore) Pte. ("Morgan Stanley Singapore").[1]

Morgan Stanley Singapore is incorporated in Singapore, and has its principal place of business at #16-01 Capital Square, 23 Church Street, Singapore 049481.[2] Because Morgan Stanley Singapore is a non-party to this litigation, is a Singaporean entity, and is otherwise outside this Court's jurisdiction, Plaintiffs are able to secure production of documents in its possession only through a letter rogatory. *See e.g. In re Turquoise Hill Res. Ltd., Sec. Litig.*, 2023 WL 5322019, at *2 (S.D.N.Y. Mar. 8, 2023) (granting the parties' requests for issuances of letters rogatory through the Hague Convention because "[t]he parties are able to secure their documents and testimony only by letter of request" where the targets of the requests are non-parties to the action and are citizens of the United Kingdom who are outside the court's jurisdiction).[3]

---

[1] References to "¶_" are to the Amended Class Action Complaint for Violation of Securities Laws (ECF No. 58) ("Compl." or "Complaint"). Unless otherwise noted, capitalized terms shall have the same meanings as ascribed to them in the Compliant. Internal quotations and citations are omitted.

[2] MONETARY AUTH. OF SING., *Morgan Stanley Asia (Sing.) Pte.*, https://eservices.mas.gov.sg/fid/institution/detail/736-MORGAN-STANLEY-ASIA-SINGAPORE-PTE (last visited August 2, 2024).

[3] *See also Gap, Inc. v. Stone Int'l Trading*, 1994 WL 38651, at *1 (S.D.N.Y Feb. 4, 1994) ("[a]s a practical matter, in many cases the Hague Convention provides the only means to request documents or testimony from foreign non-parties over whom the court has no personal jurisdiction and who are beyond the subpoena power of the court"); *Metso Minerals Inc. v. Powerscreen Int'l Distrib. Ltd.*, 2007 WL 1875560, at *3 (E.D.N.Y. June 25, 2007) (finding that the procedures of the Hague Convention may be the "only means by which the requested discovery may be obtained" where the producing party is a non-party to the action and is a citizen of Northern Ireland, and therefore not subject to the jurisdiction of the court); *Crouch v. Liberty Pride Corp.*, 2016 WL 4718431, at *3 (E.D.N.Y Sept. 9, 2016) ("the issuance of a Letter of Request[] may be the only means available to obtain [the non-party's] testimony" where the target of the letter is a non-party citizen of England who is beyond the jurisdiction of the court).

Both the United States and Singapore are parties to the Hague Convention.[4] Pursuant to that treaty, federal courts may issue letters of request to the competent authorities of other signatories asking that they compel the requested discovery. *Villella v. Chem. & Mining Co. of Chile Inc.*, 2018 WL 2958361, at *2 (S.D.N.Y. June 13, 2018).

For the foregoing reasons, and for those detailed below, the Court should issue Plaintiffs' request for the issuance of a letter rogatory to obtain discovery from Morgan Stanley Singapore, which is attached as Exhibit A to the Declaration of Shannon L. Hopkins in Support of Plaintiffs' Motion for Issuance of a Letter Rogatory Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters dated March 18, 1970 ("Hopkins Decl."), filed herewith.

## **ARGUMENT**

### I.     **Courts Routinely Grant Requests for Issuance of Letters Rogatory**

Federal Rule of Civil Procedure 28(b) and 28 U.S.C. §1781(b)(2) grant this Court authority to issue letters rogatory that "enable a U.S. litigant to obtain non-party discovery from a foreign entity." *Turquoise Hill*, 2023 WL 5322019 at *1, quoting *Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co.*, 841 F. Supp. 2d 769, 776 (S.D.N.Y. 2012). Courts "routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd. v. Jones Apparel Grp.*, 2005 WL 1214345, at *1 (S.D.N.Y. May 18, 2005) (granting plaintiff's request for issuance of letters rogatory where plaintiff's efforts to obtain discovery from defendant's foreign sub-licensee, to verify discovery obtained from defendant, may uncover relevant evidence).

---

[4] HCCH, *Status Table*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited August 2, 2024).

In considering the issuance of letters rogatory, United States courts "apply the discovery principles contained in Rule 26." *Lantheus Med. Imaging*, 841 F. Supp. 2d at 776.[5] Rule 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 3906712, at *3 (S.D.N.Y. July 14, 2016), quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Additionally, "[d]iscovery is not limited to the issues raised in the pleadings," as "many factual issues may arise during discovery that may not necessarily be related to the merits of the case." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2006 WL 8429110, at *2 (S.D.N.Y. June 21, 2006), citing *Oppenheimer Fund*, 437 U.S. at 351.

While the Republic of Singapore has declared, pursuant to Article 23 of the Hague Convention, that it will not execute a Letter of Request issued for the purpose of obtaining pre-trial discovery of documents, "the emerging view" of Article 23 "is that it applies only to requests that lack sufficient specificity or that have not been reviewed for relevancy by the requesting court." *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 564-65 (1987); *compare id*. at 564 n.22 (explaining one interpretation of Article 23's pre-trial discovery declaration merely precludes requests that ask the responding party to state what documents are in their possession and/or seek production of documents other than those in

---

[5] *See also Pearlstein v. Blackberry Ltd.*, 332 F.R.D. 117, 122 (S.D.N.Y. 2019) ("the responsibility of this Court is to determine whether the letter of request should be issued given the principles of discovery under Rule 26"); *Joseph v. Gnutti Carlo S.p.A.*, 2016 WL 4083433, at *1 (S.D.N.Y. July 25, 2016) ("[i]n deciding whether to issue letters rogatory in a particular case, courts apply the discovery principles contained in Federal Rule of Civil Procedure 26").

the request) *with* Singapore's Article 23 Declaration[6]; *Gomez v. Vizcaya*, 1993 WL 204990, at *6 (S.D.N.Y. June 7, 1993) ("This provision was intended to prevent pretrial discovery of a fishing nature"); *United States v. Buff*, 2023 WL 3765999, at *1 (S.D.N.Y. Apr. 27, 2023) (reliance on Aérospatiale "remains grounded in good law"). "Thus, in practice, a reservation is not the significant obstacle to discovery under the Convention that the broad wording of Article 23 would suggest." *Societe Nationale Industrielle Aerospatiale,* 482 U.S. at 565. Indeed, while the party seeking application of the Hague Convention bears the burden of persuasion, "that burden is not a heavy one." *Turquoise Hill*, 2023 WL 5322019, at *1; *Villella*, 2018 WL 2958361, at *3 (same).

The United States Court's "responsibility . . . is to determine whether the letter of request should be issued given the principles of discovery under Rule 26" and whether a request will be enforceable in the foreign court is "best left to the judicial authorities" of that court. *Pearlstein*, 332 F.R.D. at 122; *Crouch*, 2016 WL 4718431, at *2 ("while the propriety of issuance of the LOR [Letter of Request] is a matter for this Court, the decision of whether to execute the LOR will be decided by the sovereign court to which the LOR is addressed"). "A Letter of Request is properly granted by a Federal Court where there is compliance with the requirements of the Convention and the information sought is within the scope of discovery as set forth in Rule 26 of the Federal Rules of Civil Procedure." *Crouch*, 2016 WL 4718431, at *2.

---

[6] HCCH, *Articles: 4,23,* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=569&disp=resdn (last accessed August 2, 2024) ("The Government of the Republic of Singapore further declares that it understands Letters of Request issued for the purpose of obtaining pre-trial discovery of documents for the purpose of the foregoing Declaration as including any Letter of Request which requires a person: (a) to state what documents relevant to the proceedings to which the Letter of Request relates are, or have been, in his possession, custody or power; or (b) to produce any documents other than particular documents specified in the Letter of Request as being documents appearing to the requested court to be, or to be likely to be, in his possession, custody or power.").

Because Plaintiffs' letter of request seeks relevant evidence (*see* §II, *infra*), is sufficiently tailored to documents in Morgan Stanley Singapore's possession (*see* §III, *infra*), and "specifies: (1) the judicial authority requesting execution of the Letter of Request and the judicial authority requested to execute it; (2) the names and addresses of the parties and their representatives; (3) the nature of the proceedings for which the evidence is sought, and a summary of the complaint; and (4) a description of the evidence to be obtained or the judicial act to be performed[,]" it should be granted. *Crouch*, 2016 WL 4718431, at \*3; *see* Hopkins Decl., Ex. A.

## II.     The Evidence Sought by Plaintiffs is Relevant

The documents sought in Plaintiffs' letter of request are plainly relevant to this action. Morgan Stanley Singapore served with JPMorgan Chase Bank, N.A. and Evercore Group L.L.C. as co-advisers to Defendant Grab Holdings Limited ("Grab"), providing valuation and financial advisory services in connection with Grab's merger with Altimeter Growth Corp. ("AGC") (the "Merger") (valued at $39.6 billion) and the proxy/registration statement which contains the alleged false and misleading statements and omissions that are the subject of this action.[7] Specifically, Plaintiffs allege that investors relied on a defective proxy/registration statement that did not accurately disclose that Grab was experiencing severe driver shortages, forcing the company to significantly increase driver incentives in order to retain drivers, and that Grab significantly increased its consumer incentives, including large discounts for customers designed to offset increased prices stemming from the company's driver shortage. *See* Compl. at ¶¶7-9. These undisclosed issues made the economies of Grab's core services significantly less profitable for the Company. Compl. ¶9.

---

[7] U.S. SEC, *Proxy/Registration Statement, Grab Holdings Ltd.*, 156 (filed Nov. 19, 2021), https://www.sec.gov/Archives/edgar/data/1855612/000119312521334426/d197617df4a.htm

Determining the extent to which these undisclosed issues were available to Grab and considered prior to filing the defective proxy/registration statement will be a central tenet of Plaintiffs' case going forward. As Grab's co-advisor on the Merger with AGC, Morgan Stanley Singapore provided valuation analysis and other financial services in connection with the Merger, and would therefore likely have the information Plaintiffs require to prove their claim that Defendants made false and misleading statements or omissions in the proxy/registration statement and to rebut affirmative defenses raised by Defendants. Specifically, as one of just three financial advisors to Grab, Morgan Stanley Singapore assuredly has documents and information regarding whether, and to what extent, Grab's driver shortages and incentive programs factored into the Company's valuation prior to the Merger. Such documents are necessary to evaluate whether Grab's true valuation (and any underlying drivers of that valuation) was accurately reflected in the allegedly defective proxy/registration statement. Moreover, both the AGC Defendants and Grab Defendants asserted affirmative defenses in their respective Answers to the Complaint relating to due diligence (ECF No. 114 at 38; ECF No. 115 at 80), and reliance on the advice of advisors and experts (ECF No. 114 at 38-39, 41-42; ECF No. 115 at 80), both of which concern information provided by Morgan Stanley Singapore to Defendants in connection with the Merger.[8]

Accordingly, Plaintiffs require documents relating to Grab's consideration of the aforementioned issues related to valuation and any advice provided by Morgan Stanley Singapore.

---

[8] "Grab Defendants" refers to Defendants Grab, Anthony Tan, Peter Oey, Tan Hooi Ling, John Rogers, Dara Khosrowshahi, Ng Shin Ein, and Oliver Jay. "AGC Defendants" refers to Brad Gerstner, Hab Siam, Richard N. Barton, Aishetu Fatima Dozie, and Dev Ittycheria. "Defendants" refers to the Grab Defendants and the AGC Defendants collectively. On May 9, 2024, the AGC Defendants filed their Answer, Defenses, and Affirmative Defenses to Plaintiffs' Amended Complaint (ECF No. 114) and the Grab Defendants filed their Answer to the Amended Complaint (ECF No. 115). Defendants' respective answers are referred to collectively as "Answers to the Complaint."

*In re Initial Pub. Offering Sec. Litig.*, 2004 WL 60290, at *5 (S.D.N.Y. Jan. 12, 2004) (finding that the discovery sought was relevant because the documents related to senior management's awareness of the practices which were the subject of the instant action); *In re PE Corp. Sec. Litig.*, 221 F.R.D. 20, 25 (D. Conn. 2003) (finding that plaintiffs' request for discovery related to defendant's conduct which was the underlying subject of the alleged false and misleading statements in defendant's proxy/registration statement was relevant because "the information sought by these requests is reasonably calculated to lead to the discovery of admissible evidence"); *id*. at 28 (finding that "[t]he need for full disclosure outweighs the burden placed on each non-party to produce responsive documents" and "is especially appropriate in a case involving fraud and deceit.").

### III.    Plaintiffs' Requests are Proportional to the Needs of the Case and Sufficiently Tailored

The discovery Plaintiffs seek from Morgan Stanley Singapore is proportional to the needs of the case and sufficiently tailored to encompass a limited subset of documents and testimony related to Morgan Stanley Singapore's role as Grab's co-adviser, valuation analysis, and other financial services related to the Merger. *See* Hopkins Decl., Ex. A. Because Morgan Stanley Singapore was intimately involved in advising Grab ahead of the Merger, Plaintiffs are justified in seeking discovery of the scope requested here, which is limited to Morgan Stanley Singapore's involvement with Grab's Merger with AGC. Moreover, Plaintiffs' request complies with Singapore's interpretation of Article 23 (*see* n.6, *supra*) as it seeks specific documents in Morgan Stanley Singapore's possession and neither asks Morgan Stanley Singapore to state what documents it has in its possession nor does it seek documents outside of those listed in the request. *See* Hopkins Decl., Ex. A. Given this targeted and relevant scope, and the fact that this information is likely to affect the claims of hundreds or thousands of affected class members, Plaintiffs'

8

requests of Morgan Stanley Singapore are proportionate to and sufficiently tailored to the needs of the case. *Villella*, 2018 WL 2958361, at *8 (issuing a letter of request when the recipient's relevance to the suit is clear and in light of the "significant sums of money [that were] at stake" in the matter).

## CONCLUSION

For the foregoing reasons, the Court should grant this motion and issue the letter of request attached as Exhibit A to the Hopkins Decl.

Dated: August 5, 2024

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Shannon L. Hopkins*
Shannon L. Hopkins
Gregory M. Potrepka
Morgan M. Embleton (*pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel.: (203) 992-4523
Fax: (212) 363-7171
Email: shopkins@zlk.com
Email: gpotrepka@zlk.com
Email: membleton@zlk.com

*Co-Lead Counsel for Co-Lead Plaintiffs and the Proposed Classes*

**POMERANTZ LLP**
*/s/ Brian P. O'Connell*
Joshua B. Silverman
Brian P. O'Connell
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: jbsilverman@pomlaw.com
       boconnell@pomlaw.com

Jeremy A. Lieberman
J. Alexander Hood II

9

600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
       ahood@pomlaw.com

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

Eitan Kimelman
60 E 42nd Street, Suite 4600, New York,
New York 10165
Phone: 212-697-6484
Fax: 212-697-7296
Email: eitank@bgandg.com

*Additional Counsel for Lead Plaintiffs and the Proposed Classes*

### Certificate of Service

I hereby certify that on August 5, 2024, a copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

Dated: August 5, 2024            LEVI & KORSINSKY, LLP

                         */s/ Shannon L. Hopkins*
                         Shannon L. Hopkins