# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
| --- | --- |
| IN RE GRAB HOLDINGS LIMITED SECURITIES LITIGATION | Case No. 1:22-cv-02189-JLR<br><br>**<u>CLASS ACTION</u>** |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

WHEREAS, Si Fan, Amit Batra, and SLG Cloudbank Holdings, LLC ("Co-Lead Plaintiffs"), on behalf of themselves and the Settlement Class, and Defendants Brad Gerstner ("Gerstner"), Hab Siam ("Siam"), Richard N. Barton ("Barton"), Aishetu Fatima Dozie ("Dozie"), Dev Ittycheria ("Ittycheria"), Anthony Tan ("Tan"), Peter Oey ("Oey"), Tan Hooi Ling ("Ling"), John Rogers ("Rogers"), Dara Khosrowshahi ("Khosrowshahi"), Ng Shin Ein ("Ein"), and Oliver Jay ("Jay" and, collectively, the "Individual Defendants") and Defendant Grab Holdings Limited ("Grab" or the "Company" and, together with the Individual Defendants, "Defendants"), have entered into the Stipulation and Agreement of Settlement, dated December 30, 2024 (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Federal Rule of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims asserted in the Amended Class Action Complaint for Violation of Federal Securities Laws ("Complaint"), filed on August 22, 2022, (the "Settlement"); and the Court having read and considered the Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this order, and the Parties to the Stipulation having consented to the entry of this order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ____ day of _____, 20__ that:

1.      Capitalized terms used herein have the meanings defined in the Stipulation.

2.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), taking into account that: (1) Co-Lead Plaintiffs and Co-Lead Counsel have adequately represented the Settlement Class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the class; (iii) the terms of the proposed award of attorneys' fees; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the proposal treats Settlement Class Members equitably relative to each other, subject to further consideration at the Settlement Hearing described below.

A.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for the purposes of Settlement only, the Settlement Class consisting of all persons or entities who: (i) purchased or otherwise acquired public shares in Grab (including by way of exchange of Altimeter Growth Corp. ("AGC") shares) pursuant to or traceable to the proxy/registration statement that Grab filed with the SEC on Form F-4 on August 2, 2021, and that was thereafter amended on Forms F-4/A on September 13, 2021, October 18, 2021, November 12, 2021, November 17, 2021, and November 19, 2021, and incorporated into the final prospectus on Form 424(b)(3) filed on November 19, 2021, as amended (the "Proxy/Registration Statement"); (ii) who exchanged AGC shares for Grab Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement; or (iii) purchased or otherwise acquired public Grab Class A Ordinary Shares or other public Grab or AGC securities between August 2, 2021 and March 3, 2022, both dates inclusive. Excluded from the Settlement Class are: (a) Defendants and

their immediate families; (b) current and former directors or officers of Grab or AGC; and (c) claims relating to the purchase or acquisition of Grab shares subject to a Lock-Up Agreement referenced in the Proxy/Registration Statement. To avoid doubt, the Settlement Class definition is intended to encompass claims of public AGC shareholders who purchased or otherwise acquired public Grab Class A Ordinary Shares as well as claims relating to the approximately 20.97% of Grab Class A Ordinary Shares that were not subject to a Lock-Up Agreement and became freely transferable on December 2, 2021, but is not intended to encompass claims of the PIPE Investors in their capacity as such or claims related to Grab shares acquired through the exchange of Sponsor shares. Also excluded from the Settlement Class are all putative members of the Settlement Class who exclude themselves by filing a valid and timely request for exclusion.

3.      The Court finds and preliminarily concludes that the prerequisites of class action certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied for the Settlement Class defined herein, in that:

(a)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class Members;

(c)      the claims of Co-Lead Plaintiffs are typical of the Settlement Class's claims;

(d)      Co-Lead Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)      the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the

Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Federal Rule of Civil Procedure 23, preliminarily and for the purposes of this Settlement only, Co-Lead Plaintiffs Si Fan, Amit Batra, and SLG Cloudbank Holdings, LLC are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Co-Lead Counsel are hereby appointed as class counsel for the Settlement Class ("Settlement Class Counsel").

5.      A hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23 is hereby scheduled to be held before the Court, either in person,  telephonically, or via videoconference at the Court's discretion, on _____, at _____ _.m. for the following purposes:

(a)      to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)      to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, to determine whether the release by the Settlement Class of the Releasing Plaintiffs' Parties' Claims, as set forth in the Stipulation, should be provided to the Released Defendants' Parties, and whether the release by Defendants of the Released Defendants' Claims, as set forth in the Stipulation, should be provided to the Released Plaintiffs' Parties;

(c)      to determine, for purposes of the Settlement only, whether the Settlement should be finally certified; whether Co-Lead Plaintiffs should be finally certified as class representatives for the Settlement Class; whether the law firms of Levi & Korsinsky, LLP and Pomerantz LLP should be finally appointed as Settlement Class Counsel for the Settlement Class;

(d)      to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)     to consider Settlement Class Counsel's application for an award of attorneys' fees and expenses (inclusive of Co-Lead Plaintiffs' request for awards); and

(f)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees or expenses and the timing of payment. The Court may also adjourn the Settlement Hearing, decide to hold the hearing telephonically or by video conference, or modify any of the dates herein, without further individual notice to members of the Settlement Class. Any such changes shall be posted on the website of the Claims Administrator.

7.     The Court approves the retention of A.B. Data, Ltd. as the Claims Administrator. Defendants or their counsel shall provide, or cause to be provided, to Settlement Class Counsel or the Claims Administrator, at no cost to Plaintiffs, the Settlement Fund, Settlement Class Counsel, or the Claims Administrator, no later than ten (10) business days after the Court enters this Order, lists of shareholders of record during the period from August 2, 2021 and March 3, 2022 in electronic format, such as Excel, to the extent such lists are reasonably available from Grab's stock transfer agent.  Grab or its Counsel shall also provide Co-Lead Counsel a list of persons and entities that had entered into a lock-up agreement restricting the transfer of Grab shares effective at any time between December 1, 2021 and March 3, 2022 to the extent such list is reasonably accessible.

8.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and Local Rule 23.1, the Court preliminarily approves, as to form and content, the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Expenses (the "Notice"), Ex. A-1; the Proof of Claim and Release (the "Claim Form"), Ex. A-2; the "Postcard Notice," Ex. A-3; and the Summary Notice of Pendency of Class Action, Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), Ex. A-4, for publication and distribution, and preliminarily finds that the distribution of

the Postcard Notice with a link to the Notice and Claim Form by email (or by first-class mail in those instances where no email address is available) directing Class Members to the Settlement website to access the Notice (which shall contain the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Final Approval Hearing), and publishing of the Summary Notice meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C. § 77z-1(a)(7), and 15 U.S.C. § 78u-4(a)(7), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9. Settlement Class Counsel, through the Claims Administrator, shall supervise and administer the notice procedure as well as the processing of claims, as more fully set forth below:

(a) Not later than fifteen (15) business days after the entry of this order (the "Notice Date"), the Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto (Ex A-3), to be emailed with a link to the Notice and Claim Form (or sent by first-class mail where no e-mail address is available) to all Settlement Class Members who can be identified with reasonable effort, and shall cause the Notice and Proof of Claim, substantially in the forms attached hereto (Exs. A-1, A-2), to be posted on the Settlement website at www.GrabSecuritiesSettlement.com, from which copies of the documents can be downloaded;

(b) Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause a copy of the Summary Notice, substantially in the form annexed hereto (Ex. A-4), to be transmitted over a minimum of two widely-circulated national wire services;

(c) At least seven (7) calendar days before the Settlement Hearing, Settlement Class Counsel shall cause to be served on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

10. The Claims Administrator shall use reasonable efforts to provide the Notice, Proof of Claim, and Postcard Notice to nominee and custodian purchasers, such as brokerage firms. Such

nominees and custodians **SHALL WITHIN SEVEN (7) CALENDAR DAYS OF RECEIPT OF THE NOTICE EITHER**: (a) provide to the Claims Administrator the name, last known address, and e-mail address of each beneficial owner for whom they are nominee or custodian; (b) request additional copies of the Postcard Notice from the Claims Administrator sufficient to send to all beneficial owners for whom they are nominee or custodian, which will be provided to nominees or custodians free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Postcard Notice directly to all such persons or entities, or (c) request the link to the Notice and Claim Form from the Claims Administrator, and **WITHIN SEVEN (7) DAYS** of receipt, email the link directly to all beneficial owners for whom they are nominee or custodian. If they are available, the e-mails of the beneficial owners must also be provided to the Claims Administrator. Nominees who elect to follow procedure (b) or (c), **MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing/e-mailing was made as directed **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Postcard Notices from the Claims Administrator/link of the Notice and Claim Form and keep a record of the names and mailing/e-mailing addresses used. Upon full and timely compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, not to exceed (a) $0.03 per name, mailing address and e-mail address (to the extent available) provided to Claims Administrator; (b) $0.03 per e-mail for e-mailing notice; or (c) $0.03 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. All communications concerning the foregoing should be addressed to the Claims Administrator: Grab Securities Settlement, c/o A.B. Data, Ltd., PO Box 173038, Milwaukee, WI 53217; email address: Info@GrabSecuritiesSettlement.com.

11.    In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)  A properly executed Claim Form, substantially in the form annexed hereto as Exhibit A-2, must be submitted to the Claims Administrator electronically or, at the address indicated in the Notice, postmarked no later than twenty-one (21) calendar days before the Settlement Hearing. Such deadline may be further extended by Court order. Each Claim Form must include, or each claimant must provide, documentation as specified by the Claims Administrator in its discretion to ascertain the validity and eligibility of such transactions to participate in the Settlement.  Each claim form shall be deemed to have been submitted (i) when electronically received via the electronic claims submission process described in the Claim Form on the Claims Administrator's website; or (ii) when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Postcard Notice. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for or who does not supply sufficient documentation shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by ¶14 of this order.

(b)  The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein and membership in the Settlement Class, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Settlement Class Counsel; (iii) if the person or entity executing the Claim Form is acting in a representative capacity, a certification of their current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the

Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)    As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

12.    Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Settlement Class Counsel.

13.    Settlement Class Members shall be bound by all orders, determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall submit the request in written form by mail to the address designated in the Notice for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, mailing address, telephone number, and e-mail address of the person or entity seeking exclusion, must state that the sender "requests to be excluded from the Settlement Class in *In re Grab Holdings Limited Securities Litigation,* Case No. 1:22-cv-02189-JLR (S.D.N.Y.)" and must be signed by the person requesting exclusion or their authorized representative. Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: (A) the name, address, phone number, and email address of the person seeking exclusion, and that the sender specifically "requests to be excluded from the Settlement and Settlement Class in *In re Grab Holdings Limited Securities* Litigation, 1:22-cv-02189-JLR (S.D.N.Y.)" and (B) the number of shares of Grab (including its predecessor AGC) securities purchased, acquired, and/or sold during the Settlement Class Period (as defined in the Notice). The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

14.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund as described in the Stipulation and the Notice. Upon the receipt by the Claims Administrator of any request for exclusion pursuant to the Notice (whether or not such request is timely), Settlement Class Counsel shall promptly, and in no event no later than three (3) calendar days after the Claims Administrator has received the request for exclusion, notify Defendants' Counsel of such request for exclusion and, by email, provide copies to Defendants' Counsel of such request for exclusion and any documentation accompanying it.

15.     The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, Settlement Class Counsel's application for an award of attorneys' fees or expenses, or Co-Lead Plaintiffs' requests for awards only if such Settlement Class Member has served his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon the following counsel of record: Shannon L. Hopkins, Gregory M. Potrepka, Levi & Korsinsky, LLP, 1111 Summer Street, Suite 403, Stamford, CT 06905; Joshua Silverman, Brian P. O'Connell, Pomerantz LLP, 10 South LaSalle Street, Suite 3505, Chicago, IL 60603; Susan Saltzstein, Skadden, Arps, Slate, Meagher, & Flom LLP, 1 Manhattan West, New York, NY 10001; and David B. Hennes, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036; and has filed, either by mail or in person, said objections and supporting papers with the Clerk, United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. Any objection to the Settlement, the Plan of Allocation, Settlement Class Counsel's application for an award of attorneys' fees or expenses, or Co-Lead Plaintiffs' requests for awards must provide: (i) the full name, mailing address, telephone number, and e-mail address of the person or entity objecting; (ii) a statement of the objection and all grounds supporting it, including any legal and evidentiary support (including witnesses) the Settlement Class Member wishes to bring to the Court's attention; and (iii) documentation of all purchases, acquisitions, and sales of Grab securities (including its predecessor AGC) during the

Settlement Class Period (as defined in the Notice) to establish that the investor is, in fact, a Settlement Class Member. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Paragraph shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

16.     Persons wishing to appear at the Settlement Hearing in opposition to the approval of the Settlement, the Plan of Allocation, Settlement Class Counsel's application for an award of attorneys' fees and expenses, or Co-Lead Plaintiffs' request for an award, are required to file a Notice of Intention to Appear with their written objection and shall serve the Notice of Intention to Appear upon Settlement Class Counsel and Defendants' Counsel simultaneously with service of their written objection and all supporting papers. Persons intending to appear at the Settlement Hearing through counsel must state the identity of all attorneys who will appear at the Settlement Hearing in their Notice of Intention to Appear. Persons who intend to object to the Settlement, the Plan of Allocation, Settlement Class Counsel's application for an award of attorneys' fees and expenses, or Co-Lead Plaintiffs' request for an award and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

17.     Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

18.     Pending final determination of whether the Settlement should be approved, Co-Lead Plaintiffs, all Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Releasing Plaintiffs' Parties' Claims against the Released Defendants' Parties.

19.     As provided in the Stipulation, prior to the Effective Date, Settlement Class Counsel may pay the Claims Administrator reasonable Notice And Administration Costs not to exceed $300,000 without further approval from the Court.

20.     All papers in support of the Settlement, Plan of Allocation, and Settlement Class Counsel's request for an award of attorneys' fees and expenses (inclusive of any request by Co-Lead Plaintiffs for an award) shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

21.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation or further order of the Court.

22.     Neither Defendants nor their counsel shall have any responsibility for the allocation of the Settlement, the Plan of Allocation or any application for attorney's fees or expenses submitted by Settlement Class Counsel or Co-Lead Plaintiffs, and such matters shall be considered separately from the fairness, reasonableness and adequacy of the Settlement.

23.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as October 23, 2024.

24.     Pending final determination of whether the Settlement should be approved, all proceedings in the Action are stayed pending further order of the Court.

25.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this ___ day of _____, 2025.

BY THE COURT:

_____

HONORABLE JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE