# Exhibit A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE GRAB HOLDINGS LIMITED
SECURITIES LITIGATION

Case No. 1:22-cv-02189-JLR

Hon. Jennifer L. Rochon

**NOTICE OF PENDENCY OF CLASS ACTION**
**AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING AND MOTION FOR**
**ATTORNEYS' FEES AND EXPENSES**

**If you (i) purchased or otherwise acquired public shares in Grab Holdings Ltd. ("Grab" or the "Company") (including by way of exchange of Altimeter Growth Corp. ("AGC") shares) pursuant to or traceable to the proxy/registration statement that Grab filed with the SEC on Form F-4 on August 2, 2021, and that was thereafter amended on Forms F-4/A on September 13, 2021, October 18, 2021, November 12, 2021, November 17, 2021, and November 19, 2021, and incorporated into the final prospectus on Form 424(b)(3) filed on November 19, 2021, as amended (the "Proxy/Registration Statement"); (ii) exchanged AGC shares for Grab Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement; or (iii) purchased or otherwise acquired public Grab Class A Ordinary Shares or other public Grab or AGC securities between August 2, 2021 and March 3, 2022, both dates inclusive,[1] you may be entitled to a payment from a class action settlement.**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer.*

**IF YOU ARE A SETTLEMENT CLASS MEMBER, YOUR LEGAL RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT WHETHER YOU ACT OR DO NOT ACT. PLEASE READ THIS NOTICE CAREFULLY.**

- **Purpose of Notice:** The purpose of this Notice[2] is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") to Settlement Class Members should be approved; (iii) Co-Lead Counsel's application for attorneys' fees and expenses; and (iv) Lead

---

[1] The term Class Period, as used herein, applies to all three of these categories, and spans from August 2, 2021 to March 3, 2022, both dates inclusive.

[2] All capitalized terms not otherwise defined in this Notice shall have the same meaning provided in the Stipulation and Agreement of Settlement, dated December 30, 2024 (the "Stipulation").

Plaintiffs' request for awards. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, object, or be excluded from the Settlement Class. The Court may change the date of the Settlement Hearing, or hold it telephonically or via videoconference, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

- **Summary of Released Claims:**  The Settlement resolves, *inter alia,* claims by the Court-appointed Lead Plaintiffs SLG Cloudbank Holdings, LLC, Si Fan, and Amit Batra ("Lead Plaintiffs," and together with the Settlement Class, "Plaintiffs"), on behalf of themselves and the other members of the Settlement Class against Defendants Grab, Anthony Tan, Peter Oey, Tan Hooi Ling, John Rogers, Dara Khosrowshahi, Ng Shin Ein, Oliver Jay, Brad Gerstner, Hab Siam, Richard N. Barton, Aishetu Fatima Dozie, and Dev Ittycheria for alleged violations of federal securities laws by allegedly making misrepresentations and/or omissions of material fact in the Proxy/Registration Statement, as well as alleged misrepresentations and/or omissions of material fact between August 2, 2021 and March 3, 2022, both dates inclusive.[3] *See* Question 9 below for details.

- **Statement of Class Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $80,000,000 (the "Settlement Amount"), which will be deposited into an Escrow Account and may earn interest (the "Settlement Fund").  The Net Settlement Fund (as defined in the Stipulation) will be distributed to Settlement Class Members according to the Court-approved plan of allocation (the "Plan of Allocation").  The proposed Plan of Allocation is set forth on pages 13-17 below.

- **Estimate of Average Recovery Per Share:**  Lead Plaintiffs and Co-Lead Counsel estimate there were approximately 745.9 million shares of Grab common stock that may have been impacted by the claims alleged in this Action.  Pursuant to the Plan of Allocation (*see* pages 13-17 below), Lead Plaintiffs and Co-Lead Counsel estimate that if all affected Grab shares elect to participate in the Settlement, the average recovery per share could be approximately $0.1073, before deduction of any fees, expenses, costs, and awards described herein.  This is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Grab common stock, whether they sold their shares of Grab stock and the total number of valid Claim Forms submitted and the value of those claims.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 13-17 below) or such other plan of allocation as may be ordered by the Court.

- **Statement of Potential Outcome if Litigation Continued:**  The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiffs were to prevail on each claim asserted against Defendants.  For example,

---

[3] All of Lead Plaintiffs' claims asserted against additional defendant Maa Ming-Hokng were dismissed from this Action pursuant to an Opinion and Order of the Court dated March 12, 2024.

the Parties disagree on (i) whether Defendants made inaccurate statements and/or omitted material information to investors in the Proxy/Registration Statement; (ii) whether Defendants made any statements or omitted any facts that were materially false or misleading; (iii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent or recklessness; (iv) the amounts by which the prices of Grab securities were allegedly artificially inflated during the Settlement Class Period; (v) the extent to which factors such as general market, economic and industry conditions, influenced the trading prices of Grab securities during the Settlement Class Period; and (vi) whether or not the allegedly false and misleading statements proximately caused the losses suffered by the Settlement Class.

- **Reasons for Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the costs, risks or the delays inherent in further litigation.  Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial.  This process could be expected to last several years.  The Settlement was entered into after multiple mediations and subsequent negotiations.  Without admitting any wrongdoing or liability on their part whatsoever, Defendants are willing to settle to avoid the continuing burden, expense, inconvenience and distraction to Defendants in this Action to avoid the costs, delay, and risks of continuing the Action.

- **Identification of Attorneys' Representatives:**    Requests for further information regarding the Action, this Notice or the Settlement, can be directed to either the Claims Administrator or these representatives of Co-Lead Counsel: Brian P. O'Connell, Pomerantz LLP ("Pomerantz"), 10 S. LaSalle Street, Suite 3505, Chicago, Illinois  60603, (312) 377-1181, boconnell@pomlaw.com, or Shannon L. Hopkins or Gregory M. Potrepka, Levi & Korsinsky, LLP ("L&K"), 1111 Summer Street, Suite 403,  Stamford, CT 06905, (203) 992-4523, shopkins@zlk.com or gpotrepka@zlk.com.  **Please Do Not Call the Court with Questions About the Settlement.**

- **Attorneys' Fees and Expenses:**  Co-Lead Counsel have not received any payment for their services in conducting this litigation on behalf of Plaintiffs and the members of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenditures.  If the Settlement is approved by the Court, Co-Lead Counsel will apply to the Court for attorneys' fees not to exceed one-third of the Settlement Amount and any interest accrued thereon, and reimbursement of expenses not to exceed $400,000, and any interest accrued thereon.[4]  If the Court approves Co-Lead Counsel's Fee and Expense Application, including deduction of estimated attorneys' fees and litigation expenses and any award for Lead Plaintiffs, Lead Plaintiffs and Co-Lead Counsel estimate that if all affected Grab shares elect to participate in the Settlement, the average amount of fees and litigation expenses per share could be approximately $0.0363.  In addition, an award for the time and

---

[4] The attorney fee application will be made collectively on behalf of L&K, Pomerantz, and Bronstein, Gewirtz & Grossman, LLC ("BGG"). Any attorneys' fees awarded by the Court will be divided pursuant to fee sharing agreements as follows: L&K (50%); Pomerantz (45%); BGG (5%).

expenses incurred by the Lead Plaintiffs will be requested, not to exceed $15,000 for each Lead Plaintiff.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2025** | The *only* way to get a payment. *See* Question 7 below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2025** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Defendants or the other Released Defendants' Parties concerning the Releasing Plaintiffs' Parties' Claims. *See* Question 10 below for details. |
| **OBJECT BY _____, 2025** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the attorneys' fee and expense application. If you object, you will still be a member of the Settlement Class. *See* Question 14 below for details. |
| **GO TO A HEARING ON _____, 2025 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2025** | Class Members may be permitted to appear and speak to the Court if they submit a written objection. *See* Question 18 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

1.    **Why did I get this Notice?**

4

You or someone in your family, or an investment account for which you serve as a custodian, might have purchased or otherwise acquired shares of Grab or AGC, and might be a Settlement Class Member.  This Notice explains the Action, the Settlement, the Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.  Receipt of this Notice does not necessarily mean that you are a Class Member or that you will be entitled to receive a payment.  **If you wish to be eligible for a payment, you must submit the Claim Form that is available on the Settlement website at** www.GrabSecuritiesSettlement.com.  *See* **Question 7 below.**

The Court directed that this Notice be made publicly available on this website to inform Settlement Class Members of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Co-Lead Counsel's application for attorneys' fees and expenses (the "Settlement Hearing").

The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *In re Grab Holdings Ltd. Securities Litigation,* No. 1:22-cv-02189-JLR (S.D.N.Y.).  The Action is assigned to District Court Judge Jennifer L. Rochon.

## 2.    <u>What is this case about and what has happened so far?</u>

Grab is a provider of ride hailing, food delivery and other services in Southeast Asia.  AGC was a blank check company incorporated on August 25, 2020, for the purpose of effecting a merger with one or more businesses (*i.e.*, a Special Purpose Acquisition Company, or "SPAC").  On April 13, 2021, AGC announced that it had entered into a merger agreement with Grab Holdings Inc. (the predecessor to Grab) to effect the initial public offering of Grab.  AGC shares were listed and publicly traded on the NASDAQ until the merger closed.

According to the operative Complaint, Defendants allegedly made false and misleading statements in the Proxy/Registration Statement used to merge AGC and Grab and to take Grab public, including: (a) misrepresenting increases in Grab's driver and consumer incentives; (b) misrepresenting Grab's reliance on such incentives; (c) omitting information about driver shortages; (d) omitting and misrepresenting the impact of such statements on Grab's revenue and profitability.  Shortly after Grab went public, the operative Complaint alleges that certain Defendants made additional misrepresentations about margins and the economics of Grab's business.  Plaintiffs allege that the inaccuracies in the Proxy/Registration Statement violated Section 11 of the Securities Act of 1933 and Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act").  Plaintiffs also allege that the subsequent statements violated Exchange Act Section 10(b).  At motion to dismiss, the Court sustained in part and dismissed in part the Section 11 and 14 claims, and dismissed the Section 10(b) claims in their entirety.

In connection with this Action, Lead Plaintiffs, through their counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing: (i) Grab's and AGC's public filings with the SEC; (ii) publicly available information, including press releases, news articles, interviews, conference calls, and other public statements issued by or concerning

the Company and/or Defendants; (iii) information obtained from interviews with knowledgeable individuals; (iv) nearly 300,000 pages of documents (produced by Defendants and third parties), as well as discovery responses; (v) reports of securities and financial analysts about the Company, and other commentary and analysis concerning Grab and the industry in which it operates; and (vi) the applicable law governing the claims and potential defenses. Lead Plaintiffs also consulted with experts on damages and causation, among other issues, responded to Defendants' motion to dismiss, and prepared a motion for class certification. After the motion to dismiss was denied in part and discovery was permitted, Lead Plaintiffs, through their counsel, began to conduct widespread discovery, including: (i) exchanging initial disclosures; (ii) obtaining from Defendants and third-parties nearly 300,000 pages of documents and reviewing such documents; and (iii) causing to be issued letters rogatory commanding production of information in certain foreign countries.

On July 30, 2024, the Parties participated in a full-day mediation session with David M. Murphy, Esq. of Phillips ADR Enterprises, a well-respected and highly experienced mediator. Prior to the mediation session, the Parties exchanged detailed mediation statements.  The Parties did not reach an agreement to resolve the Action during the mediation, so the Parties returned to litigation. However, Lead Plaintiffs and Defendants continued to negotiate a possible settlement through Mr. Murphy and upon his recommendation, the Parties agreed to participate in a second mediation.

On October 16, 2024, Lead Plaintiffs' counsel and counsel for Defendants engaged in a another full-day mediation session before Mr. Murphy.  While the Parties did not reach an agreement during the second mediation, Lead Plaintiffs and Defendants continued to negotiate a possible settlement through Mr. Murphy.

On October 23, 2024, Mr. Murphy issued a double-blinded mediator's recommendation to resolve the claims in the Action, which all Parties subsequently accepted.

On November 1, 2024, the Parties notified the Court that they had agreed in principle to resolve all issues and claims in the Action and requested a stay of all deadlines.

### 3.    Why is this a class action?

In a class action, one or more persons or entities (in this case, Plaintiffs), sues on behalf of people and entities who or which have similar claims.  Together, these people and entities are a "class," and each is a "class member."  Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might be too small to bring economically as separate actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

### 4.    Why is there a Settlement?

Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit.  However, Lead Plaintiffs and Co-Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages.  Lead Plaintiffs and Co-Lead Counsel also

recognize that Defendants have numerous defenses that could preclude a recovery. For example, Defendants have and would likely continue to challenge whether any of the statements in question were actually false and misleading, and whether they caused any losses. The Settlement provides a guaranteed and immediate cash recovery to the Settlement Class. In light of the risks, Lead Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

The Defendants have denied and continue to deny any allegations of wrongdoing, that the Settlement Class Members suffered damages, or that the price of Grab common stock was artificially inflated. The Settlement should not be seen as an admission or concession on the part of the Defendants.

The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals. The Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail on each claim alleged against the Defendants.

5.      **How do I know if I am part of the Settlement?**

Everyone who fits the following description is a Settlement Class Member and subject to the Settlement:  all persons or entities: (i) who purchased or otherwise acquired public shares in Grab (including by way of exchange of AGC shares) pursuant to or traceable to the proxy/registration statement that Grab filed with the SEC on Form F-4 on August 2, 2021, and that was thereafter amended on Forms F-4/A on September 13, 2021, October 18, 2021, November 12, 2021, November 17, 2021, and November 19, 2021, and incorporated into the final prospectus on Form 424(b)(3) filed on November 19, 2021, as amended (the "Proxy/Registration Statement"); (ii) who exchanged AGC shares for Grab Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement; or (iii) who purchased or otherwise acquired public Grab Class A Ordinary Shares or other public Grab or AGC securities between August 2, 2021 and March 3, 2022, both dates inclusive. Excluded from the Settlement Class are: (a) Defendants and their immediate families; (b) current and former directors or officers of Grab or AGC; and (c) claims relating to the purchase or acquisition of Grab shares subject to a Lock-Up Agreement referenced in the Proxy/Registration Statement. To avoid doubt, the Settlement Class definition is intended to encompass claims of public AGC shareholders who purchased or otherwise acquired public Grab Class A Ordinary Shares as well as claims relating to the approximately 20.97% of Grab Class A Ordinary Shares that were not subject to a Lock-Up Agreement and became freely transferable on December 2, 2021, but is not intended to encompass claims of the PIPE Investors in their capacity as such or claims related to Grab shares acquired through the exchange of Sponsor shares. Also excluded from the Settlement Class are all putative members of the Settlement Class who exclude themselves by filing a valid and timely request for exclusion.

Receipt of this Notice does not mean that you are a Settlement Class Member. Please check your records or contact your broker to see if you are a member of the Settlement Class. You are a Settlement Class Member only if you individually (and not a fund you own) meet the Settlement Class definition.

**THE SETTLEMENT BENEFITS**

**6.      What does the Settlement provide?**

In exchange for the Settlement and the release of the Releasing Plaintiffs' Parties' Claims against the Released Defendants' Parties, Grab has agreed to fund $80,000,000 cash into an Escrow Account, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Costs, Taxes and Tax Expenses, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

**7.      How can I receive a payment?**

To qualify for a payment, you must submit a timely and valid Claim Form.  A Claim Form is included with this Notice.  You can also obtain a Claim Form from the website dedicated to the Settlement: www.GrabSecuritiesSettlement.com.  You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-_____.  Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail, e-mail, or submit it electronically through www.GrabSecuritiesSettlement.com to the Claims Administrator so that it is **postmarked or received no later than _____, 2025.**

**8.      When will I receive my payment?**

The Court will hold a Settlement Hearing on _____, **2025** to decide, among other things, whether to finally approve the Settlement.  Even if the Court approves the Settlement, there may be appeals, which can take time to resolve, perhaps more than a year.  It also takes a long time for all of the Claim Forms to be accurately reviewed and processed.  Please be patient.

**9.      What am I giving up to receive a payment or stay in the Settlement Class?**

If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the Settlement Class.  That means that upon the "Effective Date" of the Settlement, you will release all "Releasing Plaintiffs' Parties' Claims" against the "Released Defendants' Parties." Unless you exclude yourself, you are staying in the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Releasing Plaintiffs' Parties' Claims.  It also means that all of the Court's orders will apply to you and legally bind you.  On the "Effective Date," Defendants also will release any claims they might have against Settlement Class Members related to the prosecution of the Action.

**"Releasing Plaintiffs' Parties' Claims"** means the release, upon the Effective Date, by Lead Plaintiffs and the other members of the Settlement Class, together with their successors, assigns, executors, heirs, administrators, representatives, attorneys, and agents, in their capacities as such (each of the foregoing, a "Releasing Plaintiffs' Party"), will release as against Released Defendants' Parties (as defined below), all claims, actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known claims

8

or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiffs, any other member of the Settlement Class, or any other Releasing Plaintiffs' Party: (i) asserted in the Complaint (or any other complaint filed in the Action) or (ii) could have asserted in any forum that arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action, or which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition or sale of Grab or AGC securities (including by way of exchange as a result of the business combination between Grab and AGC) or the voting or solicitation of a vote or proxy relating to the business combination with Grab pursuant to the Proxy/Registration Statement (regardless of whether the shareholder elected to retain or redeem AGC shares) by any members of the Settlement Class, and/or any disclosures, public filings, registration statements, or other statements by Grab, Grab Holdings, Inc., AGC, or any Defendant during the Settlement Class Period, whether arising under federal, state, common or foreign law. Releasing Plaintiffs' Parties' Claims shall not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court. The release shall include a standard provision regarding the waiver of the benefits conferred by California Civil Code § 1542 or any other similar provision of law.

**"Released Defendants' Parties"** means (i) each Defendant; (ii) the family members of the Individual Defendants; (iii) direct or indirect parent entities, direct and indirect subsidiaries, related entities, and all affiliates of Grab, Grab Holdings Inc. or AGC, including but not limited to Altimeter Capital Management, LP, and Altimeter Partners Fund, LP, and their affiliated entities, employees, or agents; (iv) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; and (vi) any entity in which a Defendant has a controlling interest; all in their capacities as such.

**"Unknown Claims"** means and includes any and all Released Claims that the Releasing Plaintiffs' Parties (with respect to Releasing Plaintiffs' Parties' Claims) or Defendants (with respect to Released Defendants' Claims, as defined in the Stipulation) do not know or suspect to exist at the time of the release. This includes claims which, if known, might have affected the Settlement and Releasing Plaintiffs' Parties' Claims and Released Defendants' Claims, including the decision to object or not to object to this Settlement. The Parties expressly acknowledge and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> *A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the*

*release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.*

The release of "Unknown Claims" was separately bargained for and was a material element of the Settlement.

Upon the Effective Date of the Settlement, the Released Claims will be fully, finally, and forever released as to Defendants and all of the Released Parties. Upon the Effective Date, and as a material condition of the dismissal with prejudice of the Action, all Defendants and Released Parties shall release all of the Released Defendant Claims as against Plaintiffs, Co-Lead Counsel, and all Settlement Class Members.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to be part of the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendants' Parties on your own about the Releasing Plaintiffs' Parties' Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal, including because the suit is not filed within the applicable time periods required for filing suit. Also, the Defendants may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of shares of Grab common stock seek exclusion from the Settlement Class.**

## 10.    How do I exclude myself from the Settlement Class?

To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *In re Grab Holdings Ltd. Securities Litigation*, Case No: 1:22-cv-02189-JLR (S.D.N.Y.)". You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Grab (including predecessor AGC stock) common stock purchased, acquired, and/or sold between August 2, 2021 and March 3, 2022, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be mailed, so that it is **received no later than _____, 2025,** to:

Grab Securities Settlement
EXCLUSIONS
c/o A.B. Data, Ltd.
P.O. Box 173001
Milwaukee, WI 53217

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member. However, if you submit a valid exclusion request, you

will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) the Defendants and the other Released Defendants' Parties in the future, assuming your claims are timely.  If you have a pending lawsuit against any of the Released Defendants' Parties, **please speak to your lawyer in that case immediately**.  Co-Lead Counsel cannot provide you legal advice concerning any other Action.

11.    **If I do not exclude myself, can I sue the Defendants and the other Released Defendants' Parties for the same thing later?**

No.  Unless you properly exclude yourself, you will give up any rights to sue the Defendants and the other Released Defendants' Parties for any and all Releasing Plaintiffs' Parties' Claims.

## THE LAWYERS REPRESENTING YOU

12.    **Do I have a lawyer in this case?**

The Court appointed Pomerantz and L&K to jointly serve as Co-Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

13.    **How will the lawyers be paid?**

You will not be separately charged for these lawyers.  The Court will determine the amount of Co-Lead Counsel's fees and expenses, which will be paid from the Settlement Fund.  To date, Co-Lead Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses. Co-Lead Counsel will ask the Court to award attorneys' fees of no more than one-third of the Settlement Fund, including accrued interest, and reimbursement of litigation expenses of no more than $400,000 plus accrued interest.  Lead Plaintiffs may also request an award of up to $15,000 for each of the three Lead Plaintiffs to reimburse their reasonable time, costs and expenses in representing the Settlement Class.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

14.    **How do I tell the Court that I do not like something about the proposed Settlement?**

If you are a Settlement Class Member, you may object to the Settlement or any of its terms, the proposed Plan of Allocation, the application for attorneys' fees and expenses, or any application of an award to Lead Plaintiffs.  You can ask the Court to deny approval by filing an objection.  You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement.  If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue.

Any objection to the proposed settlement must be in writing.  If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.  All written objections and supporting papers must (a) clearly

11

identify the case name and number "*In re Grab Holdings Ltd. Securities Litigation*, Case No: 1:22-cv-02189-JLR (S.D.N.Y.)";  (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Southern District of New York or by mailing them for filing to the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S Courthouse, 500 Pearl Street, New York, New York 10007;  and (c) be filed or received on or before _____, 2025.

**15.      What is the difference between objecting and seeking exclusion?**

Objecting is telling the Court that you do not like something about the proposed Settlement. You may object and yet still recover money from the Settlement *if* you timely submit a valid Claim Form and the Settlement is approved.  You may object *only* if you remain part of the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself from the Settlement Class, you will lose standing to object to the Settlement because it will no longer affect you.

**THE SETTLEMENT HEARING**

**16.      When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold the Settlement Hearing on _____**, 2025 at _____ .m.**, at Daniel Patrick Moynihan U.S Courthouse 500 Pearl Street, New York, New York 10007, or via remote means that the Court may specify.  At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable and should be approved; and (iii) Co-Lead Counsel's application for attorneys' fees and expenses and Lead Plaintiffs' awards are reasonable and should be approved.  The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above.  We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another notice being sent to Settlement Class Members.  If you want to attend the hearing, you should check with Co-Lead Counsel beforehand to be sure that the date or time has not changed, periodically check the settlement website at www.GrabSecuritiesSettlement.com,  or  periodically  check  the  Court's  website  at https://www.nysd.uscourts.gov/ to see if the Settlement Hearing stays as calendared or is changed. The Court's docket is also available on the PACER service at https://www.pacer.gov.

**17.      Do I have to come to the Settlement Hearing?**

No.  Co-Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense.  If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.  You may have your own lawyer attend (at your own expense), but it is not required.  If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2025.**

**18.    May I speak at the Settlement Hearing?**

If you have submitted a timely objection and have not opted out of the Settlement, you may appear and address the Court at the Settlement Hearing should you wish to do so.  If you have not opted out of the Settlement but did not submit a timely objection, you may also appear at the Settlement Hearing and address the Court concerning the Settlement should you wish to do so.

## IF YOU DO NOTHING

**19.    What happens if I do nothing at all?**

If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Releasing Plaintiffs' Parties' Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 7 above).  To start, continue or be part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Releasing Plaintiffs' Parties' Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

**20.    Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement.  More details are in the Stipulation, Co-Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation which will be filed with the Court no later than _____, 2025 and will be available from Co-Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

You may review the Stipulation or documents filed in the case at the Office of the Clerk, United States District Court, Southern District of New York, Daniel Patrick Moynihan U.S Courthouse, 500 Pearl Street, New York, New York 10007, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m.  Subscribers to PACER can also view the papers filed publicly in the Action at https://www.pacer.gov.

You can also get a copy of the Stipulation and other case documents by visiting the website dedicated to the Settlement, www.GrabSecuritiesSettlement.com, calling the Claims Administrator toll free at 1-_____, emailing the Claims Administrator at info@GrabSecuriteisSettlement.com or writing to the Claims Administrator at Grab Securities Settlement, c/o A.B. Data, Ltd., PO Box 173038, Milwaukee, WI, 53217.

**Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

**21.    How will my claim be calculated?**

As discussed above, the Settlement provides $80,000,000.00 in cash for the benefit of the Settlement Class.  The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, less any taxes and tax expenses, any Fee and Expense Application to Co-Lead Counsel, any award to Lead Plaintiffs approved by the Court, and Settlement Administration Costs is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, Settlement Class Members who timely submit valid Claim Forms that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the settlement website, www.GrabSecuritiesSettlement.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered alleged economic losses as a proximate result of the Defendants' alleged wrongdoing.  The Plan of Allocation is not a formal damages analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlements Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as calculated pursuant to the formula set forth below ("Recognized Loss").  Please Note: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share").  Payment in this manner shall be deemed conclusive against all Authorized Claimants.  No distribution will be made on a claim where the potential distribution amount is less than $10 dollars ($10.00) in cash.

The Plan of Allocation takes into consideration the limitation on damages provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(e) which incorporates a 90-day lookback period, the advice of Lead Plaintiffs' experts, and the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).

The Plan of Allocation also takes into account Co-Lead Counsel's assessment of the strengths and weaknesses of the various claims and defenses.  The Plan of Allocation also takes into account the rulings of this Court, including its dismissal of Section 10(b) claims.  Such claims would only have value if the dismissal was appealed and a reversal obtained.

The Plan of Allocation was created with the assistance of a consulting damages expert which estimated the artificial inflation in the price of Grab common stock related to the misrepresentations and omissions alleged in this Action as reflected in Table 1 below.  The computation of the estimated alleged artificial inflation in the price of Grab common stock is consistent with the claims set forth in the operative complaint in this Action and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs:

### Calculation of Recognized Loss Per Share Under the Securities Act

Only shares of Grab (including predecessor AGC) Class A common stock purchased or acquired (including by way of exchange in the merger between Grab and AGC) from August 2, 2021 and January 13, 2022 are traceable to the Proxy/Registration Statement under the Settlement and the proposed Plan of Allocation set forth in this Notice. For each Grab share eligible for a recovery under Section 11 of the Securities Act, the Recognized Loss shall be calculated as follows:

I.    For each share purchased pursuant to or traceable to the Proxy/Registration Statement (including by way of exchange of publicly-listed AGC shares or freely-transferable Grab Holdings Inc. shares), that was retained, the Recognized Loss is the purchase price (not to exceed $10.00) *minus* $3.44.[5]

II.    For each share purchased pursuant to or traceable to the Proxy/Registration Statement (including by way of exchange of publicly-listed AGC shares or freely-transferable Grab Holdings Inc. shares), that was sold prior to August 22, 2022 (when Securities Act claims were first alleged in this Action), the Recognized Loss is the purchase price (not to exceed $10.00) *minus* the sale price.

III.    For each share purchased pursuant to or traceable to the Proxy/Registration Statement (including by way of exchange of publicly-listed AGC shares or freely-transferable Grab Holdings Inc. shares), and sold on, or after August 22, 2022, the Recognized Loss is the *lesser of*: (a) the purchase price (not to exceed $10.00) *minus* the sale price; or (b) the purchase price (not to exceed $10.00) *minus* $3.44.

### Calculation of Recognized Loss Per Share Under Section 14(a)

Grab Class A Ordinary Shares are eligible for a recovery under Section 14(a) of the Exchange Act if they were purchased as AGC shares and exchanged for Grab Class A Ordinary Shares in the merger rather than redeemed.  Such shares will have a Recognized Loss calculated as follows:

---

[5] The purchase price for shares exchanged in the merger shall be deemed to be $10.00.

I.     For each share that was sold prior to March 3, 2022, the Recognized Loss is $10.00 *minus* the sale price.

II.    For each share that was held through March 3, 2022, the Recognized Loss is $10.00 *minus* $3.28 (the closing price on March 3, 2022), or $6.72.

### Calculation of Recognized Loss Per Share Under Section 10(b)

I.     For each share that was purchased between August 2, 2021 and March 2, 2022, both dates inclusive, and sold on or before March 2, 2021, the Recognized Loss is $0.00.

II.    For each share that was purchased between August 2, 2021 and March 2, 2022, and sold on or after March 3, 2022, the Recognized Loss is the *lesser* of the purchase price *minus* the sales price, or $0.10.

III.   For each share that was purchased on or after March 3, 2022, the Recognized Loss is $0.00.

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

For any purchase or acquisition, your Recognized Loss is the *highest* of: (i) your Recognized Loss under the Securities Act; (ii) your Recognized Loss under Section 14(a); and (iii) your Recognized Loss under Section 10(b). These amounts are not cumulative.

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Grab stock shall be deemed to have occurred on the "trade" date as opposed to the "settlement" or "payment" date.

Grab shares purchased or acquired after the merger between Grab and AGC and on or before January 13, 2022 shall be deemed traceable to the Proxy/Registration Statement. Grab shares purchased or acquired after January 13, 2022 shall not be deemed traceable to the Proxy/Registration Statement. This determination reflects that a second registration statement became effective on January 14, 2022.

Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired Grab stock by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.

Notwithstanding any of the above, receipt of Grab stock during the Settlement Class Period in exchange for securities of any other corporation or entity, other than Grab Holdings Inc. or AGC, shall not be eligible for recovery and shall have a Recognized Loss of $0.00.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales.  Under FIFO, sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition.

The date of covering a "short sale" is deemed to be the date of purchase of shares.  The date of a "short sale" is deemed to be the date of sale of shares.  In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero.  In the event that a claimant has an opening short position in Grab stock, the earliest purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement.  With respect to shares purchased or sold through the exercise of an option, the purchase/sale date of the share shall be the exercise date of the option and the purchase/sale price of the share shall be the exercise price of the option.  Any Recognized Loss arising from purchases of shares acquired during the Settlement Class Period through the exercise of an option on Grab shares[6] shall be computed as provided for other purchases of Grab stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants.  A Recognized Loss will be calculated as defined herein and cannot be less than zero.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds.  Class Members must document their transactions to be eligible for any recovery hereunder.  *Grab shares acquired by exchange of shares in Grab Holdings Inc. or AGC are eligible for recovery herein only if they were freely transferable at the time of exchange on December 2, 2021, and such free transferability must be documented*.

The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will bind Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Co-Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  Lead Plaintiffs and Co-Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

---

[6] Including (1) purchases of stock as the result of the exercise of a call option, and (2) assignment of stock to the seller of a put option as a result of the buyer of such put option exercising that put option.

17

**SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES**

If you purchased or otherwise acquired Grab or AGC common stock between August 2, 2021 and March 3, 2022 for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name and last known address of each such person or entity; or (b) request additional copies of this Notice and the Claim Form from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Notice and Claim Form directly to all such persons or entities. If they are available, you must also provide the Claims Administer with the e-mails of the beneficial owners. If you choose to follow procedure (b), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed and keep a record of the names and mailing addresses used.

Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.03 per name and address provided to the Claims Administrator; up to $0.03 per Postcard Notice actually mailed, plus postage at the rate used by Claims Administrator; or up to $0.03 per link to the Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator. All communications concerning the foregoing should be addressed to the Claims Administrator by telephone at 1-_____, by email at info@GrabSecuritiesSettlement.com at the Settlement website at www.GrabSecuritiesSettlement.com, or through mail at Grab Securities Settlement, c/o A.B. Data, Ltd., PO Box 173038, Milwaukee, WI, 53217.

Dated: _____, 2025                BY ORDER OF THE UNITED STATES
                                                  DISTRICT COURT FOR THE
                                                  SOUTHERN DISTRICT OF NEW YORK