# Exhibit 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GRAB HOLDINGS LIMITED SECURITIES LITIGATION | Case No. 1:22-cv-02189-JLR |

**DECLARATION OF ROCHELLE J. TEICHMILLER REGARDING: (A) MAILING AND EMAILING OF NOTICE; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

I, Rochelle J. Teichmiller, declare as follows:

1. I am a Project Manager of A.B. Data, Ltd.'s Class Action Administration Division ("A.B. Data"), whose Corporate Office is located in Milwaukee, Wisconsin. Pursuant to the Court's January 13, 2025, Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement (ECF No. 142) (the "Preliminary Approval Order"), A.B. Data was authorized to function as the Claims Administrator in connection with the Settlement in the above-captioned Action.[1]

2. I am over 21 years of age and am not a party to this Action. The following statements are based on my personal knowledge and information provided by other A.B. Data employees working under my supervision, and if called as a witness, I could and would testify competently thereto.

3. I submit this Declaration to provide the Court and the Parties to the Action with information regarding the dissemination of the Notice as well as other updates regarding the notice and the settlement administration process.

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated December 30, 2024, ECF No. 138-1 (the "Stipulation").

## DISSEMINATION OF THE POSTCARD NOTICE

4.      Pursuant to the Preliminary Approval Order, A.B. Data was responsible for emailing or mailing the Postcard Notice to potential Settlement Class Members. A copy of the Postcard Notice is attached hereto as Exhibit A.

5.      On January 28, 2025, A.B. Data received a data file from Defendants' counsel with the names and addresses of 2,589 record holders of Grab Holdings Limited ("Grab") securities that were potential Settlement Class Members. This list included many duplicate entries and after data analysis, 592 unique record holders were identified. Co-Lead Counsel also provided a list of 150 unique members requesting notification. On February 4, 2025, A.B. Data caused the Postcard Notice to be sent by First-Class Mail or email to these 742 potential Settlement Class Members.

6.      As in most class actions of this nature, the vast majority of potential Settlement Class Members are beneficial purchasers whose securities are held in "street name" by nominees – *i.e.*, the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers. The names and addresses of these beneficial purchasers are known only to the nominees. A.B. Data maintains a proprietary database with names and addresses of the largest and most common banks, brokers, and other nominees. On February 4, 2025, A.B. Data caused the Postcard Notice to be mailed to the 4,929 mailing records contained in the A.B. Data record holder mailing database.

7.      In addition, on or around February 4, 2025, A.B. Data also delivered electronic copies of the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Expenses ("Long-Form Notice") and the Proof of Claim and Release Form ("Claim Form") to 487 banks, brokers, and nominees for which A.B. Data has a registered email address. Copies of the Long-Form Notice and Claim Form are attached hereto as Exhibits B and C, respectively.

8.      A.B. Data also provided a copy of the Long-Form Notice and Claim Form to the Depository Trust Company ("DTC") for posting on its Legal Notice System ("LENS"). The LENS may be accessed by any Nominee that participates in the DTC's security system and provides the DTC participants with the ability to search for and download legal notices as well as receive email alerts based on particular notices or particular security identifiers (known as CUSIPs). The Long-Form Notice and Claim Form were posted on the DTC's LENS on February 4, 2025.

9.      The Long-Form Notice directed those who purchased or otherwise acquired Grab or AGC shares during the Settlement Class Period as a nominee for a beneficial owner to, within seven days (7) days of receipt of the Postcard Notice, either send a copy of the Postcard Notice by First-Class Mail to such beneficial owners or provide to A.B. Data a list of names and addresses of such beneficial owners.

10.      As of the date of this Declaration, A.B. Data has received 2,969  records of potential Settlement Class Members from individuals or brokerage firms, banks, institutions, and other nominees. A.B. Data has promptly emailed or mailed the Postcard Notice to these individuals.

11.      A.B. Data has also received requests from brokers and other nominee holders for 27,346 Postcard Notices, which the brokers and nominees are required to mail to their customers. Additionally, A.B. was informed by Broadridge Financial Solutions, Inc. ("Broadridge") of their intent to email a link to the Notice and Claim Form to an additional 33,756 potential Settlement Class Members.

12.      As of the date of this Declaration, a total of 70,229 Postcard Notices have been disseminated to potential Settlement Class Members and their nominees including 34,492 sent via email and 35,737 sent via First-Class Mail. In addition, A.B. Data has re-mailed 79 Postcard Notices to persons whose original mailing was returned by the U.S. Postal Service and for whom

updated addresses were obtained through either the Postal Service or address research conducted through TransUnion.

## PUBLICATION OF THE SUMMARY NOTICE

13.     In accordance with the Preliminary Approval Order, A.B. Data caused the Summary Notice to be transmitted once over both *PR Newswire* and *Business Wire* on February 14, 2025. Proof of these publications of the Summary Notice are attached hereto as Exhibits D and E, respectively.

## TELEPHONE HOTLINE

14.     On or about February 4, 2025, a case-specific toll-free phone number, 877-388-1754, was established with an Interactive Voice Response system and live operators to accommodate potential Settlement Class Members with questions about the Action and the Settlement. An automated attendant answers all calls initially and presents callers with a series of choices to respond to basic questions. If callers need further help, they have the option to be transferred to an operator during business hours. A.B. Data continues to maintain the telephone helpline and will continue to update the interactive voice response system as necessary through the administration of the Settlement.

## WEBSITE

15.     On February 4, 2025, A.B. Data also established a case-specific website, www.GrabSecuritiesSettlement.com, which provides general information regarding the case and its current status, including exclusion, objection, and claim-filing deadlines for the case; the online claim filing link; the date and time of the Settlement Hearing; as well as downloadable copies of the Postcard Notice, Long-Form Notice, Claim Form, and other court documents, including the Stipulation and Preliminary Approval Order.  A.B. Data will update the website as necessary through the administration of the Settlement.

### REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS

16.     The Postcard Notice and the Long-Form Notice provide Settlement Class Members with clear instructions on how to request exclusion from the Settlement. Specifically, Settlement Class Members are informed that requests for exclusion from the Settlement Class are to be sent by First-Class Mail to Grab Securities Settlement, EXCLUSIONS, c/o A.B. Data, Ltd. P.O. Box 173001, Milwaukee, WI 53217, such that they are received no later than April 24, 2025. The Long-Form Notice also sets forth the information that must be included in each request for exclusion. A.B. Data has monitored and will continue to monitor all mail delivered to the above address.

17.     As of the date of this Declaration, A.B. Data has received one request for exclusion. The request was from an individual who purchased 100 shares of AGC which were exchanged for Grab Class A Ordinary shares. A.B. Data will submit a supplemental declaration after the April 24, 2025, exclusion deadline summarizing all requests for exclusion received.

18.     According to the Long-Form Notice, Settlement Class Members seeking to object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and expenses, are required to submit their objection in writing such that the request is received by the Parties and filed with the Court no later than April 24, 2025. Despite these instructions, Settlement Class Members sometimes send objections to the Claims Administrator instead. As of the date of this Declaration, A.B. Data has not received any objections, and is not aware of any objections being filed with the Court.

### CLAIMS RECEIVED TO DATE

19.     Pursuant to the Preliminary Approval Order, Claim are to be submitted no later than April 24, 2025. As of the date of this Declaration, A.B. Data has received a total of 84,569 Claims. However, after conducting a preliminary analysis A.B. Data has concluded that the majority of the Claims submitted are the result of suspected bot activity. A total of 611 legitimate Claims have

been identified thus far. As part of the audit process, fraudulent claims, including those filed by bots, will be identified, and denied.

20.     As in most cases of this nature, the vast majority of legitimate Claims are expected to be submitted on or around the claim filing deadline. A.B. Data continues to process and load claim submissions. A.B. Data will submit a supplemental declaration prior to the Settlement Hearing addressing additional claims received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of April 2025.

Rochelle J. Teichmiller

# EXHIBIT A

Cboe Securities Settlement
c/o A.B. Data, Ltd.
P.O. Box 173098
Milwaukee, WI 53217

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*Important Notice about a Securities Class Action Settlement*

*You may be entitled to a payment. This Notice may affect your legal rights.*

*Please read it carefully.*

Case No. 1:22-cv-02189-JLR

Case Pending in the United States District Court for the Southern District of New York

*THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
PLEASE VISIT WWW.GRABSECURITIESSETTLEMENT.COM *FOR MORE INFORMATION.*

There has been a proposed Settlement of claims that Grab Holdings Ltd. ("Grab") and certain officers and directors of Grab and, its predecessor, Altimeter Growth Corp. ("AGC") violated federal securities laws by disseminating materially false and misleading information to investors about Grab's driver and consumer incentives and business prospects. Defendants deny any wrongdoing.

You have received this Postcard Notice because you or someone in your family may have: (i) purchased or otherwise acquired public shares in Grab (including by way of exchange of AGC shares) pursuant to or traceable to the proxy/registration statement that Grab filed with the SEC on Form F-4 on August 2, 2021, and that was thereafter amended on Forms F-4/A on September 13, 2021, October 18, 2021, November 12, 2021, November 17, 2021, and November 19, 2021, and incorporated into the final prospectus on Form 424(b)(3) filed on November 19, 2021, as amended (the "Proxy/Registration Statement"); (ii) exchanged AGC shares for Grab Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement; or (iii) purchased or otherwise acquired public Grab Class A Ordinary Shares or other public Grab or AGC securities between August 2, 2021 and March 3, 2022, both dates inclusive.

Defendants have agreed to pay a Settlement Amount of $80,000,000. The Settlement provides that the Settlement Fund, after deduction of any Court-approved attorneys' fees and expenses, notice and administration costs, any award issued to Lead Plaintiffs, and taxes, is to be divided among all Settlement Class Members who submit a valid Claim Form, in exchange for the settlement of this case and the Releases by Settlement Class Members of claims related to this case. **For all details of the Settlement, read the Stipulation and full Notice, available at www.GrabSecuritiesSettlement.com.**

**To qualify for payment, you must submit a Claim Form**. The Claim Form can be found on the website **www.GrabSecuritiesSettlement.com**, or will be mailed to you upon request to the Claims Administrator (1-877-388-1754). **Claim Forms must be postmarked by April 24, 2025**. If you do not want to be legally bound by the Settlement, you must exclude yourself by April 24, 2025, or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you want to object to the Settlement, you may file an objection by April 24, 2025. The detailed Notice explains how to submit a Claim Form, exclude yourself, or object.

The Court will hold a hearing in this case on May 15, 2025, to consider whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to one-third of the Settlement Fund in attorneys' fees, plus actual expenses up to $400,000, for litigating the case and negotiating the Settlement, and to consider whether to approve reimbursement of Lead Plaintiffs' costs and expenses related to their representation of the Class. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, call toll-free 1-877-388-1754 or visit the website **www.GrabSecuritiesSettlement.com** and read the detailed Notice.

**Your Options:** You can file a claim, object to the Settlement, exclude yourself from the Settlement Class, or do nothing. Unless you exclude yourself from the Settlement Class, you will be bound by the Settlement and you will release any claims you may have against the Released Parties. More information, including how to object or exclude yourself, is contained in the Notice and the Claim Form.

**Deadlines:** Claims must be filed by April 24, 2025; Settlement objections must be received by April 24, 2025; requests for exclusion from the Settlement Class must be received by April 24, 2025, and the Court's Settlement Hearing on final approval of the Settlement is scheduled for May 15, 2025.

**Lead Plaintiffs' Counsels' Representative**: The Claims Administrator, A.B. Data, Ltd., is available to answer questions concerning the Settlement or any matter contained in the Notice. You may contact the Claims Administrator by calling 1-877-388-1754, emailing **info@GrabSecuritiesSettlement.com**, or writing to: Grab Securities Settlement, c/o A.B. Data, Ltd., P.O. Box 173098, Milwaukee, WI 53217.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| IN RE GRAB HOLDINGS LIMITED SECURITIES LITIGATION | Case No. 1:22-cv-02189-JLR <br><br> Hon. Jennifer L. Rochon |

**NOTICE OF PENDENCY OF CLASS ACTION**
**AND PROPOSED SETTLEMENT, FINAL APPROVAL HEARING AND MOTION FOR ATTORNEYS' FEES**
**AND EXPENSES**

**If you (i) purchased or otherwise acquired public shares in Grab Holdings Ltd. ("Grab" or the "Company") (including by way of exchange of Altimeter Growth Corp. ("AGC") shares) pursuant to or traceable to the proxy/registration statement that Grab filed with the SEC on Form F-4 on August 2, 2021, and that was thereafter amended on Forms F-4/A on September 13, 2021, October 18, 2021, November 12, 2021, November 17, 2021, and November 19, 2021, and incorporated into the final prospectus on Form 424(b)(3) filed on November 19, 2021, as amended (the "Proxy/Registration Statement"); (ii) exchanged AGC shares for Grab Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement; or (iii) purchased or otherwise acquired public Grab Class A Ordinary Shares or other public Grab or AGC securities between August 2, 2021 and March 3, 2022, both dates inclusive,[1] you may be entitled to a payment from a class action settlement.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**IF YOU ARE A SETTLEMENT CLASS MEMBER, YOUR LEGAL RIGHTS WILL BE AFFECTED BY THIS SETTLEMENT WHETHER YOU ACT OR DO NOT ACT.  PLEASE READ THIS NOTICE CAREFULLY.**

- **Purpose of Notice:**  The purpose of this Notice[2] is to inform you of the pendency of this securities class action (the "Action"), the proposed settlement of the Action (the "Settlement"), and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") to Settlement Class Members should be approved; (iii) Co-Lead Counsel's application for attorneys' fees and expenses; and (iv) Lead Plaintiffs' request for awards.  This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, object, or be excluded from the Settlement Class. The Court may change the date of the Settlement Hearing, or hold it telephonically or via videoconference, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

- **Summary of Released Claims:**  The Settlement resolves, *inter alia,* claims by the Court-appointed Lead Plaintiffs SLG Cloudbank Holdings, LLC, Si Fan, and Amit Batra ("Lead Plaintiffs," and together with the Settlement Class, "Plaintiffs"), on behalf of themselves and the other members of the Settlement Class against Defendants Grab, Anthony Tan, Peter Oey, Tan Hooi Ling, John Rogers, Dara Khosrowshahi, Ng Shin Ein, Oliver Jay, Brad Gerstner, Hab Siam, Richard N. Barton, Aishetu Fatima Dozie, and Dev Ittycheria for alleged violations of federal securities laws by allegedly making misrepresentations and/or omissions of material fact in the Proxy/Registration Statement, as well as alleged misrepresentations and/or omissions of material fact between August 2, 2021 and March 3, 2022, both dates inclusive.[3] *See* Question 9 below for details.

- **Statement of Class Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of the Settlement Class, have agreed to settle the Action in exchange for a payment of $80,000,000 (the "Settlement Amount"), which will be

---

[1] The term Class Period, as used herein, applies to all three of these categories, and spans from August 2, 2021 to March 3, 2022, both dates inclusive.

[2] All capitalized terms not otherwise defined in this Notice shall have the same meaning provided in the Stipulation and Agreement of Settlement, dated December 30, 2024 (the "Stipulation").

[3] All of Lead Plaintiffs' claims asserted against additional defendant Maa Ming-Hokng were dismissed from this Action pursuant to an Opinion and Order of the Court dated March 12, 2024.

deposited into an Escrow Account and may earn interest (the "Settlement Fund").  The Net Settlement Fund (as defined in the Stipulation) will be distributed to Settlement Class Members according to the Court-approved plan of allocation (the "Plan of Allocation"). The proposed Plan of Allocation is set forth on pages 9-11 below.

- **Estimate of Average Recovery Per Share: Lead** Plaintiffs and Co-Lead Counsel estimate there were approximately 745.9 million shares of Grab Class A Ordinary Shares that may have been impacted by the claims alleged in this Action. Pursuant to the Plan of Allocation (*see* pages 9-11 below), Lead Plaintiffs and Co-Lead Counsel estimate that if all affected Grab shares elect to participate in the Settlement, the average recovery per share could be approximately $0.1073, before deduction of any fees, expenses, costs, and awards described herein. This is only an estimate. Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their Grab Class A Ordinary Shares, whether they sold their shares of Grab stock and the total number of valid Claim Forms submitted and the value of those claims.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages 9-11 below) or such other plan of allocation as may be ordered by the Court.

- **Statement of Potential Outcome if Litigation Continued:**  The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiffs were to prevail on each claim asserted against Defendants. For example, the Parties disagree on (i) whether Defendants made inaccurate statements and/or omitted material information to investors in the Proxy/Registration Statement; (ii) whether Defendants made any statements or omitted any facts that were materially false or misleading; (iii) whether any such allegedly materially false or misleading statements or omissions were made with the required level of intent under the law or recklessness; (iv) the amounts by which the prices of Grab securities were allegedly artificially inflated during the Settlement Class Period; (v) the extent to which factors such as general market, economic and industry conditions, influenced the trading prices of Grab securities during the Settlement Class Period; and (vi) whether or not the allegedly false and misleading statements proximately caused the losses suffered by the Settlement Class.

- **Reasons for Settlement:**  Lead Plaintiffs' principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the costs, risks or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after contested motions, a trial of the Action and the likely appeals that would follow a trial. This process could be expected to last several years. The Settlement was entered into after multiple mediations and subsequent negotiations. Without admitting any wrongdoing or liability on their part whatsoever, Defendants are willing to settle to avoid the continuing burden, expense, inconvenience and distraction to Defendants in this Action to avoid the costs, delay, and risks of continuing the Action.

- **Identification of Attorneys' Representatives:**  Requests for further information regarding the Action, this Notice or the Settlement, can be directed to either the Claims Administrator or these representatives of Co-Lead Counsel: Brian P. O'Connell, Pomerantz LLP ("Pomerantz"), 10 S. LaSalle Street, Suite 3505, Chicago, IL  60603, (312) 377-1181, boconnell@pomlaw.com, or Shannon L. Hopkins or Gregory M. Potrepka, Levi & Korsinsky, LLP ("L&K"), 1111 Summer Street, Suite 403,  Stamford, CT 06905, (203) 992-4523, shopkins@zlk.com or gpotrepka@zlk.com.  **Please Do Not Call the Court with Questions About the Settlement.**

- **Attorneys' Fees and Expenses:**  Co-Lead Counsel have not received any payment for their services in conducting this litigation on behalf of Plaintiffs and the members of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenditures. If the Settlement is approved by the Court, Co-Lead Counsel will apply to the Court for attorneys' fees not to exceed one-third of the Settlement Amount and any interest accrued thereon, and reimbursement of expenses not to exceed $400,000, and any interest accrued thereon.[4]  If the Court approves Co-Lead Counsel's Fee and Expense Application, including deduction of estimated attorneys' fees and litigation expenses and any award for Lead Plaintiffs, Lead Plaintiffs and Co-Lead Counsel estimate that if all affected Grab shares elect to participate in the Settlement, the average amount of fees and litigation expenses per share could be approximately $0.0363.  In addition, an award for the time and expenses incurred by the Lead Plaintiffs will be requested, not to exceed $15,000 for each Lead Plaintiff.

---

[4] The attorney fee application will be made collectively on behalf of L&K, Pomerantz, and Bronstein, Gewirtz & Grossman, LLC ("BGG"). Any attorneys' fees awarded by the Court will be divided pursuant to fee sharing agreements as follows: L&K (50%); Pomerantz (45%); BGG (5%).

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY APRIL 24, 2025** | The *only* way to get a payment. *See* Question 7 below for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY APRIL 24, 2025** | Get no payment. This is the only option that, assuming your claim is timely brought, might allow you to ever bring or be part of any other lawsuit against the Defendants or the other Released Defendants' Parties concerning the Releasing Plaintiffs' Parties' Claims. *See* Question 10 below for details. |
| **OBJECT BY APRIL 24, 2025** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, or the attorneys' fee and expense application. If you object, you will still be a member of the Settlement Class. *See* Question 14 below for details. |
| **GO TO A HEARING ON MAY 15, 2025 AND FILE A NOTICE OF INTENTION TO APPEAR BY APRIL 24, 2025** | Class Members may be permitted to appear and speak to the Court if they submit a written objection. *See* Question 18 below for details. |
| **DO NOTHING** | Get no payment AND give up your rights to bring your own individual action. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

**1.    Why did I get this Notice?**

You or someone in your family, or an investment account for which you serve as a custodian, might have purchased or otherwise acquired shares of Grab or AGC, and might be a Settlement Class Member. This Notice explains the Action, the Settlement, the Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them. Receipt of this Notice does not necessarily mean that you are a Class Member or that you will be entitled to receive a payment. **If you wish to be eligible for a payment, you must submit the Claim Form that is available on the Settlement website at** www.GrabSecuritiesSettlement.com.  *See* **Question 7 below.**

The Court directed that this Notice be made publicly available on this website to inform Settlement Class Members of the terms of the proposed Settlement and about all of their options, before the Court decides whether to approve the Settlement at the upcoming hearing to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Co-Lead Counsel's application for attorneys' fees and expenses (the "Settlement Hearing").

The Court in charge of the Action is the United States District Court for the Southern District of New York, and the case is known as *In re Grab Holdings Ltd. Securities Litigation,* No. 1:22-cv-02189-JLR (S.D.N.Y.). The Action is assigned to District Court Judge Jennifer L. Rochon.

**2.    What is this case about and what has happened so far?**

Grab is a provider of ride hailing, food delivery and other services in Southeast Asia. AGC was a blank check company incorporated on August 25, 2020, for the purpose of effecting a merger with one or more businesses (*i.e.*, a Special Purpose Acquisition Company, or "SPAC"). On April 13, 2021, AGC announced that it had entered into a merger agreement with Grab Holdings Inc. (the predecessor to Grab) to effect the initial public offering of Grab. AGC shares were listed and publicly traded on the NASDAQ until the merger closed.

According to the operative Complaint, Defendants allegedly made false and misleading statements in the Proxy/Registration Statement used to merge AGC and Grab and to take Grab public, including: (a) misrepresenting increases in Grab's driver and consumer incentives; (b) misrepresenting Grab's reliance on such incentives; (c) omitting information about driver shortages; (d) omitting and misrepresenting the impact of such statements on Grab's revenue and profitability.

Shortly after Grab went public, the operative Complaint alleges that certain Defendants made additional misrepresentations about margins and the economics of Grab's business. Plaintiffs allege that the inaccuracies in the Proxy/Registration Statement violated Section 11 of the Securities Act of 1933 and Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Plaintiffs also allege that the subsequent statements violated Exchange Act Section 10(b). At motion to dismiss, the Court sustained in part and dismissed in part the Section 11 and 14 claims, and dismissed the Section 10(b) claims in their entirety.

In connection with this Action, Lead Plaintiffs, through their counsel, conducted a thorough investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action. This process included reviewing and analyzing:  (i) Grab's and AGC's public filings with the SEC; (ii) publicly available information, including press releases, news articles, interviews, conference calls, and other public statements issued by or concerning the Company and/or Defendants; (iii) information obtained from interviews with knowledgeable individuals; (iv) nearly 300,000 pages of documents (produced by Defendants and third parties), as well as discovery responses; (v) reports of securities and financial analysts about the Company, and other commentary and analysis concerning Grab and the industry in which it operates; and (vi) the applicable law governing the claims and potential defenses. Lead Plaintiffs also consulted with experts on damages and causation, among other issues, responded to Defendants' motion to dismiss, and prepared a motion for class certification. After the motion to dismiss was denied in part and discovery was permitted, Lead Plaintiffs, through their counsel, began to conduct widespread discovery, including: (i) exchanging initial disclosures; (ii) obtaining from Defendants and third-parties nearly 300,000 pages of documents and reviewing such documents; and (iii) causing to be issued letters rogatory commanding production of information in certain foreign countries.

On July 30, 2024, the Parties participated in a full-day mediation session with David M. Murphy, Esq. of Phillips ADR Enterprises, a well-respected and highly experienced mediator.  Prior to the mediation session, the Parties exchanged detailed mediation statements. The Parties did not reach an agreement to resolve the Action during the mediation, so the Parties returned to litigation. However, Lead Plaintiffs and Defendants continued to negotiate a possible settlement through Mr. Murphy and upon his recommendation, the Parties agreed to participate in a second mediation.

On October 16, 2024, Lead Plaintiffs' counsel and counsel for Defendants engaged in a another full-day mediation session before Mr. Murphy.  While the Parties did not reach an agreement during the second mediation, Lead Plaintiffs and Defendants continued to negotiate a possible settlement through Mr. Murphy.

On October 23, 2024, Mr. Murphy issued a double-blinded mediator's recommendation to resolve the claims in the Action, which all Parties subsequently accepted.

On November 1, 2024, the Parties notified the Court that they had agreed in principle to resolve all issues and claims in the Action and requested a stay of all deadlines.

**3.      Why is this a class action?**

In a class action, one or more persons or entities (in this case, Plaintiffs), sues on behalf of people and entities who or which have similar claims.  Together, these people and entities are a "class," and each is a "class member."  Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities who or which might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt-out," from the class.

**4.      Why is there a Settlement?**

Lead Plaintiffs and Co-Lead Counsel believe that the claims asserted in the Action have merit. However, Lead Plaintiffs and Co-Lead Counsel recognize the expense and length of continued proceedings necessary to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. Lead Plaintiffs and Co-Lead Counsel also recognize that Defendants have numerous defenses that could preclude a recovery. For example, Defendants have and would likely continue to challenge whether any of the statements in question were actually false and misleading, and whether they caused any losses. The Settlement provides a guaranteed and immediate cash recovery to the Settlement Class. In light of the risks, Lead Plaintiffs and Co-Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

The Defendants have denied and continue to deny any allegations of wrongdoing, that the Settlement Class Members suffered damages, or that the price of Grab Class A Ordinary Shares was artificially inflated. The Settlement should not be seen as an admission or concession on the part of the Defendants.

The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals. The Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to prevail on each claim alleged against the Defendants.

**5.      How do I know if I am part of the Settlement?**

Everyone who fits the following description is a Settlement Class Member and subject to the Settlement:  all persons or entities: (i) who purchased or otherwise acquired public shares in Grab (including by way of exchange of AGC shares) pursuant to or traceable to the proxy/registration statement that Grab filed with the SEC on Form F-4 on August 2, 2021, and that was thereafter amended on Forms F-4/A on September 13, 2021, October 18, 2021, November 12, 2021, November 17, 2021, and November 19, 2021, and incorporated into the final prospectus on Form 424(b)(3) filed on November 19, 2021, as amended (the "Proxy/Registration Statement"); (ii) who exchanged AGC shares for Grab Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement; or (iii) who purchased or otherwise acquired public Grab Class A Ordinary Shares or other public Grab or AGC securities between August 2, 2021 and March 3, 2022, both dates inclusive.  Excluded from the Settlement Class are: (a) Defendants and their immediate families; (b) current and former directors or officers of Grab or AGC; and (c) claims relating to the purchase or acquisition of Grab shares subject to a Lock-Up Agreement referenced in the Proxy/Registration Statement.  To avoid doubt, the Settlement Class definition is intended to encompass claims of public AGC shareholders who purchased or otherwise acquired public Grab Class A Ordinary Shares as well as claims relating to the approximately 20.97% of Grab Class A Ordinary Shares that were not subject to a Lock-Up Agreement and became freely transferable on December 2, 2021, but is not intended to encompass claims of the PIPE Investors in their capacity as such or claims related to Grab shares acquired through the exchange of Sponsor shares.  Also excluded from the Settlement Class are all putative members of the Settlement Class who exclude themselves by filing a valid and timely request for exclusion.

Receipt of this Notice does not mean that you are a Settlement Class Member. Please check your records or contact your broker to see if you are a member of the Settlement Class. You are a Settlement Class Member only if you individually (and not a fund you own) meet the Settlement Class definition.

**THE SETTLEMENT BENEFITS**

**6.      What does the Settlement provide?**

In exchange for the Settlement and the release of the Releasing Plaintiffs' Parties' Claims against the Released Defendants' Parties, Grab has agreed to fund $80,000,000 cash into an Escrow Account, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Costs, Taxes and Tax Expenses, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").  The estimated range for Notice and Administration Costs is $300,000 to $490,000 through the initial distribution. Co-Lead Counsel may pay the Claims Administrator reasonable Notice and Administration Costs up to $300,000 without further approval from the Court.

**7.      How can I receive a payment?**

To qualify for a payment, you must submit a timely and valid Claim Form. A Claim Form is included with this Notice. You can also obtain a Claim Form from the website dedicated to the Settlement: www.GrabSecuritiesSettlement.com.  You can request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-877-388-1754. Please read the instructions contained in the Claim Form carefully, fill out the Claim Form, include all the documents the form requests, sign it, and mail, e-mail, or submit it electronically through www.GrabSecuritiesSettlement.com to the Claims Administrator so that it is **postmarked or received no later than April 24, 2025.**

**8.      When will I receive my payment?**

The Court will hold a Settlement Hearing on **May 15, 2025** to decide, among other things, whether to finally approve the Settlement. Even if the Court approves the Settlement, there may be appeals, which can take time to resolve, perhaps more than a year. It also takes a long time for all of the Claim Forms to be accurately reviewed and processed. Please be patient.

**9.      What am I giving up to receive a payment or stay in the Settlement Class?**

If you are a member of the Settlement Class, unless you exclude yourself, you will remain in the Settlement Class. That means that upon the "Effective Date" of the Settlement, you will release all "Releasing Plaintiffs' Parties' Claims" against the "Released Defendants' Parties."  Unless you exclude yourself, you are staying in the Settlement Class, and that

means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the Releasing Plaintiffs' Parties' Claims. It also means that all of the Court's orders will apply to you and legally bind you. On the "Effective Date," Defendants also will release any claims they might have against Settlement Class Members related to the prosecution of the Action.

**"Releasing Plaintiffs' Parties' Claims"** means the release, upon the Effective Date, by Lead Plaintiffs and the other members of the Settlement Class, together with their successors, assigns, executors, heirs, administrators, representatives, attorneys, and agents, in their capacities as such (each of the foregoing, a "Releasing Plaintiffs' Party"), will release as against Released Defendants' Parties (as defined below), all claims, actions, causes of action, demands, losses, rights, duties, obligations, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that Lead Plaintiffs, any other member of the Settlement Class, or any other Releasing Plaintiffs' Party: (i) asserted in the Complaint (or any other complaint filed in the Action) or (ii) could have asserted in any forum that arise out of, are based on, or relate in any way to, directly or indirectly, any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to, in the Action, or which could have been alleged in the Action, or which arise out of, are based upon, or relate in any way, directly or indirectly, to the purchase, acquisition, transfer, holding, ownership, disposition or sale of Grab or AGC securities (including by way of exchange as a result of the business combination between Grab and AGC) or the voting or solicitation of a vote or proxy relating to the business combination with Grab pursuant to the Proxy/Registration Statement (regardless of whether the shareholder elected to retain or redeem AGC shares) by any members of the Settlement Class, and/or any disclosures, public filings, registration statements, or other statements by Grab, Grab Holdings, Inc., AGC, or any Defendant during the Settlement Class Period, whether arising under federal, state, common or foreign law. Releasing Plaintiffs' Parties' Claims shall not include (i) any claims relating to the enforcement of the Settlement; and (ii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court. The release shall include a standard provision regarding the waiver of the benefits conferred by California Civil Code § 1542 or any other similar provision of law.

**"Released Defendants' Parties"** means (i) each Defendant; (ii) the family members of the Individual Defendants; (iii) direct or indirect parent entities, direct and indirect subsidiaries, related entities, and all affiliates of Grab, Grab Holdings Inc. or AGC, including but not limited to Altimeter Capital Management, LP, and Altimeter Partners Fund, LP, and their affiliated entities, employees, or agents; (iv) any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant and/or his or her family members; (v) for any of the persons or entities listed in parts (i) through (iv), as applicable, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; and (vi) any entity in which a Defendant has a controlling interest; all in their capacities as such.

**"Unknown Claims"** means and includes any and all Released Claims that the Releasing Plaintiffs' Parties (with respect to Releasing Plaintiffs' Parties' Claims) or Defendants (with respect to Released Defendants' Claims, as defined in the Stipulation) do not know or suspect to exist at the time of the release. This includes claims which, if known, might have affected the Settlement and Releasing Plaintiffs' Parties' Claims and Released Defendants' Claims, including the decision to object or not to object to this Settlement. The Parties expressly acknowledge and shall be deemed to have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law that is, or is similar, comparable, or equivalent to California Civil Code ¶ 1542, which provides:

> ***A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.***

The release of "Unknown Claims" was separately bargained for and was a material element of the Settlement.

Upon the Effective Date of the Settlement, the Released Claims will be fully, finally, and forever released as to Defendants and all of the Released Parties. Upon the Effective Date, and as a material condition of the dismissal with prejudice of the Action, all Defendants and Released Parties shall release all of the Released Defendant Claims as against Plaintiffs, Co-Lead Counsel, and all Settlement Class Members.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to be part of the Settlement but you want to keep any right you may have to sue or continue to sue the Released Defendants' Parties on your own about the Releasing Plaintiffs' Parties' Claims, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." **Please note: if you bring your own claims, Defendants will have the right to seek their dismissal, including because the suit is not filed within the applicable time periods required for filing suit. Also, the Defendants may terminate the Settlement if Settlement Class Members who purchased in excess of a certain amount of shares of Grab Class A Ordinary Shares seek exclusion from the Settlement Class.**

### 10. How do I exclude myself from the Settlement Class?

To exclude yourself from the Settlement Class, you must mail a signed letter stating that you "request to be excluded from the Settlement Class in *In re Grab Holdings Ltd. Securities Litigation*, Case No: 1:22-cv-02189-JLR (S.D.N.Y.)". You cannot exclude yourself by telephone or e-mail. Each request for exclusion must also: (i) state the name, address, and telephone number of the person or entity requesting exclusion; (ii) state the number of shares of Grab (including predecessor AGC stock) Class A Ordinary Shares purchased, acquired, and/or sold between August 2, 2021 and March 3, 2022, as well as the dates and prices of each such purchase, acquisition, and sale; and (iii) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion must be mailed, so that it is **received no later than April 24, 2025**, to:

Grab Securities Settlement
EXCLUSIONS
c/o A.B. Data, Ltd.
PO Box 173001
Milwaukee, WI 53217

**Your exclusion request must comply with these requirements in order to be valid, unless it is otherwise accepted by the Court.**

If you ask to be excluded, do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund. Also, you cannot object to the Settlement because you will not be a Settlement Class Member. However, if you submit a valid exclusion request, you will not be legally bound by anything that happens in the Action, and you may be able to sue (or continue to sue) the Defendants and the other Released Defendants' Parties in the future, assuming your claims are timely. If you have a pending lawsuit against any of the Released Defendants' Parties, **please speak to your lawyer in that case immediately**. Co-Lead Counsel cannot provide you legal advice concerning any other Action.

### 11. If I do not exclude myself, can I sue the Defendants and the other Released Defendants' Parties for the same thing later?

No. Unless you properly exclude yourself, you will give up any rights to sue the Defendants and the other Released Defendants' Parties for any and all Releasing Plaintiffs' Parties' Claims.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in this case?

The Court appointed Pomerantz and L&K to jointly serve as Co-Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 13. How will the lawyers be paid?

You will not be separately charged for these lawyers. The Court will determine the amount of Co-Lead Counsel's fees and expenses, which will be paid from the Settlement Fund. To date, Co-Lead Counsel have not received any payment for their services in pursuing the claims against Defendants on behalf of the Settlement Class, nor have they been paid for their litigation expenses. Co-Lead Counsel will ask the Court to award attorneys' fees of no more than one-third of the Settlement Fund, including accrued interest, and reimbursement of litigation expenses of no more than $400,000 plus accrued interest. Lead Plaintiffs may also request an award of up to $15,000 for each of the three Lead Plaintiffs to reimburse their reasonable time, costs and expenses in representing the Settlement Class.

**OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION,
OR THE FEE AND EXPENSE APPLICATION**

**14.    How do I tell the Court that I do not like something about the proposed Settlement?**

If you are a Settlement Class Member, you may object to the Settlement or any of its terms, the proposed Plan of Allocation, the application for attorneys' fees and expenses, or any application of an award to Lead Plaintiffs. You can ask the Court to deny approval by filing an objection. You can't ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue.

Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must (a) clearly identify the case name and number "*In re Grab Holdings Ltd. Securities Litigation*, Case No: 1:22-cv-02189-JLR (S.D.N.Y.)"; (b) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Southern District of New York or by mailing them for filing to the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S Courthouse, 500 Pearl Street, New York, New York 10007; and (c) **be filed or received on or before April 24, 2025**.

**15.    What is the difference between objecting and seeking exclusion?**

Objecting is telling the Court that you do not like something about the proposed Settlement. You may object and yet still recover money from the Settlement *if* you timely submit a valid Claim Form and the Settlement is approved. You may object *only* if you remain part of the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you will lose standing to object to the Settlement because it will no longer affect you.

## THE SETTLEMENT HEARING

**16.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold the Settlement Hearing on **May 15, 2025 at 11:00 a.m.**, in Courtroom 20B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, or via remote means that the Court may specify. At this hearing, the Court will consider, whether: (i) the Settlement is fair, reasonable, and adequate, and should be finally approved; (ii) the Plan of Allocation is fair and reasonable and should be approved; and (iii) Co-Lead Counsel's application for attorneys' fees and expenses and Lead Plaintiffs' awards are reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

You should be aware that the Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Co-Lead Counsel beforehand to be sure that the date or time has not changed, periodically check the settlement website at www.GrabSecuritiesSettlement.com, or periodically check the Court's website at https://www.nysd.uscourts.gov/ to see if the Settlement Hearing stays as calendared or is changed. The Court's docket is also available on the PACER service at https://www.pacer.gov.

**17.    Do I have to come to the Settlement Hearing?**

No. Co-Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than April 24, 2025.**

**18.    May I speak at the Settlement Hearing?**

If you have submitted a timely objection and have not opted out of the Settlement, you may appear and address the Court at the Settlement Hearing should you wish to do so. If you have not opted out of the Settlement but did not submit a timely objection, you may also appear at the Settlement Hearing and address the Court concerning the Settlement should you wish to do so.

## IF YOU DO NOTHING

**19.    What happens if I do nothing at all?**

If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Releasing Plaintiffs' Parties' Claims.  To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 7 above). To start, continue or be part of any other lawsuit against the Defendants and the other Released Defendants' Parties concerning the Releasing Plaintiffs' Parties' Claims in this case, to the extent it is otherwise permissible to do so, you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

**20.    Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the Stipulation, Co-Lead Counsel's motions in support of final approval of the Settlement, the request for attorneys' fees and litigation expenses, and approval of the proposed Plan of Allocation which will be filed with the Court no later than April 10, 2025 and will be available from Co-Lead Counsel, the Claims Administrator, or the Court, pursuant to the instructions below.

You may review the Stipulation or documents filed in the case at the Office of the Clerk, United States District Court, Southern District of New York, Daniel Patrick Moynihan U.S Courthouse, 500 Pearl Street, New York, New York 10007, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER can also view the papers filed publicly in the Action at https://www.pacer.gov.

You can also get a copy of the Stipulation and other case documents by visiting the website dedicated to the Settlement, www.GrabSecuritiesSettlement.com, calling the Claims Administrator toll free at 1-877-388-1754, emailing the Claims Administrator at info@GrabSecuritiesSettlement.com or writing to the Claims Administrator at Grab Securities Settlement, c/o A.B. Data, Ltd., PO Box 173098, Milwaukee, WI 53217.

**Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND

**21.    How will my claim be calculated?**

As discussed above, the Settlement provides $80,000,000.00 in cash for the benefit of the Settlement Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund."  The Settlement Fund, less any taxes and tax expenses, any Fee and Expense Application to Co-Lead Counsel, any award to Lead Plaintiffs approved by the Court, and Settlement Administration Costs is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants—*i.e.*, Settlement Class Members who timely submit valid Claim Forms that are accepted for payment by the Court—in accordance with this proposed Plan of Allocation or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www.GrabSecuritiesSettlement.com.

The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered alleged economic losses as a proximate result of the Defendants' alleged wrongdoing. The Plan of Allocation is not a formal damages analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlements Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as calculated pursuant to the formula set forth below ("Recognized Loss"). Please Note: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each

Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share").  Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than $10 dollars ($10.00) in cash.

The Plan of Allocation takes into consideration the limitation on damages provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(e) which incorporates a 90-day lookback period, the advice of Lead Plaintiffs' experts, and the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).  The Plan of Allocation also takes into account Co-Lead Counsel's assessment of the strengths and weaknesses of the various claims and defenses.  The Plan of Allocation also takes into account the rulings of this Court, including its dismissal of Section 10(b) claims.  Such claims would only have value if the dismissal was appealed and a reversal obtained.

The Plan of Allocation was created with the assistance of a consulting damages expert which estimated the artificial inflation in the price of Grab Class A Ordinary Shares related to the misrepresentations and omissions alleged in this Action as reflected  below. The computation of the estimated alleged artificial inflation in the price of Grab Class A Ordinary Shares is consistent with the claims set forth in the operative complaint in this Action and the price change in the stock, net of market- and industry-wide factors, in reaction to the public announcements that allegedly corrected the misrepresentations alleged by Plaintiffs:

### Calculation of Recognized Loss Per Share Under the Securities Act

Only shares of Grab Class A Ordinary Shares purchased or acquired prior to January 13, 2022 (including by way of exchange in the merger between publicly-listed AGC shares and freely-transferable Grab Holdings Inc. shares) are traceable to the Proxy/Registration Statement under the Settlement and the proposed Plan of Allocation set forth in this Notice. For each Grab share eligible for a recovery under Section 11 of the Securities Act, the Recognized Loss shall be calculated as follows:

I.  For each share purchased pursuant to or traceable to the Proxy/Registration Statement (including by way of exchange of publicly-listed AGC shares or freely-transferable Grab Holdings Inc. shares), that was retained through the filing of your claim, the Recognized Loss is the purchase price (not to exceed $10.00) *minus* $3.44.[5]

II.  For each share purchased pursuant to or traceable to the Proxy/Registration Statement (including by way of exchange of publicly-listed AGC shares or freely-transferable Grab Holdings Inc. shares), that was sold prior to August 22, 2022 (when Securities Act claims were first alleged in this Action), the Recognized Loss is the purchase price (not to exceed $10.00) *minus* the sale price.

III.  For each share purchased pursuant to or traceable to the Proxy/Registration Statement (including by way of exchange of publicly-listed AGC shares or freely-transferable Grab Holdings Inc. shares), and sold on, or after August 22, 2022, the Recognized Loss is the *lesser of*: (a) the purchase price (not to exceed $10.00) *minus* the sale price; or (b) the purchase price (not to exceed $10.00) *minus* $3.44.

### Calculation of Recognized Loss Per Share Under Section 14(a)

Grab Class A Ordinary Shares are eligible for a recovery under Section 14(a) of the Exchange Act if they were purchased as AGC shares and exchanged for Grab Class A Ordinary Shares in the merger rather than redeemed.  Such shares will have a Recognized Loss calculated as follows:

I.  For each share that was sold prior to or on March 3, 2022, the Recognized Loss is $10.00 *minus* the sale price.

II.  For each share that was held, or sold after March 3, 2022, the Recognized Loss is $10.00 *minus* $3.28 (the closing price on March 3, 2022), or $6.72.

### Calculation of Recognized Loss Per Share Under Section 10(b)

I.  For each share that was purchased between August 2, 2021 and March 2, 2022, both dates inclusive, and sold on or before March 2, 2022, the Recognized Loss is $0.00.

II.  For each share that was purchased between August 2, 2021 and March 2, 2022, that was held, or sold on or after March 3, 2022, the Recognized Loss is the *lesser* of the purchase price *minus* the sales price, or $0.10.

III.  For each share that was purchased on or after March 3, 2022, the Recognized Loss is $0.00.

---

[5] The purchase price for shares exchanged in the merger shall be deemed to be $10.00.

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

For any purchase or acquisition, your Recognized Loss is the *highest* of: (i) your Recognized Loss under the Securities Act; (ii) your Recognized Loss under Section 14(a); and (iii) your Recognized Loss under Section 10(b). These amounts are not cumulative.

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Grab stock shall be deemed to have occurred on the "trade" date as opposed to the "settlement" or "payment" date.

Grab shares purchased or acquired after the merger between Grab and AGC and on or before January 13, 2022 shall be deemed traceable to the Proxy/Registration Statement. Grab shares purchased or acquired after January 13, 2022 shall not be deemed traceable to the Proxy/Registration Statement. This determination reflects that a second registration statement became effective on January 14, 2022.

Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired Grab stock by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer.

Notwithstanding any of the above, receipt of Grab stock during the Settlement Class Period in exchange for securities of any other corporation or entity, other than Grab Holdings Inc. or AGC, shall not be eligible for recovery and shall have a Recognized Loss of $0.00.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Under FIFO, sales will be matched against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Grab stock, the earliest purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

Option contracts are not securities eligible to participate in the Settlement. With respect to shares purchased or sold through the exercise of an option, the purchase/sale date of the share shall be the exercise date of the option and the purchase/sale price of the share shall be the exercise price of the option. Any Recognized Loss arising from purchases of shares acquired during the Settlement Class Period through the exercise of an option on Grab shares[6] shall be computed as provided for other purchases of Grab stock in the Plan of Allocation.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero.

Class Members who do not submit acceptable Proofs of Claim will not share in the Settlement proceeds. Class Members must document their transactions to be eligible for any recovery hereunder. ***Grab shares acquired by exchange of shares in Grab Holdings Inc. or AGC are eligible for recovery herein only if they were freely transferable at the time of exchange on December 2, 2021, and such free transferability must be documented.***

The Settlement and the Final Judgment and Order of Dismissal with Prejudice dismissing this Action will bind Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Co-Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiffs and Co-Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

---

[6] Including (1) purchases of stock as the result of the exercise of a call option, and (2) assignment of stock to the seller of a put option as a result of the buyer of such put option exercising that put option.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

If you purchased or otherwise acquired Grab or AGC shares between August 2, 2021 and March 3, 2022 for the beneficial interest of a person or entity other than yourself, the Court has directed that **WITHIN SEVEN (7) DAYS OF YOUR RECEIPT OF THIS NOTICE**, **YOU MUST EITHER**: (a) provide to the Claims Administrator the name, last known address, and email address of each such person or entity; or (b) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided to you free of charge, and **WITHIN SEVEN (7) DAYS** of receipt, mail the Postcard Notice directly to all such persons or entities; or (c) request the link to the Notice and Claim Form from the Claims Administrator (or obtain it by visiting the Notice and Claim Form pages of the Settlement website listed herein), and **WITHIN SEVEN (7) DAYS** of receipt, email the link directly to all beneficial owners for whom you are a nominee or custodian.  If they are available, you must also provide the Claims Administrator with the e-mail addresses of the beneficial owners. If you choose to follow procedure (b) or (c), the Court has also directed that, upon making that mailing, **YOU MUST SEND A STATEMENT** to the Claims Administrator confirming that the mailing was made as directed **WITHIN SEVEN (7) CALENDAR DAYS** of receipt of the Postcard Notices from the Claims Administrator/link to the Notice and Claim Form, and keep a record of the names and mailing addresses used.

Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred up to a maximum of $0.03 per name and address provided to the Claims Administrator; up to $0.03 per Postcard Notice actually mailed, plus postage at the rate used by the Claims Administrator; or up to $0.03 per link to the Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Any dispute concerning the reasonableness of reimbursement costs shall be resolved by the Court. Copies of this Notice and the Claim Form may be obtained from the website maintained by the Claims Administrator. All communications concerning the foregoing should be addressed to the Claims Administrator by telephone at 1-877-388-1754, by email at info@GrabSecuritiesSettlement.com at the Settlement website at www.GrabSecuritiesSettlement.com, or through mail at Grab Securities Settlement, c/o A.B. Data, Ltd., PO Box 173098, Milwaukee, WI 53217.

Dated:  January 13, 2025                                   BY ORDER OF THE UNITED STATES
                                                          DISTRICT COURT FOR THE
                                                          SOUTHERN DISTRICT OF NEW YORK

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| IN RE GRAB HOLDINGS LIMITED SECURITIES LITIGATION |

Case No. 1:22-cv-02189-JLR

**<u>CLASS ACTION</u>**

**PROOF OF CLAIM AND RELEASE**

**I.      GENERAL INSTRUCTIONS**

1.      It is important that you completely read the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Expenses (the "Notice") that accompanies this Proof of Claim and Release ("Claim Form") including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice is also available on the Settlement website at: www.GrabSecuritiesSettlement.com. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of the action entitled *In re Grab Holdings Limited Securities Litigation,* Case No. 1:22-cv-02189-JLR (S.D.N.Y.) (the "Action"), you must complete and, on page 6 below, sign this Claim Form. If you fail to submit a timely and properly addressed (as explained in paragraph 4 below) Claim Form, your claim may be rejected, and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

3.      Submission of this Claim Form, however, does not ensure that you will share in the proceeds of the Settlement of the Action.

4.      **THIS      CLAIM      FORM      MUST      BE      SUBMITTED      ONLINE      AT WWW.GRABSECURITIESSETTLEMENT.COM NO LATER THAN APRIL 24, 2025, OR, IF MAILED, BE POSTMARKED NO LATER THAN APRIL 24, 2025, ADDRESSED AS FOLLOWS**:

Grab Securities Settlement

c/o A.B. Data, Ltd.

P.O. Box 173098

Milwaukee, WI 53217

Toll-free: 1-877-388-1754

info@GrabSecuritiesSettlement.com

5.      If you are a member of the Settlement Class (as defined in the Notice) and you do not timely request exclusion by April 24, 2025 in response to the Notice you are bound by the terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

**II.      CLAIMANT IDENTIFICATION**

1.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. If you are not a Settlement Class Member (see the definition of the Settlement Class on page 5 of the Notice), do not submit a Claim Form. **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.** Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

2.      Use **Part A** of this form entitled "Claimant Information" to identify each beneficial owner of Grab or AGC securities that form the basis of this claim, as well as the owner of record if different. **THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS**. If you held the Grab/AGC securities in your own name, you were the beneficial owner as well as the record holder. If, however,

your Grab/AGC securities were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of those shares, but the third party was the record holder.

3.       All joint owners must sign this claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or Taxpayer Identification) Number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.     IDENTIFICATION OF TRANSACTIONS

1.       Use **Part B** of this form entitled "Schedule of Transactions in Grab/AGC Securities" to supply all required details of your transaction(s) in Grab and/or AGC securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.       On the schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Grab or AGC securities, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.       The date of covering a "short sale" of Grab shares is deemed to be the date of purchase of Grab shares. The date of a "short sale" of Grab shares is deemed to be the date of sale of Grab shares.

4.       Copies of broker confirmations or other documentation of your transactions must be submitted with your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN GRAB OR AGC SECURITIES.**

5.       NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format.  If you are a Representative Filer, you must contact the Claims Administrator at info@GrabSecuritiesSettlement.com or visit their website at www.GrabSecuritiesSettlement.com to obtain the required file layout.  Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (*see* Item 3 of the Claimant Identification), along with the electronic spreadsheet format.  No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

6.       NOTICE REGARDING ONLINE FILING:  Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.GrabSecuritiesSettlement.com.  If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated email confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@GrabSecuritiesSettlement.com or 1-877-388-1754. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

## PART A – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

Co-Beneficial Owner's Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City                                    State        ZIP/Postal Code

Foreign Country (only if not USA)          Foreign County (only if not USA)

| Last Four (4) Digits of Social Security Number | OR | Last Seven (7) Digits of Taxpayer Identification Number |
|---|---|---|

Telephone Number (home)              Telephone Number (work)

Email Address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):

☐   Individual (includes joint owner accounts)     ☐ Pension Plan          ☐ Trust
☐   Corporation                                    ☐ Estate
☐   IRA/401K                                        ☐ Other _____ (please specify)

Identify any professional roles by job title and dates (including but not limited to, director, officer, employee, consultant, agent) you have ever had at Grab, Grab Holdings, Inc., or at Altimeter Growth Corp.

## PART B: SCHEDULE OF TRANSACTIONS IN GRAB/AGC SECURITIES

Do not include information regarding any securities other than Grab, and its predecessor, AGC. Please include proper documentation with your Claim Form as described in detail in Section III – Identification of Transactions, above.

| TRANSACTIONS IN PUBLICLY LISTED AGC SHARES IN DECEMBER 2021 |
|---|
| **1. HOLDINGS AS OF DECEMBER 1, 2021** – State the total number of shares of AGC held as of the opening of trading on December 1, 2021. If none, write "zero" or "0." |
| **2. AGC SHARES EXCHANGED FOR GRAB CLASS A ORDINARY SHARES IN DECEMBER 2021** – State the total number of AGC shares you exchanged for Grab Class A Ordinary Shares in December 2021. (Must be documented.) If none, write "zero" or "0." |
| **3. AGC SHARES REDEEMED IN DECEMBER 2021** – State the total number of shares of AGC you redeemed in December 2021. (Must be documented.) If none, write "zero" or "0." |
| GRAB HOLDINGS INC. SHARES EXCHANGED IN DECEMBER 2021 |
| **4. GRAB HOLDINGS INC. SHARES HELD AND EXCHANGED FOR FREELY-TRANSFERABLE GRAB CLASS A ORDINARY SHARES ON DECEMBER 2, 2021.** – State the total number of freely transferable Grab Holdings, Inc. shares held and exchanged for Grab Class A Ordinary Shares. (Free Transferability of Shares as of December 2, 2021, must be documented.  Shares subject to a lock-up agreement or any other transfer restrictions are not eligible).  If none write "zero" or "0." |
| TRANSACTIONS IN PUBLIC GRAB SECURITIES ON OR AFTER DECEMBER 2, 2021 |

**5. PURCHASES/ACQUISITIONS FROM DECEMBER 2, 2021, THROUGH MARCH 3, 2022** – Separately list each and every purchase or acquisition of public Grab Class A Ordinary Shares or other public Grab securities from December 2, 2021, through March 3, 2022. (Must be documented.)

| Date of Purchase / Acquisition (List Chronologically) (MM/DD/YY) | Number of Shares Purchased / Acquired | Purchase / Acquisition Price Per Share | Total Purchase / Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase / Acquisition Enclosed |
|---|---|---|---|---|
| /         / | | $ | $ | ☐ |
| /         / | | $ | $ | ☐ |
| /         / | | $ | $ | ☐ |
| /         / | | $ | $ | ☐ |

**6. PURCHASES/ACQUISITIONS FROM MARCH 4, 2022, THROUGH DATE OF CLAIM SUBMISSION** – State the total number of shares of public Grab Class A Ordinary Shares or other public Grab securities purchased or acquired from March 4, 2022 through date of claim submission.
If none, write "zero" or "0."

**7. SALES FROM DECEMBER 2, 2021, THROUGH DATE OF CLAIM SUBMISSION** – Seperately list each and every sale or disposition of Grab Class A Ordinary Shares or other public Grab securities from December 2, 2021 through date of claim submission. (Must be documented.)

| Date of Sale / Disposition (List Chronologically) (MM/DD/YY) | Number of Shares Sold / Acquired Disposed | Sale Price Per Share | Total Sale Price (excluding any taxes, commissions, and fees) | Confirm Proof of Sale / Disposition Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |
| /    / | | $ | $ | ☐ |

**8. HOLDINGS ON DATE OF CLAIM SUBMISSION** – State the total number of Grab Class A Ordinary shares or other public Grab securities held on the date of claim submission. If none, write "zero" or "0."

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX:** ☐

## IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

By signing and submitting this Claim Form, the claimant(s) or the person(s) acting on behalf of the claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Stipulation described in the accompanying Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in eligible Grab or AGC securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in Grab or AGC securities during the Settlement Class Period and know of no other person having done so on my (our) behalf.

## V.    RELEASES, WARRANTIES, AND CERTIFICATION

1.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Notice, that I am (we are) not excluded from the Settlement Class, and that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Notice.

2.    As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge with prejudice, the Released Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions, and sales of Grab and/or AGC securities that occurred during the Settlement Class Period and the number of shares of securities held by me (us), to the extent requested.

5.    I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Claim Form by the undersigned is true and correct.

Executed this _____ day of _____, in _____, _____
                              (Month / Year)              (City)              (State/Country)

_____                _____
Signature of Claimant                                    Signature of Joint Claimant, if any


_____                _____
Print Name of Claimant                                   Print Name of Joint Claimant, if any

_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.


**REMINDER CHECKLIST:**

1.  Please sign this Claim Form.

2.  DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.  Attach only copies of supporting documentation as these documents will not be returned to you.

4.  Keep a copy of your Claim Form for your records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment e-mail (or postcard if e-mail is not available).** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at 1-877-388-1754.

6.  If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address. Otherwise, you may not receive additional notices or payment.

# EXHIBIT D

# Levi & Korsinsky, LLP and Pomerantz LLP Announce Proposed Class Action Settlement on Behalf of Purchasers of Grab Holdings Limited and Altimeter Growth Corp. Securities

SHARE THIS ARTICLE

NEWS PROVIDED BY
**Levi & Korsinsky, LLP and Pomerantz LLP**
Feb 14, 2025, 10:00 ET

NEW YORK, Feb. 14, 2025 /PRNewswire/ --

Levi & Korsinsky, LLP and Pomerantz LLP announce that the United States District Court for the Southern District of New York has approved the following announcement of a proposed class action settlement that would benefit purchasers of Grab Holdings Limited securities (NASDAQ: **GRAB**) or Altimeter Growth Corp. securities (formerlyNASDAQ: **AGC**):

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED CLASS ACTION SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

To: All persons and entities who:

   (i)   purchased or otherwise acquired public shares in Grab (including by way of exchange of Altimeter Growth Corp. ("AGC") shares) pursuant to or traceable to the proxy/registration statement that Grab filed with the SEC on Form F-4 on August 2, 2021, and that was thereafter amended on Forms F-4/A on September 13, 2021, October 18, 2021, November 12, 2021, November 17, 2021, and November 19, 2021, and incorporated into the final prospectus on Form 424(b)(3) filed on November 19, 2021, as amended (the "Proxy/Registration Statement");

(ii) **who exchanged AGC shares for Grab Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement; or**

(iii) **purchased or otherwise acquired public Grab Class A Ordinary Shares or other public Grab or AGC securities between August 2, 2021 and March 3, 2022, both dates inclusive.**

Excluded from the Settlement Class are: (a) Defendants and their immediate families; (b) current and former directors or officers of Grab or AGC; and (c) claims relating to the purchase or acquisition of Grab shares subject to a Lock-Up Agreement referenced in the Proxy/Registration Statement. To avoid doubt, the Settlement Class definition is intended to encompass claims of public AGC shareholders who purchased or otherwise acquired public Grab Class A Ordinary Shares as well as claims relating to the approximately 20.97% of Grab Class A Ordinary Shares that were not subject to a Lock-Up Agreement and became freely transferable on December 2, 2021, but is not intended to encompass claims of the PIPE Investors in their capacity as such or claims related to Grab shares acquired through the exchange of Sponsor shares. Also excluded from the Settlement Class are all putative members of the Settlement Class who exclude themselves by filing a valid and timely request for exclusion.

YOU ARE HEREBY NOTIFIED, pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the District of Southern District of New York, that the Court-appointed Lead Plaintiffs, Si Fan, Amit Batra, and SLG Cloudbank Holdings, LLC ("Lead Plaintiffs"), on behalf of themselves and all members of the Settlement Class, and Brad Gerstner ("Gerstner"), Hab Siam ("Siam"), Richard N. Barton ("Barton"), Aishetu Fatima Dozie ("Dozie"), Dev Ittycheria ("Ittycheria"), Anthony Tan ("Tan"), Peter Oey ("Oey"), Tan Hooi Ling ("Ling"), John Rogers ("Rogers"), Dara Khosrowshahi ("Khosrowshahi"), Ng Shin Ein ("Ein"), Oliver Jay ("Jay"), and Grab Holdings Limited ("Grab" and, collectively, "Defendants") have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $80,000,000.00 (the "Settlement"). Lead Plaintiffs and Co-Lead Counsel estimate that if all affected Grab shares elect to participate in the Settlement, the average recovery per share could be approximately $0.1073, before deduction of any fees, expenses, costs, and awards as described in the Notice.

In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, Defendants have agreed to create an $80,000,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

A hearing will be held before the Honorable Jennifer L. Rochon, on May 15, 2025, at 11:00 a.m., in Courtroom 20B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 (the "Settlement Hearing") to, among other things, consider whether: (i) the Settlement is fair, reasonable, and adequate, and should be approved; (ii) the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") to Settlement Class Members is fair and reasonable and should be approved; and (iii) Co-Lead Counsel's application for attorneys' fees and expenses and Lead Plaintiffs' awards are reasonable and should be approved. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement, object, or be excluded from the Settlement Class. The Court may change the date of the Settlement Hearing, or hold it telephonically or via videoconference, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** A full Notice and Claim Form can be obtained by visiting the website of the Claims Administrator, **www.GrabSecuritiesSettlement.com**, or by contacting the Claims Administrator at:

Grab Securities Settlement

c/o A.B. Data, Ltd.

P.O. Box 173098

Milwaukee, WI 53217

Toll-free: 1-877-388-1754

Email: **info@GrabSecuritiesSettlement.com**

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Co-Lead Counsel:

| **LEVI & KORSINSKY, LLP** | **POMERANTZ LLP** |
|---|---|
| Shannon L. Hopkins | Brian P. O'Connell |
| Gregory M. Potrepka | 10 South La Salle Street, Suite 3505 |
| 1111 Summer Street, Suite 403 | Chicago, IL 60603 |
| Stamford, CT 06905 | 312-377-1181 |
| 203-992-4523 | boconnell@pomlaw.com |
| shopkins@zlk.com | |
| gpotrepka@zlk.com | |

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked, emailed, or submitted online no later than April 24, 2025, to the Claims Administrator at the address above.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must mail a written request for exclusion in accordance with the instructions set forth in the Notice such that it is *received no later than April 24, 2025, to the Claims Administrator.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Co-Lead Counsel's Fee and Expense Application, Lead Plaintiffs' request for an award, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than April 24, 2025*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: JANUARY 13, 2025

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SOURCE Levi & Korsinsky, LLP and Pomerantz LLP

WANT YOUR COMPANY'S NEWS

FEATURED ON PRNEWSWIRE.COM?

# GET STARTED

**440k+**
**Newsrooms &**
**Influencers**

**9k+**
**Digital Media**
**Outlets**

**270k+**
**Journalists**
**Opted In**

## Contact PR Newswire

Call PR Newswire at 888-776-0942
from 8 AM - 9 PM ET

Chat with an Expert

Contact Us

## Products

For Marketers
For Public Relations
For IR & Compliance
For Agency
For Small Business
All Products

## About

About PR Newswire
About Cision
Become a Publishing Partner
Become a Channel Partner
Careers
Accessibility Statement

Global Sites

## My Services

All New Releases
Online Member Center
ProfNet
Data Privacy

Do not sell or share my personal information:

- Submit via Privacy@cision.com
- Call Privacy toll-free: 877-297-8921

Terms of Use | Privacy Policy | Information Security Policy | Site Map | RSS |
Cookie Settings

# EXHIBIT E

Log In    Sign Up

# Levi & Korsinsky, LLP and Pomerantz LLP Announce Proposed Class Action Settlement on Behalf of Purchasers of Grab Holdings Limited and Altimeter Growth Corp. Securities

February 14, 2025 10:00 AM Eastern Standard Time

NEW YORK--(BUSINESS WIRE)--Levi & Korsinsky, LLP and Pomerantz LLP announce that the United States District Court for the Southern District of New York has approved the following announcement of a proposed class action settlement that would benefit purchasers of Grab Holdings Limited securities (NASDAQ: GRAB) or Altimeter Growth Corp. securities (formerly NASDAQ: AGC):

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED CLASS ACTION SETTLEMENT, FINAL APPROVAL HEARING, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**To:**    **All persons and entities who:**

**(i)**    **purchased or otherwise acquired public shares in Grab (including by way of exchange of Altimeter Growth Corp. ("AGC") shares) pursuant to or traceable to the proxy/registration statement that Grab filed with the SEC on Form F-4 on August 2, 2021, and that was thereafter amended on Forms F-4/A on September 13, 2021, October 18, 2021, November 12, 2021, November 17, 2021, and November 19, 2021, and incorporated into the final prospectus on Form 424(b)(3) filed on November 19, 2021, as amended (the "Proxy/Registration Statement");**

**(ii)**    **who exchanged AGC shares for Grab Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement; or**

**(iii)**    **purchased or otherwise acquired public Grab Class A Ordinary Shares or other public Grab or AGC securities between August 2, 2021 and March 3, 2022, both dates inclusive.**

Excluded from the Settlement Class are: (a) Defendants and their immediate families; (b) current and former directors or officers of Grab or AGC; and (c) claims relating to the purchase or acquisition of Grab shares subject to a Lock-Up Agreement referenced in the Proxy/Registration Statement. To avoid doubt, the Settlement Class definition is intended to encompass claims of public AGC shareholders who purchased or otherwise acquired public Grab Class A Ordinary Shares as well as claims relating to the approximately 20.97% of Grab Class A Ordinary Shares that were not subject to a Lock-Up Agreement and became freely transferable on December 2, 2021, but is not intended to encompass claims of the PIPE Investors in their capacity as such or claims related to Grab shares acquired through the exchange of Sponsor shares. Also excluded from the Settlement Class are all putative members of the Settlement Class who exclude themselves by filing a valid and timely request for exclusion.

YOU ARE HEREBY NOTIFIED, pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the District of Southern District of New York, that the Court-appointed Lead Plaintiffs, Si Fan, Amit Batra, and SLG Cloudbank Holdings, LLC ("Lead Plaintiffs"), on behalf of themselves and all members of the Settlement Class, and Brad Gerstner ("Gerstner"), Hab Siam ("Siam"), Richard N. Barton ("Barton"), Aishetu Fatima Dozie ("Dozie"), Dev Ittycheria ("Ittycheria"), Anthony Tan ("Tan"), Peter Oey ("Oey"), Tan Hooi Ling ("Ling"), John Rogers ("Rogers"), Dara Khosrowshahi ("Khosrowshahi"), Ng Shin Ein ("Ein"), Oliver Jay ("Jay"), and Grab Holdings Limited ("Grab" and, collectively, "Defendants") have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $80,000,000.00 (the "Settlement"). Lead Plaintiffs and Co-Lead Counsel estimate that if all affected Grab shares elect to participate in the Settlement, the average recovery per share could be approximately $0.1073, before deduction of any fees, expenses, costs, and awards as described in the Notice.

In exchange for the Settlement and the release of the Released Claims against the Released Defendant Parties, Defendants have agreed to create an $80,000,000 cash fund, which may accrue interest, to be distributed, after deduction of Court-awarded attorneys' fees and litigation expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), among all Settlement Class Members who submit valid Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund ("Authorized Claimants").

A hearing will be held before the Honorable Jennifer L. Rochon, on May 15, 2025, at 11:00 a.m., in Courtroom 20B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007 (the "Settlement Hearing") to, among other

be approved; and (iii) Co-Lead Counsel's application for attorneys' fees and expenses and Lead Plaintiffs' awards are r̶ and should be approved. This Notice describes important rights you may have and what steps you must take if you wish participate in the Settlement, object, or be excluded from the Settlement Class. The Court may change the date of the S Hearing, or hold it telephonically or via videoconference, without providing another notice. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.** A full Notice and Claim Form can be obtained by visiting the website of the Claims Administrator, www.GrabSecuritiesSettlement.com, or by contacting the Claims Administrator at:

Grab Securities Settlement
c/o A.B. Data, Ltd.
P.O. Box 173098
Milwaukee, WI 53217
Toll-free: 1-877-388-1754
Email: info@GrabSecuritiesSettlement.com

Inquiries, other than requests for the Notice/Claim Form or for information about the status of a claim, may also be made to Co-Lead Counsel:

| **LEVI & KORSINSKY, LLP** | **POMERANTZ LLP** |
|---|---|
| Shannon L. Hopkins | Brian P. O'Connell |
| Gregory M. Potrepka | 10 South La Salle Street, Suite 3505 |
| 1111 Summer Street, Suite 403 | Chicago, IL 60603 |
| Stamford, CT 06905 | 312-377-1181 |
| 203-992-4523 | boconnell@pomlaw.com |
| shopkins@zlk.com | |
| gpotrepka@zlk.com | |

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked, emailed, or submitted online no later than April 24, 2025, to the Claims Administrator at the address above.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must mail a written request for exclusion in accordance with the instructions set forth in the Notice such that it is *received no later than April 24, 2025, to the Claims Administrator.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Co-Lead Counsel's Fee and Expense Application, Lead Plaintiffs' request for an award, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Notice, such that they are *received no later than April 24, 2025*.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

DATED: JANUARY 13, 2025

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## Contacts

Shannon L. Hopkins
(203) 992-4523
shopkins@zlk.com

Brian P. O'Connell
(312) 377-1181

LEVI & KORSINSKY, LLP AND POMERANTZ LLP

NASDAQ:GRAB

Log In    Sign Up

**More from Business Wire**    Blog    UK/Ireland    Deutschland    France    Hong Kong    Italy    Japan    Tradeshownews.com

Contact Us    UK Tax Strategy    Privacy Statement    Manage Cookies    Terms of Use    © 2025 Business Wire

# EXHIBIT F

*In re Grab Holdings Ltd. Securities Litigation*, **No. 1:22-cv-02189-JLR**

| Exclusion # | Name | City, State |
|:---:|:---:|:---:|
| 1 | Jonathan D Sato | Campbell, CA |

# EXCLUSION 1

March 4, 2025

To: Grab Securities Settlement
EXCLUSIONS
c/o A.B. Data, Ltd.
PO Box 173001
Milwaukee, WI 53217

From: Jonathan D Sato



Subject: Request to be excluded from the Settlement Class in In re Grab Holdings Ltd. Securities Litigation, Case No: 1:22-cv-02189-JLR (S.D.N.Y.)

To Whom It May Concern:

I, Jonathan D Sato, at the above address and telephone number request to be excluded from the Settlement Class in In re Grab Holdings Ltd. Securities Litigation, Case No: 1:22-cv-02189-JLR (S.D.N.Y.) I purchased 100 shares of AGC stock at a price of $11.60/share on or about May 10, 2021, which were converted to Grab share during the effective class period. No shares were sold during the effective class period.

Sincerely,

Jonathan D Sato
Enclosure (1)



SP 01 047838 00862 H 89 ASNGLP
FPT CO CUST HSA
FBO JONATHAN D SATO

0100042123

**Transaction Confirmation**
**Confirm Date: May 10, 2021**

Page 1 of 4

Brokerage Account Number

**JONATHAN D SATO**

| | |
|---|---|
| Online | Fidelity.com |
| FAST(sm)-Automated Telephone | 800-544-5555 |
| Premium Services | 800-544-4442 |
| 8am - 11pm ET, Mon - Fri | |

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 21130-1D1BZM | 1* | WK# | 05-10-21 | 05-12-21 | G0370L108 | 21130-GGN7D | | |

| | | DESCRIPTION and DISCLOSURES | | |
|---|---|---|---|---|
| You Bought | | ALTIMETER GROWTH CORP COM USD0.0001 | Principal Amount | 1,160.00 |
| | 100 | CL A | Settlement Amount | 1,160.00 |
| at | 11.6000 | WE HAVE ACTED AS AGENT. | | |

Symbol:
AGC



Jonathan Sato



SAN JOSE CA 950

4 MAR 2025  PM 4  L

Grab Securities Settlement
EXCLUSIONS
c/o A.B. Data, Ltd.
PO Box 173001
Milwaukee, WI 53217

53217-801201