# Exhibit 4A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE GRAB HOLDINGS LIMITED
SECURITIES LITIGATION

Case No. 1:22-cv-02189-JLR

**DECLARATION OF SLG CLOUDBANK HOLDINGS, LLC IN SUPPORT OF (I) LEAD PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION, AND (II) CO-LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND AWARD TO PLAINTIFFS**

SHARON L. GINSBURG and MELISA C. STUTZ , declare as follows:

1.      I, Sharon L. Ginsburg, am a member, and acting representative for Court-appointed Co-Lead Plaintiff SLG Cloudbank Holdings, LLC ("SLG Cloudbank") in the above-captioned action (the "Action").[1] ECF No. 39. I respectfully submit this declaration in support of: (i) Lead Plaintiffs' Unopposed Motion for Final Approval of Settlement and Plan of Allocation; and (ii) Co-Lead Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Plaintiffs,  including the request of a reimbursement award in the amount of $15,000 to SLG Cloudbank for our representation of the Settlement Class in this Action.

2.      I, Melisa C. Stutz, am the Manager and a member of, and acting representative for Court-appointed Co-Lead Plaintiff SLG Cloudbank in the Action. ECF No. 39. I respectfully submit this declaration in support of: (i) Lead Plaintiffs' Unopposed Motion for Final Approval of Settlement and Plan of Allocation; and (ii) Co-Lead Counsel's Motion for Award of Attorneys' Fees, Reimbursement of Litigation Expenses, and Award to Plaintiffs, including the request of a reimbursement award in the amount of $15,000 to SLG Cloudbank for our representation of the Settlement Class in this Action.

3.      We are aware of and understand the responsibilities and requirements of a representative plaintiff in a securities class action, including those defined in the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4. We have personal knowledge of the facts set forth herein, and we have been directly involved in overseeing the prosecution of this Action and the negotiations leading to the Settlement. If called upon as witnesses, we could and

---

[1] All capitalized terms, unless otherwise defined herein, have the same meaning as set forth in the Stipulation and Agreement of Settlement dated December 30, 2024 (the "Stipulation"). ECF No. 140-1.

would testify competently to these matters.

## I.    CO-LEAD PLAINTIFFS' OVERSIGHT OF THE LITIGATION

4.    By Order dated June 7, 2022, the Court: (i) appointed SLG Cloudbank to serve as Co-Lead Plaintiff in this Action alongside Co-Lead Plaintiffs Si Fan and Amit Batra; and (ii) approved SLG Cloudbank's selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") to serve as Co-Lead Counsel with Pomerantz LLP ("Pomerantz"). ECF No. 39.

5.    In fulfillment of SLG Cloudbank's responsibilities as Co-Lead Plaintiff, we worked closely with Levi & Korsinsky throughout the litigation and resolution of this case.

6.    Throughout the litigation, we received status updates from Levi & Korsinsky on case proceedings and regularly communicated with our attorneys, Shannon L. Hopkins and Morgan M. Embleton, regarding the prosecution of the Action, the strengths of the claims and risks of continued litigation, and settlement negotiations.

7.    In carrying out our duties as Co-Lead Plaintiff, we spent approximately 150 hours performing all of the work we have done in this Action for the direct benefit of the Settlement Class. The various tasks we performed include, but are not limited to:

    a.  producing SLG Cloudbank's trading records to Levi & Korsinsky;

    b.  moving to be appointed Lead Plaintiff in this Action;

    c.  reviewing the original complaint and amended complaint filed on our behalf and the factual bases of the allegations set forth therein;

    d.  reviewing significant pleadings, motion papers, and orders filed in this Action;

    e.  participating in discussions with Levi & Korsinsky and each other regarding potential sources of discovery in preparation for responding to Defendants' requests for the production of documents and gathering documents to fulfill our

discovery obligations;

f.  engaging in multiple thorough searches for potentially responsive documents in response to Defendants' 31 separate requests for the production of documents, culminating in the collection of thousands of pages of documents and production of nearly 100 pages of documents concerning Grab and SLG Cloudbank;

g.  communicating regularly with Levi & Korsinsky and each other concerning the progress of this Action and monitoring the news of the case and of the Company;

h.  providing written responses and objections to Defendants' requests for the production of documents;

i.  consulting with Levi & Korsinsky and each other regarding settlement negotiations and providing authorization to settle the Action through mediation; and

j.  evaluating and approving the proposed Settlement.

Additionally, I, Sharon L. Ginsburg, prepared for and participated in the July 30, 2024 and the October 16, 2024 mediations.

8.  In short, we have done our best to strongly promote the interests of the Settlement Class and to obtain the largest possible recovery for the Settlement Class under the circumstances.

## II.    APPROVAL OF THE SETTLEMENT

9.  As detailed in the above paragraphs, through our active participation in this Action, we were well-informed of the status and progress of the litigation, as well as the status and progress of the settlement negotiations.

10.     Based on our involvement in the prosecution and resolution of the claims asserted in this Action, we believe that the proposed Settlement provides a fair, reasonable, and adequate recovery for the Settlement Class, expressly in light of the risks of continued litigation, and we fully endorse approval of the Settlement by the Court.

## III.    CO-LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

### A.    Attorneys' Fees and Expenses

11.     While we understand that the ultimate determination of Co-Lead Counsel's request for an award of attorneys' fees, expenses and for a Lead Plaintiff award rests with the Court, we believe Co-Lead Counsel's request for an award of attorneys' fees in the amount of 33⅓% plus interest of the Settlement Fund is fair and reasonable in light of the work Plaintiffs' Co-Lead Counsel performed on behalf of the Settlement Class.

12.     We evaluated Co-Lead Counsel's fee request by taking into consideration the quality and quantity of the work performed, the recovery obtained for the Settlement Class, and the risks borne by Co-Lead Counsel in prosecuting this Action on behalf of SLG Cloudbank, the other Co-Lead Plaintiffs, and the Settlement Class on a fully contingent basis, including the fronting of all expenses. We have authorized this fee request for the Court's ultimate determination.

13.     We further maintain that the litigation expenses for which Co-Lead Counsel has requested reimbursement are reasonable and represent expenses necessary for the prosecution and resolution of the claims asserted in this Action. Based upon the foregoing, and consistent with SLG Cloudbank's obligation to the Settlement Class to obtain the most favorable result at the most efficient cost, we support Co-Lead Counsel's Motion for Attorneys' Fees and Reimbursement of Expenses in full.

**B.**    **Request for Plaintiff Award**

14.    It is our understanding that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4). For this reason, concurrently with Co-Lead Counsel's request for reimbursement of expenses, we respectfully request a Plaintiff award directly relating to our representation of the Settlement Class in this Action.

15.    We respectfully request reimbursement in the amount of $15,000 for the time that SLG Cloudbank devoted to participating in this Action. We make this request based on the conservative estimate that we dedicated approximately 150 hours to the litigation-related actions described in ¶7, *supra*.

16.    I, Sharon L. Ginsburg, am the principal for two companies and a board member of a non-profit organization, and the time I dedicated toward representing the Settlement Class in this Action was time that I otherwise would have spent carrying out my responsibilities in those positions or on other activities, and thus, represented a cost to me.  It is my belief that the above request for reimbursement is fair and reasonable and that the time and effort I devoted to this Action was imperative to help achieve an excellent result for the Settlement Class under the circumstances.

17.    I, Melisa C. Stutz, am an asset manager for a private real estate investment firm, and the time I dedicated toward representing the Settlement Class in this Action was time that I otherwise would have spent carrying out my responsibilities in that position or on other activities, and thus, represented a cost to me. It is my belief that the above request for reimbursement is fair and reasonable and that the time and effort I devoted to this Action was imperative to help achieve an excellent result for the Settlement Class under the circumstances.

## IV.    CONCLUSION

18.    In conclusion, we strongly endorse the Settlement as fair, reasonable, and adequate. We appreciate the Court's attention to the facts presented in this declaration and respectfully request that the Court approve: (i) Lead Plaintiffs' Unopposed Motion for Final Approval of Settlement and Plan of Allocation; (ii) Co-Lead Counsel's Motion for Attorneys' Fees and Reimbursement of Expenses; and (iii) our request for a Plaintiff award for our time and effort prosecuting this Action on behalf of the Settlement Class.

We declare, under penalty of perjury, that the foregoing is true and correct.

Dated:  4/2/2025                        Dated:  4/7/2025
_____                _____

DocuSigned by:

*Sharon L. Ginsburg*
BE1E6507797946B...
Sharon L. Ginsburg

Signed by:

*Melisa C. Stutz*
AAA6533673FB4C3...
Melisa C. Stutz

6