# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE GRAB HOLDINGS LIMITED
SECURITIES LITIGATION

Case No. 1:22-cv-02189-JLR

**CLASS ACTION**

**[PROPOSED] FINAL ORDER AND JUDGMENT**

**THIS CAUSE** came before the Court on the Motion for Final Approval of Class Action Settlement. The Court having carefully reviewed the file, and being otherwise fully advised, ORDERS as follows:

WHEREAS:

A.      On December 30, 2024, Court-appointed Lead Plaintiffs Si Fan, Amit Batra, and SLG Cloudbank Holdings, LLC, ("Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class, and Brad Gerstner ("Gerstner"), Hab Siam ("Siam"), Richard N. Barton ("Barton"), Aishetu Fatima Dozie ("Dozie"), Dev Ittycheria ("Ittycheria"), Anthony Tan ("Tan"), Peter Oey ("Oey"), Tan Hooi Ling ("Ling"), John Rogers ("Rogers"), Dara Khosrowshahi ("Khosrowshahi"), Ng Shin Ein ("Ein"), Oliver Jay ("Jay"), and Grab Holdings Limited ("Grab" and, collectively, "Defendants" and together with Lead Plaintiffs, the "Parties"), entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Federal Rule of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged, or that could have been alleged, in the Amended Class Action Complaint for Violation of Federal Securities Laws ("Operative Complaint"), filed on August 22, 2022 (the "Settlement");

B.      Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered January 13, 2025 (the "Preliminary Approval Order"), the Court scheduled a hearing for May 15, 2025, at 11:00 a.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court; (ii) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties; (iii) to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiffs should be finally certified as class representatives for the Settlement Class; whether the law firms of Levi & Korsinsky, LLP and Pomerantz LLP should be finally appointed as Settlement Class Counsel for the Settlement Class; (iv) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court; (v) to consider Co-Lead Counsel's application for an award of attorneys' fees and expenses, and Lead Plaintiffs' request for awards); and (vi) to rule upon such other matters as the Court may deem appropriate;

C.      The Court approved the form and content of the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing and Motion for Attorneys' Fees and Expenses (the "Notice"), ECF No. 140-3, Ex. A-1; the Proof of Claim and Release (the "Claim Form"), ECF No. 140-4, Ex. A-2; the "Postcard Notice," ECF No. 140-5, Ex. A-3; and the Summary Notice of Pendency of Class Action, Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), ECF No. 140-6, Ex. A-4;

D.      The Court ordered the distribution of the Postcard Notice by e-mail (or first-class mail in those instances where no email address is available), directing Settlement Class Members to the Settlement website to access the Notice (which shall contain the general terms of the

Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Final Approval Hearing), and the Court ordered the publication of the Summary Notice (substantially in the manner and form set forth in ¶¶9-10 of the Preliminary Approval Order) met the requirements of Rule 23 of the Federal Rules of Civil Procedure, 15 U.S.C. § 77z-1(a)(7), and 15 U.S.C. § 78u-4(a)(7) and Local Rule 23.1, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

E.       The Court ordered that Co-Lead Counsel, through the Claims Administrator, shall supervise and administer the Notice procedure as well as the processing of claims, as set forth below:

(a)       Not later than fifteen (15) business days after the entry of Preliminary Approval Order (the "Notice Date"), the Claims Administrator shall cause the Postcard Notice, substantially in the form annexed hereto (ECF No. 140-5, Ex A-3) to be emailed with a link to the Notice and Claim Form (or sent by first-class mail where no e-mail address is available), to all Settlement Class Members who can be identified with reasonable effort, and shall cause the Notice and Proof of Claim, substantially in the forms attached to the preliminary approval papers (ECF No. 140-3-4, Exs. A-1, A-2), to be posted on the Settlement website at   www.GrabSecuritiesSettlement.com   from which copies of the documents can be downloaded;

b)       Not later than ten (10) calendar days after the Notice Date, the Claims Administrator shall cause a copy of the Summary Notice, substantially in the form annexed to the preliminary approval papers (ECF No. 140-6, Ex. A-4), to be transmitted over a minimum of two widely-circulated national wire services;

c)       At least seven (7) calendar days before the Settlement Hearing, Co-Lead Counsel shall cause to be served on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

F.      The Notice, the Summary Notice and the Postcard Notice advised potential Settlement Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by April 24, 2025;

G.      The provisions of the Preliminary Approval Order as to Notice were complied with;

H.      On April 10, 2025, Lead Plaintiffs moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on _____, 2025, at which time all interested Persons were afforded the opportunity to be heard; and

I.      This Court has duly considered Lead Plaintiffs' motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

**NOW, THEREFORE**, after due deliberation, **IT IS ORDERED, ADJUDGED AND DECREED** that:

1.      This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on December 30, 2024; and (ii) the Notice, which was filed with the Court contemporaneously (ECF Nos. 138, 140). Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.      The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Settlement

Class of all persons or entities who: (i) purchased or otherwise acquired public shares in Grab (including by way of exchange of Altimeter Growth Corp. ("AGC") shares) pursuant to or traceable to the proxy/registration statement that Grab filed with the SEC on Form F-4 on August 2, 2021, and that was thereafter amended on Forms F-4/A on September 13, 2021, October 18, 2021, November 12, 2021, November 17, 2021, and November 19, 2021, and incorporated into the final prospectus on Form 424(b)(3) filed on November 19, 2021, as amended (the "Proxy/Registration Statement"); (ii) who exchanged AGC shares for Grab Class A Ordinary Shares rather than redeeming the same pursuant to the Proxy/Registration Statement; or (iii) purchased or otherwise acquired public Grab Class A Ordinary Shares or other public Grab or AGC securities between August 2, 2021 and March 3, 2022, both dates inclusive. Excluded from the Settlement Class are: (a) Defendants and their immediate families; (b) current and former directors or officers of Grab or AGC; and (c) claims relating to the purchase or acquisition of Grab shares subject to a Lock-Up Agreement referenced in the Proxy/Registration Statement. To avoid doubt, the Settlement Class definition is intended to encompass claims of public AGC shareholders who purchased or otherwise acquired public Grab Class A Ordinary Shares as well as claims relating to the approximately 20.97% of Grab Class A Ordinary Shares that were not subject to a Lock-Up Agreement and became freely transferable on December 2, 2021, but is not intended to encompass claims of the PIPE Investors in their capacity as such or claims related to Grab shares acquired through the exchange of Sponsor shares. Also excluded from the Settlement Class is a putative member of the Settlement Class identified on Exhibit A hereto who excluded himself by filing a valid and timely request for exclusion.

4.      Pursuant to Federal Rule of Civil Procedure 23, and for the purposes of Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and

finally certifies Lead Plaintiffs Si Fan, Amit Batra, and SLG Cloudbank Holdings, LLC as Class Representatives for the Settlement Class; and finally appoints the law firms of Levi & Korsinsky, LLP and Pomerantz LLP as Settlement Class Counsel for the Settlement Class.

5.      The Court finds that the mailing and publication of the Notice, Postcard Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Co-Lead Counsel's request for an award of attorney's fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' right to object or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Federal Rule of Civil Procedure 23, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.      There have been no objections to the Settlement.

7.      Pursuant to Federal Rule of Civil Procedure 23(e)(2), this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (1) the Lead Plaintiffs and Co-Lead Counsel have adequately represented the Settlement Class; (2) the proposal was negotiated at arm's length and in good-faith; (3) the relief provided for the Settlement Class is

adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class; (iii) the terms of the proposed award of attorney's fees; and (iv) agreements identified pursuant to Federal Rule of Civil Procedure 23(e)(3); and (4) the proposal treats Settlement Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8.     The Operative Complaint, filed on August 22, 2022, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9.     The Court finds that during the course of the Action, Lead Plaintiffs and Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10.     Upon the Effective Date, each and every one of the Releasing Plaintiffs' Parties, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Releasing Plaintiffs' Parties' Claims against each and every one of the Released Defendants' Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Releasing Plaintiffs' Parties' Claims against any and all of the Released Defendants' Parties. In addition, by operation of the Judgment, as of the Effective Date, the Action shall be dismissed with prejudice.

11.     Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released,

discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiffs' Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiffs' Parties.

12.     Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

13.     This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

a)     do not constitute, and shall not be offered or received against or to the prejudice of any Defendant as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any Defendant or the Released Defendants' Parties with respect to the truth of any allegation by Lead Plaintiffs and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Releasing Plaintiffs' Parties' Claims;

b)     do not constitute, and shall not be offered or received against or to the prejudice of any Defendant as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Defendant or the Released Defendants' Parties, or against or to the prejudice of any of the Lead Plaintiffs or the Released Plaintiffs' Parties, or any other member of the Settlement

Class as evidence of any infirmity in the claims of Plaintiffs, or the other members of the Settlement Class;

c)     do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants, any of the Lead Plaintiffs, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Released Defendants' Parties, and of the Lead Plaintiffs or the Released Plaintiffs' Parties, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

d)     do not constitute, and shall not be construed against any of the Defendants, Released Defendants' Parties, Lead Plaintiffs or Released Plaintiffs' Parties, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

e)     do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14.     Notwithstanding the foregoing, any of the Parties may file or refer to this Judgment, the Stipulation, and/or any Proof of Claim: (i) to effectuate the liability protections granted hereunder, including without limitation to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements related thereto; or (iii) to enforce the terms of the Stipulation and/or this Judgment.

15.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18.    The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19.    The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members, and Settlement Class Counsel and the Settlement Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Stipulation.

20.    The Court awards fees to Settlement Class Counsel in the amount of _____% of the Settlement Amount, or $_____, and any interest accrued thereon, and reimbursement of expenses to Settlement Class Counsel in the amount of $_____, and any interest accrued thereon, all to be paid from the Settlement Fund. Settlement Class Counsel shall be solely responsible for allocating the attorneys' fees and expenses among themselves and any other additional plaintiff's counsel in the manner in which Settlement Class Counsel in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of

the Action. The Court also awards each of the three Lead Plaintiffs an award in the amount of $_____$, also to be paid from the Settlement Fund.

21. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for expenses or costs in relation to the distribution or administration of the Settlement Fund; (v) all Parties for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED this _____ day of _____, 2025

BY THE COURT:

_____

HONORABLE JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

*In re Grab Holdings Ltd. Securities Litigation*, **No. 1:22-cv-02189-JLR**

| Exclusion # | Name | City, State |
|---|---|---|
| 1 | Jonathan D Sato | Campbell, CA |

March 4, 2025

To: Grab Securities Settlement
EXCLUSIONS
c/o A.B. Data, Ltd.
PO Box 173001
Milwaukee, WI 53217

From: Jonathan D Sato



Subject: Request to be excluded from the Settlement Class in In re Grab Holdings Ltd. Securities Litigation, Case No: 1:22-cv-02189-JLR (S.D.N.Y.)

To Whom It May Concern:

I, Jonathan D Sato, at the above address and telephone number request to be excluded from the Settlement Class in In re Grab Holdings Ltd. Securities Litigation, Case No: 1:22-cv-02189-JLR (S.D.N.Y.) I purchased 100 shares of AGC stock at a price of $11.60/share on or about May 10, 2021, which were converted to Grab share during the effective class period. No shares were sold during the effective class period.

Sincerely,

Jonathan D Sato
Enclosure (1)



**Transaction Confirmation**
**Confirm Date: May 10, 2021**

Page 1 of 4

Brokerage Account Number

████████

**JONATHAN D SATO**

SP 01 047838 00862 H 89 ASNGLP
FPT CO CUST HSA
FBO JONATHAN D SATO
████████████████████

0100042123

| Online | Fidelity.com |
|---|---|
| FAST(sm)-Automated Telephone | 800-544-5555 |
| Premium Services | 800-544-4442 |
| 8am - 11pm ET, Mon - Fri | |

| REFERENCE NO. | TYPE | REG.REP. | TRADE DATE | SETTLEMENT DATE | CUSIP NO. | ORDER NO. | | |
|---|---|---|---|---|---|---|---|---|
| 21130-1D1BZM | 1* | WK# | 05-10-21 | 05-12-21 | G0370L108 | 21130-GGN7D | | |

| | | DESCRIPTION and DISCLOSURES | | |
|---|---|---|---|---|
| You Bought | | ALTIMETER GROWTH CORP COM USD0.0001 | Principal Amount | 1,160.00 |
| | 100 | CL A | Settlement Amount | 1,160.00 |
| at | 11.6000 | WE HAVE ACTED AS AGENT. | | |
| Symbol: | | | | |
| AGC | | | | |



Jonathan Sato

SAN JOSE CA 950

4 MAR 2025  PM 4  L

Grab Securities Settlement
EXCLUSIONS
c/o A.B. Data, Ltd.
PO Box 173001
Milwaukee, WI 53217

53217-801201