**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE GRAB HOLDINGS LIMITED SECURITIES LITIGATION | Case No. 1:22-cv-02189-JLR |

**[PROPOSED] CLASS DISTRIBUTION ORDER**

Having considered all materials and arguments submitted in support of Plaintiffs' Unopposed Motion for Class Distribution Order (the "Motion"), including the Memorandum of Law in Support of Plaintiffs' Unopposed Motion for Class Distribution Order and the Declaration of Rochelle J. Teichmiller in Support of Plaintiffs' Motion to Distribute the Net Settlement Fund (the "Teichmiller Declaration").

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     This Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated December 30, 2024 ("Stipulation"; ECF No. 138-1). All terms not otherwise defined shall have the same meaning as set forth in the Stipulation or the Teichmiller Declaration.

2.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.     As set forth in the Teichmiller Declaration, the administrative determinations of the Claims Administrator in accepting and rejecting claims are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claim Forms set forth in Exhibits E and F of the Teichmiller Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting those Claim Forms set forth in Exhibit G of the Teichmiller Declaration are approved.

4.      As set forth in the Teichmiller Declaration, no new Claim Forms or responses to deficiency and/or rejection letters received after January 15, 2026, may be included in the distribution.

5.      The Court authorizes payment of $41,007.50 from the Settlement Fund to the Claims Administrator for the balance of the fees and expenses to be incurred in connection with the Initial Distribution process, as described in the Teichmiller Declaration.

6.      The Distribution Plan for the Net Settlement Fund as set forth in the Teichmiller Declaration and accompanying exhibits is approved. Teichmiller Declaration ¶¶40, 42. The balance of the Net Settlement Fund shall be distributed to Authorized Claimants. To encourage Authorized Claimants to promptly deposit their payments, all distribution checks will bear a notation: "DEPOSIT PROMPTLY; VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS OF DISTRIBUTION." Authorized Claimants who fail to negotiate a distribution check within the time allotted or consistent with the terms outlined in the Teichmiller Declaration will irrevocably forfeit all recovery from the Settlement.

7.      After the Initial Distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund six (6) months after the Initial Distribution, if Co-Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a redistribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such redistribution, to Authorized Claimants who have cashed their Initial Distributions and who would receive at least $10.00 from such redistribution. After consulting with the Claims Administrator, Co-Lead Counsel may approve further distributions, provided each Authorized

Claimant to receive a second distribution has cashed their earlier check and would receive at least $10.00, if, after subtracting any extra settlement-administration costs, another round of payments remains cost-effective.

8.      Pursuant to Paragraph 7.6 of the Stipulation, if any funds remain thereafter in the Net Settlement Fund that cannot be feasibly redistributed, and after payment of outstanding Notice and Administration Expenses, Taxes, attorneys' fees and expenses and other awards approved by the Court, Co-Lead Counsel shall propose a non-sectarian, non-profit to the Court for a *cy pres* distribution.

9.      All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members and other Claimants, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund, Plaintiffs, Co-Lead Counsel, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Co-Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to them pursuant to the terms of this Class Distribution Order, provided that such released persons acted in accordance with the Stipulation, the Judgment, and this Order. *See Wilson v. LSB Indus., Inc.*, 2020 WL 5628039, at *2 (S.D.N.Y. Sept. 21, 2020); *In re Qudian Inc. Sec. Litig.*, 2022 WL 633863, at *2 (S.D.N.Y. Mar. 4, 2022); *Stein v. Eagle Bancorp, Inc.*, 2022 WL 4245185, at *2 (S.D.N.Y. Sept. 15, 2022).

10.     The Claims Administrator is authorized to destroy: (a) paper or hard copies of the Claim Forms and all supporting documentation one year after the final distribution of the Net Settlement Fund; and (b) electronic copies of the Claim Forms and all supporting documentation three years after all funds have been distributed.

**SO ORDERED** this _____ day of _____, 2026.

_____
THE HONORABLE JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE